

**WILMINGTON**
RODNEY SQUARE

**NEW YORK**
ROCKEFELLER CENTER

**Pilar G. Kraman**
302.576.3586
pkraman@ycst.com

**VIA CM/ECF & HAND DELIVERY**
The Honorable Jennifer L. Hall
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Unit 31
Wilmington, DE 19801

Re:   *Rockwell Automation, Inc. v. Parcorp S.r.l. d/b/a WiAutomation*, No. 21-1238-CFC

Dear Judge Hall:

This firm represents defendant Parcorp S.r.l. d/b/a WiAutomation ("WiAutomation") in the above referenced matter. We write pursuant to the Court's Oral Order (D.I. 31) regarding WiAutomation's objection to Rockwell Automation, Inc.'s ("Rockwell") proposed designee to receive WiAutomation's highly confidential information under the protective order. Rockwell's proposed designee is John Miller, Esq., Rockwell's Vice President and Chief Intellectual Property Counsel. WiAutomation objects to Mr. Miller because he is a competitive decisionmaker, and disclosure of WiAutomation's highly confidential documentation and materials to Mr. Miller presents a serious risk of inadvertent disclosure.

By way of background, WiAutomation is an Italian reseller of certain automation parts, including Rockwell products. Plaintiff alleges that WiAutomation markets and sells Rockwell products in violation of the Lanham Act, among other related causes of action. In response, WiAutomation denies any wrongdoing and denies ever selling alleged "counterfeit" or "used products." Moreover, WiAutomation asserts that it lawfully obtains any and all genuine Rockwell products for resale. Despite selling the same products, WiAutomation is a direct competitor of Rockwell and Rockwell's authorized dealers.

The parties have largely agreed to the form of protective order. See **Exhibit A**. The only remaining issue is the identification of "in house" counsel who may have access to documents and information designated as highly confidential information. At issue in this letter is WiAutomation's objection to Rockwell's designee, Mr. Miller. Rockwell will be making a similar contention regarding WiAutomation's designee, Avv. Mirko Palumbo, Esq., and WiAutomation will respond to that contention on March 21, 2022.

This Court has authority to restrict an individual's access to confidential information where there is "an unacceptable opportunity for inadvertent disclosure[.]" *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984). In particular, "where in-house counsel are involved in competitive decisionmaking, it may well be that a party seeking access should be forced to retain

Young Conaway Stargatt & Taylor, LLP
The Honorable Jennifer L. Hall
March 16, 2022
Page 2

outside counsel or be denied the access recognized as needed." *Id.* Competitive decisionmaking has been defined as a "shorthand for a counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product, design, etc.) made in light of similar or corresponding information about a competitor." *In re Deutsche Bank Trust Co. Ams.*, 605 F.3d 1373,1378 (Fed. Cir. 2010) (quoting *U.S. Steel Corp.*, 730 F.2d at 1468 n. 3 (alteration omitted)).

Critically, Rockwell provided very little detail concerning Mr. Miller's role at Rockwell so that WiAutomation could assess whether Mr. Miller is a competitive decisionmaker. See **Exhibit B**. When asked for more specifics in advance of the parties' meet and confer, no substantive information was provided, such as who Mr. Miller reports to or Mr. Miller's day-to-day activities. Rather, counsel provided:

> John Miller is VP and Chief IP Counsel for Plaintiff. He is responsible for supervising the company's IP litigation, patent and trademark prosecution and technology licensing. He is not involved in the competitive decision-making of the company, including no role in company decisions involving pricing, sales, or product design.

*Id.* at 1. Although Rockwell contends that Mr. Miller is not involved in "pricing, sales, or product design," such activities are by no means the only examples of the kinds of activity that may involve competitive decisionmaking. *In re Deutsche Bank*, 605 F.3d at 1378–79. Consequently, WiAutomation has received little information concerning who Mr. Miller is, except that he is both a Vice President at Rockwell and its Chief IP Counsel.

Left to search the Internet, counsel did find additional information bearing on Mr. Miller's role at Rockwell. In particular, in addition to being both VP and Chief IP Counsel, Mr. Miller is President of Rockwell Automation Technologies, LLC, a subsidiary of Rockwell. See **Exhibit C**. As such, Mr. Miller is not merely an ordinary "in-house" counsel, but wears many corporate hats at Rockwell that undoubtedly require him to make competitive decisions outside the scope of this litigation. And, inadvertent disclosure is a particular concern here because Mr. Miller will have access to WiAutomation's highly confidential information when the parties are direct distribution competitors.

Further, as "Chief IP Counsel," WiAutomation also has reason to believe that Mr. Miller is in charge of the entire Rockwell in-house IP department, and makes all final decisions regarding that category of business interests and product lines. In this role, Mr. Miller must have some degree of competitive decisionmaking responsibility, including pricing, product categories, product design, distribution, customer acquisitions and retention, and selection of competitors, like WiAutomation, to target for anti-competitive litigation so as to eliminate: (i) distribution and sales competition in the marketplace; (ii) additional legitimate sales channels in the marketplace for resale of Rockwell products; and (iii) "leakers" in Rockwell's distribution network of authorized distributors that sell Rockwell products to third-parties, who in turn resell original Rockwell products into the marketplace.

Young Conaway Stargatt & Taylor, LLP
The Honorable Jennifer L. Hall
March 16, 2022
Page 3

      WiAutomation strongly believes that Rockwell is pursuing this action against WiAutomation to determine WiAutomation's source of Rockwell products, in order to shut down legitimate resellers like WiAutomation and put them out of business. Importantly, WiAutomation protects its sources of product since it gives them an advantage over distribution competitors in the marketplace. Allowing Mr. Miller to have access to WiAutomation's most confidential information on this front presents serious risks of inadvertent disclosure of information that Rockwell may then use to target WiAutomation for improper litigation purposes by attempting to cut off or intimidate those suppliers. Mr. Miller could easily, inadvertently disclose WiAutomation's confidential information to one of his co-workers, superiors and/or subordinates (while wearing one of his many hats), who would all be very interested in ascertaining WiAutomation's sources of product and customer base. And, even if this Court determines that Mr. Miller does not directly participate in competitive decisionmaking, if Mr. Miller's contact with those who do creates the opportunity for inadvertent disclosure of confidential information, this Court may limit counsel's access to such information. *See Meridian Enterprises Corp. v. Bank of America Corp.*, No. 4:06CV01117 RWS, 2008 WL 474326, at *3 (E.D. Mo. Feb. 15, 2008) (limiting access to information where counsel was both a shareholder and member of the corporation's board of directors); *Norbrook Labs., Ltd. v. G.C. Hanford Mfg. Co.*, No. 5:03CV165(HGM/GLS), 2003 WL 1956214, at *5 (N.D.N.Y. April 24, 2003) (limiting access to information where counsel was also a corporate secretary and sat on the board of directors).

      Accordingly, WiAutomation respectfully requests that this Court prohibit Mr. Miller from receiving, reviewing and/or accessing any of WiAutomation's highly confidential information since he is a competitive decision maker.

      Respectfully submitted,

      Pilar G. Kraman (No. 5199)

cc: Counsel of record (via CM/ECF)
    Clerk of the Court (via Hand Delivery