# Exhibit B

**Alvarez, Eric**

| | |
|---|---|
| **From:** | Tanck, Paul <Paul.Tanck@alston.com> |
| **Sent:** | Thursday, March 3, 2022 1:35 PM |
| **To:** | Kraman, Pilar; 'Dominick Gattuso'; Alvarez, Eric; McLaughlin, Neal |
| **Cc:** | Kasolas, Bob; 'Rachel Marshall'; Choi, Nick |
| **Subject:** | [EXTERNAL] RE: WiAutomation Initial Disclosures |

Hi Pilar,

That time works for us. Please send a meeting invite with the dial information.

As we stated previously, John Miller is VP and Chief IP Counsel for Plaintiff. He is responsible for supervising the company's IP litigation, patent and trademark prosecution and technology licensing. He is not involved in the competitive decision-making of the company, including no role in company decisions involving pricing, sales, or product design.

With regards to authority barring foreign outside counsel under a protective order, the issue is regularly addressed at the International Trade Commission ("ITC"). The ITC, frequently deals with foreign attorneys and has repeatedly denied foreign counsel access to a party's confidential business information because they are not subject to the ITC's jurisdiction and control. *See In the Matter of Certain Sortation Sys., Parts Therefore, and Prods. Containing Same,* Inv. No. 337-TA-460, Orders No. 16 & 9, 2002 WL 266793 (Int'l Trade Comm'n Feb. 19, 2002); *In the Matter of Certain Flooring Prods.,* Inv. No. 337-TA-443, Order No. 9, 2001 WL 224539 (Int'l Trade Comm'n Mar. 6, 2001); *In the Matter of Certain Electric Power Tools, Battery Cartridges and Battery Chargers,* Inv. No. 337-TA-284, Order No. 24, 1988 WL 582963 (Int'l Trade Comm'n Dec. 12, 1988); *see also Red Bend Ltd. v. Google Inc.,* 09cv11813, Dkt. 38 (D. Mass 2009) (Transcript of Motion Hearing held on January 19, 2010, before Judge Woodlock granting access to confidential information to US in-house counsel and denying request to add foreign outside counsel to Protective Order on the basis that unlike the US in-house counsel, there was no way to enforce a violation of the protective order against a foreign Israeli lawyer, even if she had agreed to be bound by the protective order.")

Notably, even courts that have permitted a party's U.S. in-house counsel to view the opposing party's confidential information have recognized that "in-house counsel are officers of the court, are bound by the same Code of Professional Responsibility, and are subject to the same sanctions." *U.S. Steel,* 730 F.2d at 1468. As the ITC has held, there are no equivalent guarantees for foreign counsel. *E.g., In the Matter of Certain Sortation Sys., Parts Therefore, and Prods. Containing Same,* 2002 WL 266793.

Here, It is not clear whether or how the protective order could be enforced against a foreign national like Mr. Palumbo in Italy, who is not a party to the action, who has not (and cannot) appear as counsel in the action, who is not admitted to practice anywhere in the United States, and who is outside the personal jurisdiction of this (and every other) U.S. federal court. It is not clear (and no explanation has been provided) as to why Mr. Palumbo would require access to Plaintiff's highly confidential information. Moreover, we have not been provided with any information, despite our multiple requests, as to who Mr. Palumbo is and the extent of his relationship with Defendant. Defendant is amply represented by two sets of US counsel and it does not appear necessary for Mr. Palumbo, who is not licensed to practice US law and is not involved in litigating this case, to access Plaintiff's highly confidential information.

Finally, the *Everest* case that you provided is distinguishable. The footnote 2 states that the party challenging access to Canadian outside counsel never raised the foreign jurisdictional issue as a basis to deny access to confidential information and therefore the issue was never squarely before the Court. Moreover, the Court was provided with information regarding the extent of the relationship between Canadian counsel and its client, which was not provided

for Mr. Palumbo.  Without information about Mr. Palumbo we cannot assess the risk of or opportunity for inadvertent disclosure of confidential information.

By tomorrow, please provide the information we requested previously regarding Mr. Palumbo.

We look forward to speaking with you on Monday.

Best,

Paul

**From:** Kraman, Pilar <PKraman@ycst.com>
**Sent:** Wednesday, March 2, 2022 5:43 PM
**To:** 'Dominick Gattuso' <dgattuso@hegh.law>; Kraman, Pilar <PKraman@ycst.com>; Tanck, Paul <Paul.Tanck@alston.com>; 'Alvarez, Eric' <ealvarez@bracheichler.com>; McLaughlin, Neal <Neal.McLaughlin@alston.com>
**Cc:** 'Kasolas, Bob' <bkasolas@bracheichler.com>; 'Rachel Marshall' <RMarshall@hegh.law>; Choi, Nick <Nick.Choi@alston.com>
**Subject:** RE: WiAutomation Initial Disclosures

**EXTERNAL SENDER – Proceed with caution**

The relevant information has not been provided, but we can discuss that during the meet and confer.  We are available on Monday at 10 am ET.  If that works for you I will circulate a dial in.

Pilar

**Pilar G. Kraman**, **Partner**
(she/her/hers)
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
P:  302.576.3586
PKraman@ycst.com | www.youngconaway.com | vCard

**From:** Dominick Gattuso <dgattuso@hegh.law>
**Sent:** Wednesday, March 2, 2022 4:31 PM
**To:** Kraman, Pilar <PKraman@ycst.com>; 'Tanck, Paul' <Paul.Tanck@alston.com>; 'Alvarez, Eric' <ealvarez@bracheichler.com>; McLaughlin, Neal <Neal.McLaughlin@alston.com>
**Cc:** 'Kasolas, Bob' <bkasolas@bracheichler.com>; Rachel Marshall <RMarshall@hegh.law>; Choi, Nick <Nick.Choi@alston.com>
**Subject:** RE: WiAutomation Initial Disclosures

Pilar:

Rockwell will agree to an extension of the deadline to submit the protective order until Monday.  You may e-sign the stipulation on my behalf.  Paul provided the relevant information regarding Mr. Miller, Rockwell's in-house counsel, in his prior email.  As you know, protective orders entered in this jurisdiction frequently permit in-house

counsel who, like Mr. Miller, are not competitive decision makers to have access to highly confidential information produced in the litigation. To the extent your client objects, you are of course free to raise that objection via the Court's procedures for protective order disputes.

As for Mr. Palumbo, Paul generally identified Rockwell's concerns with his receiving access to Rockwell's highly confidential information. You are welcome to provide authority where this Court has permitted a foreign individual who is neither a party nor in-house counsel for a party with access to a party's highly confidential information over that party's objection. We are available to meet and confer tomorrow on this issue and will certainly consider any authority you provide. However, Rockwell presently intends to raise an objection with the Court on this issue.

Best,

Dominick



Dominick T. Gattuso

HEYMAN ENERIO GATTUSO & HIRZEL LLP

300 Delaware Ave., Suite 200
Wilmington, DE 19801
Office: (302) 472-7311
Mobile: (302) 559-6644
dgattuso@hegh.law

----------------------------------

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. HEYMAN ENERIO GATTUSO & HIRZEL LLP does not render tax or securities advice.

**From:** Kraman, Pilar <PKraman@ycst.com>
**Sent:** Wednesday, March 2, 2022 3:47 PM
**To:** Dominick Gattuso <dgattuso@hegh.law>; 'Tanck, Paul' <Paul.Tanck@alston.com>; 'Alvarez, Eric' <ealvarez@bracheichler.com>; McLaughlin, Neal <Neal.McLaughlin@alston.com>
**Cc:** 'Kasolas, Bob' <bkasolas@bracheichler.com>; Rachel Marshall <RMarshall@hegh.law>; Choi, Nick <Nick.Choi@alston.com>
**Subject:** RE: WiAutomation Initial Disclosures

Stipulation attached.

Thanks,

Pilar

**Pilar G. Kraman**, **Partner**

(she/her/hers)
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
P:  302.576.3586
PKraman@ycst.com | www.youngconaway.com | vCard

---

**From:** Kraman, Pilar <PKraman@ycst.com>
**Sent:** Wednesday, March 2, 2022 3:36 PM
**To:** 'Dominick Gattuso' <dgattuso@hegh.law>; 'Tanck, Paul' <Paul.Tanck@alston.com>; 'Alvarez, Eric' <ealvarez@bracheichler.com>; McLaughlin, Neal <Neal.McLaughlin@alston.com>
**Cc:** 'Kasolas, Bob' <bkasolas@bracheichler.com>; Rachel Marshall <RMarshall@hegh.law>; Choi, Nick <Nick.Choi@alston.com>
**Subject:** RE: WiAutomation Initial Disclosures

I may be missing something, but I am not aware of a meet and confer on the protective order.  For the meet and confer to be productive, it would be helpful for you all to provide more information regarding Rockwell's in-house designee (per my earlier email).  I would also be interested in authority you have for the proposition that a non-US attorney should be barred simply for that reason, particularly when he is agreeing to submit to this court's jurisdiction.

I will be in touch regarding the meet and confer when I know Bob's availability.  I think it makes sense to extend this deadline a few more days.  I will circulate a stipulation.

**Pilar G. Kraman**, **Partner**
(she/her/hers)
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
P:  302.576.3586
PKraman@ycst.com | www.youngconaway.com | vCard

---

**From:** Dominick Gattuso <dgattuso@hegh.law>
**Sent:** Wednesday, March 2, 2022 3:25 PM
**To:** Kraman, Pilar <PKraman@ycst.com>; 'Tanck, Paul' <Paul.Tanck@alston.com>; 'Alvarez, Eric' <ealvarez@bracheichler.com>; McLaughlin, Neal <Neal.McLaughlin@alston.com>
**Cc:** 'Kasolas, Bob' <bkasolas@bracheichler.com>; Rachel Marshall <RMarshall@hegh.law>; Choi, Nick <Nick.Choi@alston.com>
**Subject:** RE: WiAutomation Initial Disclosures

Pilar:

Given that the parties have already discussed these issues, we do not think another meet and confer is necessary or will likely be helpful. However, if WI requires additional time and/or believes a further meet and confer would be helpful, please circulate a stipulation extending the date to submit the proposed protective order until tomorrow and provide a time WI is available to meet and confer during the window Paul offered earlier.

Best,

Dominick

Dominick T. Gattuso

HEYMAN ENERIO GATTUSO & HIRZEL LLP

300 Delaware Ave., Suite 200
Wilmington, DE 19801
Office: (302) 472-7311
Mobile: (302) 559-6644
dgattuso@hegh.law

-----------------------------------

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.  HEYMAN ENERIO GATTUSO & HIRZEL LLP does not render tax or securities advice.

**From:** Kraman, Pilar <PKraman@ycst.com>
**Sent:** Wednesday, March 2, 2022 1:34 PM
**To:** 'Tanck, Paul' <Paul.Tanck@alston.com>; Dominick Gattuso <dgattuso@hegh.law>; 'Alvarez, Eric' <ealvarez@bracheichler.com>; McLaughlin, Neal <Neal.McLaughlin@alston.com>
**Cc:** 'Kasolas, Bob' <bkasolas@bracheichler.com>; Rachel Marshall <RMarshall@hegh.law>; Choi, Nick <Nick.Choi@alston.com>
**Subject:** RE: WiAutomation Initial Disclosures

Paul, I have not connected yet with Bob.  In any event, please provide your basis for opposing Mr. Palumbo.  Also, please provide information regarding the person you added for Rockwell, such that we can assess whether or not such person is a competitive decision maker (i.e., "counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor.").  Since you only provided that proposal today, I am not sure we can get back to you today.  Regardless, before any dispute can be requested, we need to have a verbal meet and confer per D. Del. LR 7.1.1.

Pilar

**Pilar G. Kraman**, **Partner**
(she/her/hers)
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
P:  302.576.3586
PKraman@ycst.com | www.youngconaway.com | vCard

**From:** Tanck, Paul <Paul.Tanck@alston.com>
**Sent:** Wednesday, March 2, 2022 11:12 AM
**To:** Kraman, Pilar <PKraman@ycst.com>; 'Dominick Gattuso' <dgattuso@hegh.law>; 'Alvarez, Eric'

5

<ealvarez@bracheichler.com>; McLaughlin, Neal <Neal.McLaughlin@alston.com>
**Cc:** 'Kasolas, Bob' <bkasolas@bracheichler.com>; Rachel Marshall <RMarshall@hegh.law>; Choi, Nick <Nick.Choi@alston.com>
**Subject:** RE: WiAutomation Initial Disclosures

Hi Pilar,

Following up on my message below, we are unwilling to grant access to Mr. Palumbo.

Attached please see a final redline. Please note that we have added one inhouse counsel who is not a competitive decision maker for plaintiff to be granted access to Highly Confidential information.

Please let us know if you agree to the changes.

If not, please let Dominick (cc'd) know a good time to call chambers this afternoon to schedule a protective order dispute hearing.

Thank you.

Best,

Paul

---

**From:** Tanck, Paul
**Sent:** Monday, February 28, 2022 7:38 PM
**To:** 'Kraman, Pilar' <PKraman@ycst.com>; 'Dominick Gattuso' <dgattuso@hegh.law>; 'Alvarez, Eric' <ealvarez@bracheichler.com>; McLaughlin, Neal <Neal.McLaughlin@alston.com>
**Cc:** 'Kasolas, Bob' <bkasolas@bracheichler.com>; Rachel Marshall <RMarshall@hegh.law>
**Subject:** RE: WiAutomation Initial Disclosures

Thanks again Pilar.

We may just have him added directly to the PO, but we will discuss that with the client.

Could you please provide us a little more background on Mr. Palumbo.

For example:

What law firm does he work for? Can you provide a link to the website or provide a CV of his background?
How long has he been with that firm?
Was he employed by Defendant or any other industrial equipment seller in the past or presently?
What is the nature of his relationship with Defendant? Is it strictly an outside counsel / client relationship or does Mr. Palumbo have other personal, familial, investment relationships with the Defendant?

Since he is not counsel that has made an appearance in Delaware and is presumably not licensed to practice law in the United States, we would like some more background on Mr. Palumbo before granting him access to Rockwell's highly confidential information.

Thank you again and if its easier to chat please let me know a good time to discuss.

Best,

Paul

**From:** Kraman, Pilar <PKraman@ycst.com>
**Sent:** Monday, February 28, 2022 7:08 PM
**To:** Tanck, Paul <Paul.Tanck@alston.com>; 'Dominick Gattuso' <dgattuso@hegh.law>; 'Alvarez, Eric' <ealvarez@bracheichler.com>; McLaughlin, Neal <Neal.McLaughlin@alston.com>
**Cc:** 'Kasolas, Bob' <bkasolas@bracheichler.com>; Rachel Marshall <RMarshall@hegh.law>
**Subject:** RE: WiAutomation Initial Disclosures

**EXTERNAL SENDER – Proceed with caution**

Hi Paul, the person we are referring to is Mirko Palumbo. My understanding is that you all are already familiar with him. We can name him specifically in the protective order if that is your preference (something along the lines of: "Outside Counsel" shall also include Mirko Palumbo, counsel for Defendant, who agrees to be bound by this Order by signing Exhibit A attached hereto.")

Pilar

**Pilar G. Kraman**, **Partner**
(she/her/hers)
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
P: 302.576.3586
PKraman@ycst.com | www.youngconaway.com | vCard

**From:** Tanck, Paul <Paul.Tanck@alston.com>
**Sent:** Saturday, February 26, 2022 8:48 AM
**To:** Kraman, Pilar <PKraman@ycst.com>; 'Dominick Gattuso' <dgattuso@hegh.law>; 'Alvarez, Eric' <ealvarez@bracheichler.com>; McLaughlin, Neal <Neal.McLaughlin@alston.com>
**Cc:** 'Kasolas, Bob' <bkasolas@bracheichler.com>; Rachel Marshall <RMarshall@hegh.law>
**Subject:** RE: WiAutomation Initial Disclosures

Thanks Pilar.

In order to evaluate this proposal, could you please provide the contact information for those individuals that would be given access to Rockwell's information and disclose their past and present relationship (business, familial, or personal) with Defendant, its officers, directors and employees?

Thanks again.

Best,

Paul

**From:** Kraman, Pilar <PKraman@ycst.com>
**Sent:** Saturday, February 26, 2022 8:39 AM
**To:** Tanck, Paul <Paul.Tanck@alston.com>; 'Dominick Gattuso' <dgattuso@hegh.law>; 'Alvarez, Eric' <ealvarez@bracheichler.com>; McLaughlin, Neal <Neal.McLaughlin@alston.com>

**Cc:** 'Kasolas, Bob' <bkasolas@bracheichler.com>; Rachel Marshall <RMarshall@hegh.law>
**Subject:** RE: WiAutomation Initial Disclosures

**EXTERNAL SENDER – Proceed with caution**

Hi Paul,

Likewise. I'd be happy to provide more info. WiAutomation has outside counsel in Italy who oversees this litigation for WiAutomation. In short, he is similarly situated as I am in Delaware, except he is Italian counsel. As we noted in the redline, he would execute the Acknowledgement and agree to submit to the jurisdiction of the Court. If you have any further questions, or would like to discuss, please let us know!

Pilar

**Pilar G. Kraman**, Partner
(she/her/hers)
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
P: 302.576.3586
PKraman@ycst.com | www.youngconaway.com | vCard

**From:** Tanck, Paul <Paul.Tanck@alston.com>
**Sent:** Friday, February 25, 2022 5:30 PM
**To:** Kraman, Pilar <PKraman@ycst.com>; 'Dominick Gattuso' <dgattuso@hegh.law>; 'Alvarez, Eric' <ealvarez@bracheichler.com>; McLaughlin, Neal <Neal.McLaughlin@alston.com>
**Cc:** 'Kasolas, Bob' <bkasolas@bracheichler.com>; Rachel Marshall <RMarshall@hegh.law>
**Subject:** RE: WiAutomation Initial Disclosures

Hi Pilar,

I hope all is well.

We are trying to understand the addition to the definition of Outside Counsel that was added below:

"Outside Counsel" shall also include an attorney for a Party who is not an employee of the Party and who agrees to be bound by this Order by signing Exhibit A attached hereto.

Would you be able to provide more color around the need for that provision?

Thanks!

**From:** Kraman, Pilar <PKraman@ycst.com>
**Sent:** Friday, February 25, 2022 5:04 PM
**To:** 'Dominick Gattuso' <dgattuso@hegh.law>; 'Alvarez, Eric' <ealvarez@bracheichler.com>; McLaughlin, Neal <Neal.McLaughlin@alston.com>
**Cc:** 'Kasolas, Bob' <bkasolas@bracheichler.com>; Tanck, Paul <Paul.Tanck@alston.com>; Rachel Marshall

<RMarshall@hegh.law>
**Subject:** RE: WiAutomation Initial Disclosures

**EXTERNAL SENDER – Proceed with caution**

The extension for submitting the protective order is fine.  You can sign the attached, as revised.  Also, considering that we only received the draft protective order from Rockwell less than 48 hours ago, the turnaround for our revisions was not unreasonable.  In order to give us ample to time to consider your next turn, we would appreciate your comments on the (mostly minor) revisions by Monday.

Thanks,

Pilar

**Pilar G. Kraman**, Partner
(she/her/hers)
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
P:  302.576.3586
PKraman@ycst.com | www.youngconaway.com | vCard

**From:** Dominick Gattuso <dgattuso@hegh.law>
**Sent:** Friday, February 25, 2022 4:54 PM
**To:** Kraman, Pilar <PKraman@ycst.com>; 'Alvarez, Eric' <ealvarez@bracheichler.com>; 'McLaughlin, Neal' <Neal.McLaughlin@alston.com>
**Cc:** 'Kasolas, Bob' <bkasolas@bracheichler.com>; Kraman, Pilar <PKraman@ycst.com>; 'Tanck, Paul' <Paul.Tanck@alston.com>; Rachel Marshall <RMarshall@hegh.law>
**Subject:** RE: WiAutomation Initial Disclosures

Pilar:

Given receipt of WI's revisions late Friday afternoon, Rockwell requires additional time to consider the revisions.  Thus, we propose to extend the date to file the proposed protective order to Wednesday March 2.  That will also afford the parties time to meet and confer in advance of the submission date.  A draft stipulation is attached.  Please confirm that I may e-sign on your behalf and file it.

Best,

Dominick



Dominick T. Gattuso
HEYMAN ENERIO GATTUSO & HIRZEL LLP
300 Delaware Ave., Suite 200
Wilmington, DE 19801

9

          Office: (302) 472-7311
          Mobile: (302) 559-6644
          dgattuso@hegh.law

----------------------------------

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. HEYMAN ENERIO GATTUSO & HIRZEL LLP does not render tax or securities advice.

**From:** Kraman, Pilar <PKraman@ycst.com>
**Sent:** Friday, February 25, 2022 3:18 PM
**To:** Dominick Gattuso <dgattuso@hegh.law>; 'Alvarez, Eric' <ealvarez@bracheichler.com>; 'McLaughlin, Neal' <Neal.McLaughlin@alston.com>
**Cc:** 'Kasolas, Bob' <bkasolas@bracheichler.com>; Pilar Gabrielle Kraman <pkraman@ycst.com>; 'Tanck, Paul' <Paul.Tanck@alston.com>
**Subject:** RE: WiAutomation Initial Disclosures

Dominick,

WiAutomation's edits are attached. You may sign for me and file this version, but please circulate the final version with signature blocks before filing.

Pilar

**Pilar G. Kraman**, **Partner**
(she/her/hers)
Young Conaway Stargatt & Taylor, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
P:  302.576.3586
PKraman@ycst.com | www.youngconaway.com | vCard

**From:** Dominick Gattuso <dgattuso@hegh.law>
**Sent:** Wednesday, February 23, 2022 6:09 PM
**To:** Alvarez, Eric <ealvarez@bracheichler.com>; McLaughlin, Neal <Neal.McLaughlin@alston.com>
**Cc:** Kasolas, Bob <bkasolas@bracheichler.com>; Kraman, Pilar <PKraman@ycst.com>; Tanck, Paul <Paul.Tanck@alston.com>
**Subject:** RE: WiAutomation Initial Disclosures

All:

A draft of the protective order is attached. Please provide your comments, if any.  To the extent we need to meet and confer, Rockwell is available tomorrow afternoon and Friday until 3:00 p.m. ET.

Regards,

Dominick

Dominick T. Gattuso
HEYMAN ENERIO GATTUSO & HIRZEL LLP
300 Delaware Ave., Suite 200
Wilmington, DE 19801
Office: (302) 472-7311
Mobile: (302) 559-6644
dgattuso@hegh.law

------------------------------------

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.  HEYMAN ENERIO GATTUSO & HIRZEL LLP does not render tax or securities advice.

**From:** Alvarez, Eric <ealvarez@bracheichler.com>
**Sent:** Friday, February 18, 2022 2:10 PM
**To:** McLaughlin, Neal <Neal.McLaughlin@alston.com>; Dominick Gattuso <dgattuso@hegh.law>
**Cc:** Kasolas, Bob <bkasolas@bracheichler.com>; Pilar Gabrielle Kraman <pkraman@ycst.com>
**Subject:** WiAutomation Initial Disclosures

Counsel,

Please see attached initial disclosures on behalf of WiAutomation.

Regards,

**Eric Alvarez, Esq.**
BRACH | EICHLER LLC
101 Eisenhower Parkway | Roseland, New Jersey 07068
Direct: 973-364-8330 | Firm: 973-228-5700 | Fax: 973-618-5574
| | | website
New York City | Roseland | Palm Beach

This email is from Brach Eichler LLC, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute this e-mail or any attachments. Instead, please notify the sender and delete this e-mail and any attachments.

-

NOTICE: This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.

11