**HEYMAN ENERIO GATTUSO & HIRZEL LLP**
PRACTICING THE ART OF LAW

300 Delaware Avenue • Suite 200 • Wilmington, Delaware 19801
Tel: (302) 472 7300 • Fax: (302) 472.7320 • WWW.HEGH.LAW

Tel: (302) 472-7311
dgattuso@hegh.law

March 16, 2022

**VIA CM-ECF & HAND DELIVERY**
The Honorable Jennifer L. Hall
United States Magistrate Judge
U.S. District Court for the District of Delaware
844 N. King Street - Unit 26, Room 6124
Wilmington, DE 19801

  Re: *Rockwell Automation, Inc. v. Parcorp S.R.L. d/b/a WI Automation*,
    C.A. No. 21-1238-CFC-JLH

Dear Judge Hall:

  Pursuant to the Court's March 11, 2022 Oral Order (D.I. 31), we write on behalf of Plaintiff Rockwell Automation, Inc. ("Rockwell" or "Plaintiff") regarding the parties' disputes over a draft proposed protective order, attached hereto as Exhibit 1.[1] ***First***, Rockwell does not agree to providing its highly confidential information to an individual identified by Defendant as its outside Italian business law counsel. ***Second***, Defendant does not agree to permitting Rockwell's U.S. Chief IP Counsel, who is supervising and overseeing this litigation for Rockwell, to review its highly confidential information.

  **Issue 1 (Rockwell's Issue):** Whether Defendant's outside Italian business law counsel, who is not involved in litigating this case, should receive access to Rockwell's highly confidential information under the protective order.

  By the agreed terms of the draft protective order, "Outside Counsel" access to a party's highly confidential information is restricted to the law firms that have formally appeared as counsel of record in this litigation. Defendant seeks to modify the definition of Outside Counsel to include an individual named Mirko Palumbo. Defendant's counsel has identified Mr. Palumbo as an Italian lawyer who was retained approximately one year ago by Defendant to provide Italian business law advice on topics such as contracts and employment issues, unrelated to this litigation.

  Rockwell opposes Defendant's proposed modification for several reasons.

  First, Defendant has not identified any compelling reason why Mr. Palumbo should be granted access to Rockwell's most sensitive and confidential information; nor has Defendant articulated any prejudice or harm that Defendant would suffer if Mr. Palumbo is refused access. Defendant's counsel has represented that Mr. Palumbo resides in Italy, is not licensed to practice law in the U.S., does not practice intellectual property law, and is not involved in the litigation of this case. Defendant's counsel has represented that Mr. Palumbo is not responsible for supervising, overseeing, or making strategic decisions regarding this litigation or its potential settlement. Defendant is represented by two U.S. law firms, one located in Delaware, the other located in New Jersey. Defendant's Delaware and New Jersey counsel are responsible for litigating this case and will have access to Plaintiff's highly confidential information under Plaintiff's proposed protective order. Defendant has never stated that it will be unable

---

[1] Rockwell's proposed additions to the Stipulated Protective Order are set forth and highlighted in paragraphs 16.i. and 18 of Ex. 1. Defendant's proposed addition to which Rockwell objects is set forth and highlighted in paragraph 1.i. of Ex. 1.

to effectively litigate or settle this case absent Mr. Palumbo's access to Rockwell's highly confidential information. Mr. Palumbo has no role or involvement in the actual litigation of this case. Defendant's counsel has represented that Mr. Palumbo is presently a sole practitioner in Italy who began working for Defendant one year ago to provide advice on Italian contract and employment law issues that have no connection to this case. The only website, Linkedin or other external information provided by Defendant regarding Mr. Palumbo is a Facebook page for an office space that Mr. Palumbo purportedly shares with other lawyers in Campania, Italy. *See* Exhibit 2 (Email from Defendant's counsel referencing the Facebook page located at www.facebook.com/Studio-Legale-Olimpico-1228468290511730). This Facebook page reports that Mr. Palumbo's office is open 15 hours per week.

Moreover, Defendant has repeatedly refused to answer basic questions about Mr. Palumbo's background and affiliations with Defendant. For example, Defendant has been asked repeatedly whether Mr. Palumbo (1) has been or is employed by Defendant or any other industrial equipment seller in the past or presently or (2) has other personal, familial, investment relationships with the Defendant. Defendant refuses to state whether Mr. Palumbo is affiliated with Defendant in any way other than as an outside counsel. The highly confidential information that Defendant seeks to supply Mr. Palumbo with includes competitive sales, pricing, margin, discount, business structure and customer information that, if improperly disclosed, would cause Rockwell a significant competitive harm.[2] Without knowing Mr. Palumbo's affiliations and involvement with Defendant, including whether he stands to gain from the outcome of this litigation and whether he assists in competitive decision making for Defendant, Rockwell cannot consent to providing Mr. Palumbo with its highly confidential information.

Second, even if Mr. Palumbo were to sign the Acknowledgement attached to the protective order and also agree to submit himself to the jurisdiction of this Court, there would essentially be no practical way to enforce sanctions for violation of the protective order against Mr. Palumbo, an Italian citizen. Mr. Palumbo is not admitted to practice law in any jurisdiction in the United States, has had a relationship with Defendant for only one year, and owns no assets in the United States that could be subject to attachment as a result of any contempt proceeding. *See* Exhibit 3, *Red Bend Ltd. v. Google Inc.*, C.A. No. 09-cv-11813, D.I. 38, Hearing Tr., at 16:4-19:15 (D. Mass January 19, 2010) (granting access to confidential information to U.S. in-house counsel and denying access to foreign outside counsel on the basis that unlike the U.S. in-house counsel, there was no clear way to enforce a violation of the protective order against them.).

The International Trade Commission frequently deals with similar situations involving foreign attorneys and has repeatedly denied foreign counsel access to a party's confidential business information ***because they are not subject to its jurisdiction and control***. *See In the Matter of Certain Sortation Sys., Parts Therefore, and Prods. Containing Same*, Inv. No. 337-TA-460, Orders No. 16 & 9, 2002 WL 266793 (Int'l Trade Comm'n Feb. 19, 2002) (restricting Dutch attorneys from accessing confidential business information, citing a lack of adequate and meaningful deterrents for a breach of confidentiality protections and noting the participation of other legal support authorized to receive the information); *In the Matter of Certain Flooring Prods.*, Inv. No. 337-TA-443, Order No. 9, 2001 WL 224539 (Int'l Trade Comm'n Mar. 6, 2001) (denying a request to allow foreign outside counsel access to confidential business information

---

[2] For example, an inadvertent (or deliberate) disclosure of Rockwell's highly confidential pricing and margin information between Rockwell and third-party Rockwell Authorized Distributors by Mr. Palumbo in Italy would present Defendant, or any other business or individual that competes or wants to compete with Rockwell's Authorized Distributors, with the ability to unfairly undercut the Authorized Distributors.

because, among other reasons, there was no precedent cited where foreign authorities imposed disciplinary measures following a violation of a confidentiality order in the United States); *In the Matter of Certain Electric Power Tools, Battery Cartridges and Battery Chargers*, Inv. No. 337-TA-284, Order No. 24, 1988 WL 582963 (Int'l Trade Comm'n Dec. 12, 1988) (Denying a request to provide foreign counsel with confidential information, noting a lack of "leverage over foreign counsel … in the enforcement of its protective orders" and that domestic counsel with access to the information were already participating in the investigation.).[3]

Defendant has not provided a single compelling reason why Mr. Palumbo should be granted access to Rockwell's highly confidential information, nor has Defendant articulated any prejudice or harm that it would suffer should Mr. Palumbo be refused access. On the other hand, the risk of inadvertent disclosure or improper use of Rockwell's highly confidential information, and resulting prejudice to Rockwell, is simply too high and without consequence for Mr. Palumbo. For these reasons, Rockwell requests that the Court refuse Mr. Palumbo access to Rockwell's highly confidential information at this time.[4] A proposed order granting this request is attached hereto as Exhibit 4.

Respectfully,

/s/ *Dominick T. Gattuso*

Dominick T. Gattuso (#3630)

cc: Clerk of Courts (via CM-ECF)
Counsel of Record (via CM-ECF and email)

---

[3] Defendant has raised *Evertz Microsystems Ltd. v. Lawo Inc.*, No. 19-302-MN-JLH, 2019 U.S. Dist. LEXIS 194335 (D. Del. Nov. 8, 2019) as an instance in which Canadian outside counsel was granted access to an adversary's confidential information. That case, however, is distinguishable. *Evertz* was a patent infringement case where the Canadian patent counsel at issue needed access to confidential information because they were critical to the prosecution of the litigation. Canadian counsel had represented plaintiff for **over twenty years** and was needed for its specialized expertise in the technology involved in the case. *Id*. at *1. Notably, the jurisdiction or practical ability of the court to enforce the protective order against Canadian counsel was not contested by the parties. *See, e.g., id.* at FN 2. Here, Mr. Palumbo has had only a brief, one year relationship with Defendant, is not involved in litigating this matter, and has no specialized expertise that would require his access to Rockwell's highly confidential information.

[4] Should Defendant at a later date articulate a need for Mr. Palumbo to review a particular item or category of Rockwell's highly confidential information, disclose Mr. Palumbo's affiliations and background, and identify a means by which the Court would be able to enforce the protective order against Mr. Palumbo, the parties can revisit Mr. Palumbo's access under the Protective Order at that time.