

**WILMINGTON**
RODNEY SQUARE

**NEW YORK**
ROCKEFELLER CENTER

Pilar G. Kraman
302.576.3586
pkraman@ycst.com

**VIA CM/ECF & HAND DELIVERY**
The Honorable Jennifer L. Hall
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Unit 31
Wilmington, DE 19801

   Re:   <u>Rockwell Automation, Inc. v. Parcorp S.r.l. d/b/a WiAutomation</u>, No. 21-1238-CFC

Dear Judge Hall:

      This firm represents defendant Parcorp S.r.l. d/b/a WiAutomation ("WiAutomation") in the above referenced matter. We write pursuant to the Court's Oral Order (D.I. 31) and in response to Rockwell Automation, Inc.'s ("Rockwell") March 16, 2022 letter objecting to WiAutomation's designee under the Protective Order, Avv. Mirko Palumbo, Esq.

      WiAutomation is an Italian entity. Its principals speak English to varying degrees but, due to the complexity of the various legal allegations and principles, WiAutomation maintains separate, Italian counsel to assist with the investigation and defense of this litigation. That Italian attorney is Mr. Palumbo, who has acted as outside counsel for WiAutomation for the past year. Mr. Palumbo has performed mainly corporate matters. Mr. Palumbo not only understands the law, but he also understands WiAutomation's business processes. That is particularly important here since WiAutomation does not have "in-house" counsel. Mr. Palumbo, however, is not a competitive decisionmaker in any capacity, and Rockwell does not seriously contend otherwise.

      Simply put, if Mr. Palumbo were denied access to Rockwell's highly confidential information, WiAutomation would be hamstrung in this litigation and effectively denied the right to counsel of its choosing. Rockwell is completely incorrect when it states that Mr. Palumbo "is not involved in the litigation of this case." (D.I. 33 at 1.) Mr. Palumbo, with the assistance of U.S. counsel, advises the client consistent with his knowledge and skill. Rockwell is further incorrect when it states that "Mr. Palumbo is not responsible for supervising, overseeing, or making strategic decisions regarding this litigation or potential settlement." (*Id.*) Mr. Palumbo does provide input and advice to WiAutomation regarding litigation and/or potential settlement. Mr. Palumbo must have the same level of access as WiAutomation's U.S. counsel because he is integral in providing U.S. counsel with legal feedback as to the nature of WiAutomation's business while at the same time being a uniquely skilled and trusted advisor to the client. Stated differently, U.S. counsel would not be able to effectively communicate with its client in such an efficient way without Mr. Palumbo, and would not be able to properly represent the client in this case.

Young Conaway Stargatt & Taylor, LLP
The Honorable Jennifer L. Hall
March 21, 2022
Page 2

Defendants also argue that WiAutomation has "refused to answer basic questions" about Mr. Palumbo (*id.* at 2), but that is simply not true. WiAutomation provided the information requested by Plaintiffs to the extent necessary to form an opinion as to whether Mr. Palumbo should be granted access to Rockwell's "highly confidential" information. Furthermore, Mr. Palumbo has agreed to be bound by the confidentiality order at issue. (*See Id.*, Ex. 2 at 1.)

Further, the case cited by Rockwell for the principle that Mr. Palumbo is somehow outside of this Court's jurisdiction, when he expressly agrees to be bound by it, is inapposite.[1] (D.I. 33 at 2 (citing *Red Bend Ltd. v. Google Inc.*, C.A. No. 09-cv-11813, D.I. 38, Hearing Tr., at 16:4-19:15 (D. Mass. Jan. 19, 2010).) First, this 2010 oral ruling from the District of Massachusetts does not have any binding effect on this Court. Second, and more importantly, even the decision itself states that the judge was "prepared to consider something on a parity kind of basis," but that he was satisfied that the court would have jurisdiction over such a foreign person. (D.I. 33, Ex. 3 at 19:5-15.)

Judges in this Court have also repeatedly concluded that it would have such authority over foreign attorneys. For example, in a case provided to Rockwell during the meet and confer process, *Evertz Microsystems v. Lawo Inc.*, a Canadian company sought to provide its outside Canadian counsel with access to highly confidential information. No. 19-302-MN-JLH, 2019 WL 5864173, at *1, 4 (D. Del. Nov. 8, 2019). Your Honor noted that a party has a strong interest in choosing its counsel. *Id.* at *2 (citing *British Telecomms. PLC v. IAC/InterActiveCorp.*, 330 F.R.D. 387, 390 (D. Del. 2019)). And, counsel's status as Canadian attorneys was of no concern in light of counsel's agreement to be bound by the protective order, agreement to submit to the jurisdiction of this Court to enforce compliance, and in light of Delaware Rule of Professional Conduct 5.5 that permits a foreign lawyer to provide legal services in this jurisdiction on a temporary basis. *Id.* at n.2.

Similarly, in *Onyx Therapeutics, Inc v. Cipla Limited, et al.*, following the same reasoning as Your Honor in *Evertz*, Judge Stark denied the plaintiff's proposed protective order language, "which would impose a blanket prohibition on all foreign in-house counsel from having access to any confidential information produced by Plaintiff." No. 16-988, Oral Order (D. Del. Jul. 17, 2017) (Ex. A). Instead, the court adopted the defendants' proposal which permitted "a foreign in-house lawyer . . . to review Plaintiff's confidential information, provided that such counsel first agree to be bound by the Delaware Lawyers' Rules of Professional Conduct, submit to the jurisdiction of this Court for enforcement of the protective order, and declare that she is not involved in competitive decisionmaking."

Likewise, in *iCeutica Pty Ltd. v. Lupin Limited*, the defendant sought to provide highly confidential information to its corporate representative in India. No. 14-1515-SLR-SRF, Transcript (D. Del. June 15, 2015) (Ex. B). The plaintiffs sought to include a provision in the protective order that would prohibit this disclosure in part because plaintiffs were worried about

---

[1] The ITC opinions relied upon by Rockwell, all of which over twenty years old, are not binding on this Court and provide no guidance on the issues at hand in this litigation.

Young Conaway Stargatt & Taylor, LLP
The Honorable Jennifer L. Hall
March 21, 2022
Page 3

their information being received outside the United States. During the hearing on the dispute, Judge Fallon explained that the primary consideration is whether the in-house representative is a competitive decisionmaker. Tr. 40:18–24. She then ruled that defendants' in-house representative located in India could have access to the highly confidential material subject to the condition that the representative would "subject herself to this Court's jurisdiction" and "that she agree to all of the confidential obligations that she is required to adhere to if she is going to have access to that information." Tr. 42:2–9. And, like Your Honor and Judge Stark, provided that counsel agreed "to be bound by Delaware lawyers rules of professional conduct and [agree] to submit to the jurisdiction of the Court's enforcement of the protective order." *Id.* at 42:16–19.

      The same result is warranted here. Mr. Palumbo is not a competitive decisionmaker. He has agreed to be bound by the Protective Order, submit himself to the jurisdiction of this Court, and will perform whatever prerequisites the Court may require in order to be able to assist in this litigation by having access to information in this case to the same extent as WiAutomation's U.S. counsel. And, as detailed above, Mr. Palumbo's involvement will greatly aid WiAutomation's U.S. counsel in litigating this case. Accordingly, WiAutomation respectfully requests that the Court deny Rockwell's motion to prohibit Mr. Palumbo from receiving, reviewing, and/or accessing Rockwell's highly confidential information.

Respectfully submitted,

*/s/ Pilar G. Kraman*

Pilar G. Kraman (No. 5199)

cc: Counsel of record (via CM/ECF)
     Clerk of the Court (via Hand Delivery