# **Exhibit A**

ORAL ORDER: Having reviewed the parties' letters relating to a disputed provision in the proposed protective order (D.I. 62, 63, 65), IT IS HEREBY ORDERED that the protective order the Court will sign SHALL NOT include Plaintiff's proposed language for paragraph 40(b), which would impose a blanket prohibition on all foreign in-house counsel from having access to any confidential information produced by Plaintiff. Defendants' alternative proposal - by which a foreign in-house lawyer may be permitted to review Plaintiff's confidential information, provided that such counsel first agree to be bound by the Delaware Lawyers' Rules of Professional Conduct, submit to the jurisdiction of this Court for enforcement of the protective order, and declare that she is not involved in competitive decisionmaking - is more reasonable than Plaintiff's proposal. Plaintiff has failed to meet its burden to show that its proposed provision, which would apply even to non-competitive decisionmakers, is warranted. Even though the parties are competitors, the risk of misuse of Plaintiff's confidential information (inadvertent or otherwise) does not outweigh the interests of Defendants that are implicated here. Additionally, as Defendants correctly observe, the Court has jurisdiction over Defendants, and can impose any appropriate sanctions directly on Defendants, should circumstances develop justifying such relief. (See D.I. 62 at 3) ("Further, each Defendant is subject to the jurisdiction of the Court, providing an additional avenue for enforcement of the Protective Order.") The parties SHALL submit a version of the proposed protective order consistent with this Order for the Court to sign. The teleconference scheduled for July 19 is CANCELLED. ORDERED by Judge Leonard P. Stark on 7/17/17. (ntl) (Entered: 07/17/2017)

As of July 17, 2017, PACER did not contain a publicly available document associated with this docket entry. The text of the docket entry is shown above.

*Onyx Therapeutics, Inc. v. Cipla Limited et al*
1-16-cv-00988 (DED), 7/17/2017, docket entry 67