# **Exhibit B**

Case 1:21-cv-01338-GBW-JLH   Document 84-2   Filed 03/31/22   Page 2 of 8 PageID #:
320
Case 1:16-cv-00988-LPS   Document 62   Filed 07/10/17   Page 49 of 448 PageID #: 709
1

```
 1              IN THE UNITED STATES DISTRICT COURT

 2                 FOR THE DISTRICT OF DELAWARE

 3    ICEUTICA PTY LTD., et al.,:
                               : No. 14-1515-SLR-SRF
 4              Plaintiffs,    :
                               :
 5                             :
      v.                       :
 6                             :
      LUPIN LIMITED, et al.,   :
 7                             :
                Defendants.    :
 8

 9                   Monday, June 15, 2015
                     10:00 a.m.
10
                     Discovery Review Hearing
11                   Courtroom of Judge Sherry R. Fallon

12                   844 King Street
                     Wilmington, Delaware
13

14       BEFORE:   THE HONORABLE Sherry R. Fallon,
                    United States District Court Magistrate
15

16       APPEARANCES:

17
                     FISH & RICHARDSON, P.C.
18                   BY:  ELIZABETH FLANAGAN, ESQ.
                     BY:  CHAD SHEAR, ESQ.
19
                        On behalf of Plaintiffs
20

21

22

23

24
```

```
1        APPEARANCES CONTINUED:

2                    PHILLIPS, GOLDMAN & SPENCE, P.A.
                     BY:  DAVID BILSON, ESQ.
3
                                -and-
4
                     KNOBBE MARTENS OLSEN & BEAR LLP
5                    BY:  CHRISTY LEA, ESQ.
                     BY:  WILLIAM ZIMMERMAN, ESQ.
6
                          On behalf of Defendants
7

8

9

10

11

12

13

14

15

16   ALSO PRESENT:

17
             Martha Manning, Moji James and Stuart Moran,
18           iCeutica Pty, Ltd. and Iroko representatives

19           Mini Bhatt, Lupin Limited representative

20

21

22

23

24
```

Hawkins Reporting Service
715 North King Street - Wilmington, Delaware 19801
(302) 658-6697  FAX (302) 658-8418

Case 1:21-cv-01338-GBW-JLH   Document 84-2   Filed 03/31/22   Page 4 of 8 PageID #:
322
Case 1:16-cv-00988-LPS-JLH   Document 62-1   Filed 07/10/17   Page 87 of 448 PageID #:
39

```
 1        importantly, the exact kind of thing that

 2        counsel just was talking about with respect to

 3        the types of materials they want to share with

 4        Ms. Naidu is exactly the kind of thing that I

 5        said at the outset, the kind of thing that we

 6        would be willing to agree to on a case-by-case

 7        basis, which is what Condition No. 5 is really

 8        aimed at.

 9                    I don't think at the end of the

10        day that we will have a concern with Ms. Naidu

11        reading our infringement contentions, validity

12        contentions, the kinds of things she really

13        needs to review to work with counsel.  And

14        notably, we don't have a problem with counsel

15        talking about all of these things.  So --

16                    THE COURT:  But isn't that an

17        intrusion on counsel's ability to conduct the

18        litigation if they basically have to check in

19        with you, the opposing side, every time they

20        want to have a communication with the client

21        representative about a confidential document?

22        Would you want them knowing every time you're

23        having an inhouse conference with your inhouse

24        people?
```

```
 1                    MR. SHEAR:  Of course, we agree

 2      with that.  But with respect, I don't think

 3      that's what we are trying to achieve.  I don't

 4      think that we're trying to achieve a situation

 5      where Ms. Lea isn't free to discuss with her

 6      client anything she wants to discuss.  She of

 7      course is.  It's the providing of our materials

 8      outside of the U.S. that causes us concern, and

 9      it's just really that in a nutshell.

10                    THE COURT:  Anything further on

11      this point?

12                    MR. SHEAR:  No, Your Honor.  Do

13      you want me to move to the IPR?

14                    THE COURT:  I tend to rule on

15      these issues one at a time.  So having heard the

16      arguments of counsel and having reviewed the

17      authorities that give some guidance on this

18      point, a primary consideration and this is from

19      the U.S. Steel Corp. case, a primary

20      consideration whether to permit inhouse legal

21      representatives to have access to opposing

22      party's confidential information is whether that

23      representative is involved in competitive

24      decision-making, and that involves a degree into
```

```
 1      the factual circumstances surrounding each

 2      individual counsel's activities, association,

 3      relationship with a party which must govern any

 4      concern for inadvertent or accidental

 5      disclosure.

 6              And I can understand Plaintiffs'

 7      concerns that once inadvertent or accidental

 8      disclosure gets out of the box, so to speak,

 9      it's hard to stuff it back into that box or

10      cower the horse back into the barn, to use

11      counsel's analogy.  I do understand the concerns

12      about not having that occurrence happen.  On the

13      other hand, in terms of something this

14      restrictive, the Plaintiff does really bear the

15      burden of having these restrictions set in a

16      protective order.

17              And I think the seven conditions

18      that I've read in Exhibit B to the submission of

19      Plaintiffs are overly restrictive in a sense in

20      which they would impede Defense counsel's

21      ability to litigate the case and go forward with

22      their litigation strategy and have conversations

23      with a corporate representative in a fashion and

24      in a way that they would be meaningful to
```

1    preparing the defense.

2              So with that, I am going to allow

3    Ms. Naidu to have access pursuant to the

4    protective order.  I will include the condition

5    that she subject herself to this Court's

6    jurisdiction, that she agree to all of the

7    confidential obligations that she is required to

8    adhere to if she is going to have access to that

9    information.

10             I will also include, if not

11   already included by the formal representations,

12   that she will sign onto to protect confidential

13   information, just to make it clear, that she is

14   bound by Conditions 1 and 2 of the Plaintiffs'

15   proposals in Exhibit B of that submission.  And

16   that is, that she agree to be bound by Delaware

17   lawyers rules of professional conduct and that

18   she agrees to submit to the jurisdiction of the

19   Court's enforcement of the protective order.

20             So having said that, if there is a

21   concern somewhere down the line during the

22   course of the litigation that an inadvertent

23   disclosure is more likely than not to happen

24   because of the discovery exchanges or if there

Case 1:21-cv-01338-GBW-JLH   Document 84-2   Filed 03/31/22   Page 8 of 8 PageID #: 326
Case 1:16-cv-00988-LPS-JLH   Document 62-1   Filed 07/10/17   Page 91 of 148 PageID #: 751

43

```
 1        is a particular document or collection of

 2        documents or collection of materials in

 3        discovery that Plaintiffs have particular

 4        concerns about leaving the country, the Court is

 5        certainly open to hearing any discrete and

 6        specific instances so that I can weigh in as

 7        necessary or as appropriate before the odds are

 8        stacked that make it more likely than not that

 9        an inadvertent or unexpected disclosure of

10        information will occur.

11              But I think that we live in a

12        global world.  We have litigation of two parties

13        that have connections outside of the United

14        States, and there is a need on both sides to

15        have information go out of the United States.

16        But nonetheless, there are very distinct and

17        specific concerns about keeping such information

18        confidential.  And I think and expect that the

19        parties will see that as paramount, that

20        information designated confidential stay

21        confidential and that the risks are minimized to

22        avoid any inadvertent disclosures whatsoever.

23                Like I said, if there are

24        particular concerns that come up during the
```