HEYMAN ENERIO
GATTUSO & HIRZEL
LLP
PRACTICING THE ART OF LAW

Tel: (302) 472-7311
dgattuso@hegh.law

April 20, 2022

**VIA CM-ECF & HAND DELIVERY**
The Honorable Jennifer L. Hall
United States Magistrate Judge
U.S. District Court for the District of Delaware
844 N. King Street - Unit 26, Room 6124
Wilmington, DE 19801

      Re:   *Rockwell Automation, Inc. v. Parcorp S.R.L. d/b/a WI Automation*,
              C.A. No. 21-1238-CFC-JLH

Dear Judge Hall:

      Pursuant to the Court's April 14, 2022 Oral Order (D.I. 45), we write on behalf of Plaintiff Rockwell Automation, Inc. ("Rockwell" or "Plaintiff") regarding a dispute over Defendant's refusal to engage in discovery and provide answers to interrogatories seeking information that the Court has already observed is central to this case.

      In particular, Defendant has refused to provide fulsome, and in many cases any, responses to Rockwell's interrogatories requesting information related to:

      o  Defendant's sources of Accused Products (ROGs 2, 9 and 14);

      o  Defendant's purchases and sales of the Accused Products (ROGs 2, 3, 5 and 7);

      o  Defendant's inventory of the Accused Products (ROG 8); and

      o  Defendant's gross revenue, costs, expenses and profits (ROGs 6 and 7).

      As previously discussed with the Court on March 30, 2022, this information is central to Rockwell's gray market trademark infringement and other claims, Defendant's asserted affirmative defenses, as well as remedy calculations. *See, e.g.*, Mar. 30, 2022 Tr. (copy attached as Exhibit C) at 19, lines 4-16. Defendant has no reasonable justification for withholding this information and its obstinance can only be viewed as a thinly veiled attempt at delaying discovery in a case that has been pending for nearly eight months.

**<u>Defendant's Objections are Untimely and Waived</u>**

      Rockwell served its interrogatories on February 11, 2022. On April 1, 2022, <u>19 days after the deadline</u> to respond to the interrogatories prescribed by Fed. R. Civ. P. 33(b)(2), Defendant served the "Response" attached hereto as Exhibit A. Defendant did not preemptively move the Court for an extension of the 30-day deadline set by Fed. R. Civ. P. 33(b)(2) and has not moved for any retroactive relief either. Pursuant to Fed. R. Civ. P. 33(b)(4), any objections to Rockwell's interrogatories that Defendant may have wished to assert are waived. *SWIMC, Inc. v. Hy-Tech Thermal Sols., LLC*, No. 08-084-SLR, 2009 U.S. Dist. LEXIS 53528, at *9 (D. Del. June 24, 2009) ("Any objection to an interrogatory request not stated in a timely fashion (within 30 days of the discovery request) is waived, unless the court, for good cause, excuses the failure.").

### Defendant's Motion for Judgment on the Pleadings Has No Bearing on Discovery

On April 12, 2022, Defendant filed a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). D.I. 42.   Although Defendant did so without waiting to receive Rockwell's pending responses to Defendant's April 5, 2022 discovery requests, Defendant has not moved to stay discovery in this case, nor would a stay be warranted.   Instead, as mentioned, Defendant issued 63 requests for production and 25 interrogatories of their own to Rockwell, which Rockwell is in the process of responding to and will do so in a timely manner.

Defendant has indicated that its unilateral refusal to provide discovery responses is premised on a mistaken belief that this litigation is a "fishing expedition."   Nothing could be further from the truth.   As will be discussed in more detail in Rockwell's forthcoming opposition to Defendant's motion for judgment on the pleadings, Rockwell's Complaint sets forth allegations that fully support Rockwell's claims and the relief it seeks.   The allegations in the Complaint are not conclusory and are supported by evidence of Defendant's wrongdoing in Rockwell's possession dated from prior to the filing of Complaint all the way to evidence of infringing software and a counterfeit product bearing Rockwell's Asserted Trademarks being shipped by Defendant to a customer in the United States just weeks ago.

Discovery should continue while Defendant's motion for judgment on the pleadings is briefed and the Court takes it under consideration, even if a denial of Defendant's motion will be swiftly rendered. Indeed, Defendant's conduct in delaying its discovery responses, failing to respond fully and moving to dismiss belie its concern that discovery will lead to its undoing.   As laid out in the Complaint, every day that Defendant is allowed to continue its wrongdoing is another day that Rockwell is harmed, customers are confused, and the public's safety is put at risk.

### The Requested Information is Highly Relevant

Defendant does not appear to earnestly contest the relevance of the information sought, only that Rockwell should not be permitted to seek it.   As discussed above, however, such objections are waived and unjustified.   The information sought by the interrogatories at issue is core to Rockwell's claims and was discussed with the Court on March 30, 2022 in the context of ensuring that the Protective Order to be entered in this case allows such information to be shared with Rockwell.   Further examples of the requested information's relevance are discussed below.

o   ***Defendant's sources of Accused Products (ROGs 2, 9 and 14)***

As noted in Rockwell's letter brief filed at D.I. 35, the sources of Defendant's products are at the heart of this dispute and are directly implicated by many of Defendant's Affirmative Defenses.   *See also Hyundai Motor Am., Inc. v. Pinnacle Grp., Ltd. Liab. Co.*, No. SACV 14-00576-CJC(JPRx), 2016 U.S. Dist. LEXIS 184776 at *6, 8, 13 (C.D. Cal. Jan. 6, 2016) (noting that the identity of the supplier of defendant's gray market goods is "at the heart of the matter," "clearly relevant to the claims and defenses" and "necessary to the proper presentation of a claim or defense").   As discussed above and at the March 30, 2022 conference, this information is, in many ways, "the case." Tr. at 19, lines 12-13.

o   ***Defendant's purchases and sales of the Accused Products (ROGs 2, 3, 5 and 7)***

Similar to the identity of Defendant's sources of the Accused Products, the details of Defendant's purchases and sales are also core to Rockwell's claims as well as to its damages and other remedies.   For

The Honorable Jennifer L. Hall
April 20, 2022
Page | 3

example, information regarding Defendant's sourcing is directly relevant to it's invocation of the "first sale" defense, as well as to a calculation of Defendant's profits and Rockwell's lost profits, which are recoverable under Rockwell's Lanham Act and other claims.   Information regarding Defendant's sales and customers are also relevant to a calculation of Defendant's unjust profits as well as to Defendant's affirmative defenses that its customers are not confused by its activities and that the products it sold are not "materially different." *See, e.g.*, D.I. 18 at Affirmative Defenses 17 and 26.

   o   ***Defendant's inventory of the Accused Products (ROG 8)***

   In its response to Rockwell's Interrogatory No. 8, Defendant admitted that it maintained an inventory of the Accused Products, yet refused to provide any of the information sought by the interrogatory.   Details of Defendant's inventory as well as the circumstances of its storage are directly relevant to calculations of Defendant's unjust profits as well as to Defendant's asserted defense that its products are not "materially different." *See, e.g.*, D.I. 18 at Affirmative Defense 26.   Rockwell's Complaint details the ways in which improper inventory storage conditions may manifest in a material difference in the products at issue, which include products that have sensitive electronic components and circuitry. *See, e.g.*, D.I. 1 at ¶¶90-115.

   o   ***Defendant's gross revenue, costs, expenses and profits (ROGs 6 and 7)***

   The information sought by Interrogatory Nos. 6 and 7 relating to Defendant's revenue, costs and expenses is directly relevant to a computation of the damages, profits and other remedies Rockwell is entitled to seek for its Lanham Act, unjust enrichment, and other claims.   For example, the Lanham Act explicitly provides that a trademark owner is entitled to recover, *inter alia*, "defendant's profits" and that "plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed." 15 U.S.C. § 1117(a).   Rockwell has made clear in its Complaint and in its Initial Disclosures that it is seeking "<u>all</u> profits received by WI Automation from the sales and revenues <u>of any kind</u> made as a result of WI Automation's sales of Unauthorized Rockwell Products." D.I. 1 at p. 44 (emphasis added).   These "profits" are not limited to profits from only the direct sales of Unauthorized Rockwell Products, but also from its sales of Rockwell products other than those alleged to be "new," sales of non-Rockwell products, repair services, and all other revenue attributable to or in any way resulting from its sale of allegedly "new" Rockwell products. *See, e.g., Ateliers De La Haute-Garonne v. Broetje Automation-USA Inc.*, 85 F. Supp. 3d 768, 780 (D. Del. 2015) (recognizing "convoyed sales" as profits subject to recovery for a Lanham Act violation).

*       *       *

   For these reasons, Rockwell respectfully requests that the Court compel Defendant to fully answer Rockwell's Interrogatory Nos. 2, 3, 5-9 and 14.   A proposed order granting this request is attached hereto as Exhibit B.

Respectfully,

*/s/ Dominick T. Gattuso*

Dominick T. Gattuso (#3630)

cc:   Clerk of Courts (via CM-ECF)
      Counsel of Record (via CM-ECF AND Email)