

**WILMINGTON**
RODNEY SQUARE

**NEW YORK**
ROCKEFELLER CENTER

**Pilar G. Kraman**
302.576.3586
pkraman@ycst.com

**<u>VIA CM/ECF & HAND DELIVERY</u>**
The Honorable Jennifer L. Hall
United States District Court for the District of Delaware
844 N. King Street, Unit 31
Wilmington, DE 19801

 Re: <u>Rockwell Automation, Inc. v. Parcorp S.r.l. d/b/a WiAutomation</u>, No. 21-1238-CFC-JLH

Dear Judge Hall:

  We write on behalf of Defendant Parcorp S.r.l. d/b/a WiAutomation ("WiAutomation") in opposition to defendant Rockwell Automation, Inc.'s ("Rockwell") application to compel further discovery responses to Rockwell's interrogatories. Rockwell improperly seeks three categories of information from WiAutomation in the instant application: (1) the source(s) of the Rockwell products that WiAutomation re-sells; (2) WiAutomation's purchases and sales of said products; and (3) WiAutomation's revenue, costs, expenses and profits.

  As a preliminary matter, WiAutomation's objections to Rockwell's requests should not be deemed waived because they were served late for three justifiable reasons. First, WiAutomation was in the process of collecting information and documents responsive to Rockwell's discovery requests that took additional time. Second, counsel for WiAutomation was dealing with certain personal matters that delayed completion of the interrogatories. Third, both of WiAutomation's representatives and Italian corporate counsel contracted COVID-19 on the backend of the 30-day window. Consequently, the day after interrogatories were due, WiAutomation reached out to Rockwell to secure an extension. Further, Rockwell never met and conferred with WiAutomation regarding this request or its position that the objections were waived. Rockwell's request for that relief should, therefore, be denied under D. Del. LR 7.1.1. WiAutomation's objections therefore should not be deemed waived, particularly because there has been zero resulting prejudice to Rockwell and because there is good cause for the Court to extend the timeframe for WiAutomation's responses and objections.

**A.** **Rockwell Has Not Adequately Pled Claims under the Lanham Act to Entitle Rockwell to the Discovery It Seeks**

  On April 12, 2022, WiAutomation filed a Rule 12(c) motion for judgment on the pleadings because Rockwell has not sufficiently pled any viable claims against WiAutomation. (D.I. 42.) The day after that filing, Rockwell initiated the scheduling of the instant conference. The crux of WiAutomation's motion is that Rockwell has not pled any non-conclusory and/or non-speculative allegations against WiAutomation that can sustain any claim under the Lanham Act or Rockwell's

Young Conaway Stargatt & Taylor, LLP
The Honorable Jennifer L. Hall
April 26, 2022
Page 2

other causes of action. Simply put, the Complaint does not contain any specific factual allegations or any sufficient detail to reasonably place WiAutomation on fair notice of the claims asserted against it. (*See* D.I. 43 at 12–22.)

WiAutomation does not propose that discovery should be stayed in this matter due to its filing of the Rule 12(c) motion. Rather, WiAutomation respectfully requests that discovery be limited to products and issues that are actually at issue in this case. Specifically, if Rockwell has any specific evidence of any wrongdoing by WiAutomation, then Rockwell should immediately: (i) provide such purported evidence to WiAutomation; and (ii) provide any corresponding products that Rockwell alleges are involved in such purported infringement and limit its discovery requests to such products. Only upon Rockwell actually doing so should it be entitled to the specific, highly sensitive discovery that it seeks from WiAutomation. Otherwise, the discovery constitutes a classic "fishing expedition" to unearth information that Rockwell could use to compete with WiAutomation in the automation distribution space.

At this time, because Rockwell has failed to provide an adequate basis for its claims and discovery sought from WiAutomation, its discovery requests are likewise not "proportional to the needs of the case" as required by Fed. R. Civ. P. 26(b). Indeed, unless Rockwell can demonstrate some basis for purported infringing conduct, likelihood of confusion in the marketplace, or misunderstanding in the marketplace as to the source of the Rockwell products, its requests are not tied to the needs of the case at all. Until Rockwell provides such specificity—in its Complaint or its discovery requests—WiAutomation should not be compelled to provide unfettered access to its source(s) for the purchase of Rockwell products that WiAutomation re-sells, WiAutomation's purchasing and sales of those products, or WiAutomation's revenue, costs, expenses and profits.

B.   **WiAutomation's Sources Are Trade Secrets and Rockwell is Engaging In An Anti-Competitive Campaign Against WiAutomation**

The source(s) of WiAutomation products and the purchases from those sources constitute a protectable trade secret that differentiates WiAutomation from the various other resellers in the marketplace. *See PPEX, LLC v. Buttonwood, Inc.*, No. 21-CV-53-F, 2021 WL 7210417, at *8 (D. Wyo. Sept. 7, 2021) (holding that supplier lists can qualify as trade secret even if some of the information could easily be collected from public sources, when the lists include information regarding purchases, sales, specific representatives' contact information, and other useful characteristics, such lists can be trade secrets) (citing *Hertz v. Luzenac Grp.*, 576 F.3d 1103, 1114 (10th Cir. 2009)).

Given that Rockwell has not adequately alleged that WiAutomation has engaged in any improper conduct under the Lanham Act (as detailed in WiAutomation's Rule 12(c) motion) nor made any showing that the information sought is relevant and proportional to the needs of the case, WiAutomation should not be obligated to produce this highly confidential information to its direct competitor at this time. Rockwell has already engaged in a campaign to shut WiAutomation out of its legitimate resale business involving Rockwell products. In addition to filing this lawsuit without a proper factual and legal basis, multiple distributors from whom WiAutomation

Young Conaway Stargatt & Taylor, LLP
The Honorable Jennifer L. Hall
April 26, 2022
Page 3

purchased Rockwell products in the past have suddenly refused to sell to WiAutomation since this litigation commenced, due to threats and interference from Rockwell directed towards those third-party distributors.

Rockwell's campaign against WiAutomation is anti-competitive. WiAutomation sells genuine Rockwell products to customers that might otherwise obtain the product from Rockwell or one of Rockwell's "Authorized Distributors." WiAutomation is not the only reseller that does so. In fact, there are dozens of resellers on the internet that engage in precisely the same legitimate business conduct as WiAutomation. Nevertheless, Rockwell has singled out WiAutomation to put out of business. Were Rockwell to obtain the remaining sources of WiAutomation's product, it would likely coerce and/or threaten WiAutomation's distributors into *not* selling to WiAutomation.

Accordingly, WiAutomation respectfully submits that unless and until Rockwell preliminarily and conditionally offers evidence of WiAutomation's alleged wrongdoing, WiAutomation should not be compelled to provide the sources of its products, its customers and/or any other highly confidential and sensitive financial information. Discovery into WiAutomation's financials is entirely premature because Rockwell has not made sufficient showing of the need for this discovery at this time. Only once Rockwell presents actual evidence of purported infringing conduct on WiAutomation's part and ties its discovery requests to the needs of proving its case should it be allowed to access WiAutomation's financials. Otherwise, Rockwell will enjoy a comprehensive review of a direct distribution competitor's financials without any legitimate legal basis for doing so. Such an outcome would be extremely unfair and inequitable, regardless of any confidentiality order protecting such information.

C.     **WiAutomation's Current Inventory of Rockwell Products is Irrelevant**

WiAutomation's current inventory of Rockwell products is irrelevant to the allegations contained in the Complaint. Rockwell claims that the types of products in storage with WiAutomation could somehow show a material difference in the manner of storage. However, Interrogatory No. 8 does not ask about how the products are stored, but merely the "storage location," among other things. Such details are irrelevant to the claims asserted against WiAutomation. The products currently in storage by WiAutomation have not been sold, and therefore cannot possibly constitute a basis for an infringing sale. Furthermore, whether WiAutomation has five products in storage or five thousand does not make a difference as to whether there is confusion in the marketplace.

For the foregoing reasons, WiAutomation respectfully submits that Rockwell's request to compel further responses to its interrogatories should be denied.

Young Conaway Stargatt & Taylor, LLP
The Honorable Jennifer L. Hall
April 26, 2022
Page 4

                                              Respectfully submitted,

                                              /s/ Pilar G. Kraman

                                              Pilar G. Kraman (No. 5199)

cc:  Counsel of record (via CM/ECF)
      Clerk of the Court (via Hand Delivery)