IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ROCKWELL AUTOMATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1238-CFC-JLH |
| | ) | |
| PARCORP S.R.L. d/b/a WI AUTOMATION, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

## <u>STIPULATED PROTECTIVE ORDER</u>

WHEREAS, the Parties expect discovery in this litigation to involve the disclosure of certain documents, things, and information which may constitute trade secrets and/or other confidential research, development, or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G);

WHEREAS, the Parties desire to establish a mechanism to protect information produced by the Parties and Third Parties in this litigation in order to preserve the legitimate business interests of the Parties and Third Parties;

NOW THEREFORE, pursuant to Federal Rule of Civil Procedure 26(c), for good cause shown,

IT IS HEREBY ORDERED that:

## **Definitions**

1.     As used in this Protective Order, these terms have the following meanings:

      a.     "Discovery Material" means all hardcopy and electronic documents, testimony, pleadings, exhibits, and all other material or information produced or disclosed in this litigation, including, without limitation, information, documents, and things responsive to requests for production under Fed. R. Civ. P. 34; documents and things made available for inspection under Fed. R. Civ. P. 34; responses to written interrogatories under Fed. R. Civ. P. 33; responses to requests for admission under Fed. R. Civ. P. 36; testimony adduced at depositions upon oral examination or upon written questions pursuant to Fed. R. Civ. P. 30 and 31; expert reports and testimony; testimony during hearings or at trial; all other discovery taken pursuant to any applicable Federal and/or Local Rules, including third party discovery pursuant to Fed. R. Civ. P. 45; and matters in evidence and any other information hereafter furnished, directly or indirectly, by or on behalf of any Party, Third Party, or witness in connection with this litigation. This Protective Order and protections herein shall apply to all Discovery Material.

b.     "Producing Party" means any Party or any Third Party who produces or otherwise discloses, whether through formal or informal means, Discovery Material in this litigation.

c.     "Receiving Party" means any Party that receives information produced or otherwise disclosed, whether through formal or informal means, by any Producing Party in this litigation.

d.     "Confidential Information" means all non-public information that the Producing Party reasonably and in good faith believes should be protected from public disclosure because such information (i) is commercial, proprietary, non-public information, or other business information of commercial value to the Producing Party (e.g., confidential research, development, manufacturing, technical, commercial, or financial information); or (ii) implicates an individual's legitimate expectation of privacy. Confidential Information shall apply to all information, documents, and things within the scope of discovery in this litigation that are designated as containing or comprising Confidential Information. The information contained therein, any information derived from, and all copies, abstracts, excerpts, analyses, or other writings or testimony that contain, reflect, reveal, suggest, or otherwise disclose such information shall also be deemed Confidential Information. Information originally designated as Confidential

Information shall not retain that status after any ruling by the Court denying such status to it.

   e.  "Highly Confidential Information" means any Confidential Information that the Producing Party reasonably and in good faith believes contains highly sensitive business or personal information, the improper use or disclosure of which could result in significant competitive or commercial disadvantage to the Producing Party, including but not limited to: (i) trade secrets; (ii) distribution processes and strategies; (iii) confidential technical information and know how; (iv) sensitive financial or commercial information, including without limitation business plans, marketing plans, customer information, distributor agreements and correspondence, pricing and discount information, and (v) information that the Producing Party reasonably believes to be subject to federal, state, or foreign data protection laws or other privacy obligations.

   f.  "Protected Discovery Material" means Discovery Material designated by a Producing Party as "Confidential" or "Highly Confidential" pursuant to the terms of this Protective Order.

   g.  "Inside Counsel" means any attorney who is an employee of a Party.

h.    "Designated Inside Counsel" means in-house attorneys that may be designated during this litigation pursuant to Paragraph 18(c) of this Protective Order.

i.    "Outside Counsel" means any attorney from a law firm that has made a formal appearance as counsel of record for a Party in this litigation and who is not an employee of a Party.

j.    "Expert" means a person with specialized knowledge or experience in a matter pertinent to this litigation who has been retained by a Party or its Inside or Outside Counsel to serve as an expert witness or as a consultant in this litigation who, at the time of retention, is not an officer, director, or employee of a Party or an Affiliate and is not anticipated to become an officer, director, or employee of a Party or an Affiliate. Nothing in this Protective Order purports to alter in any way the requirements for offering testimony under Fed. R. Evid. 703, or to define the term "expert" for purposes other than those addressed in this Protective Order.

k.    "Professional Vendor(s)" means persons or entities that provide litigation support services (e.g., messenger, photocopying, audio or video recording, stenography, translating, document processing and conversion, document review, preparing exhibits or demonstrations, producing trial or

hearing graphics and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

## Designation and Identification

2.     A Party or Third Party may designate any Discovery Material or portion thereof as Confidential or Highly Confidential in accordance with the definitions set forth above in Paragraphs 1.d and 1.e. of this Protective Order.  Any such designation shall constitute a representation to the Court that the designating Party in good faith believes that the Discovery Material so designated meets the relevant definition set forth above in Paragraph 1.d or 1.e. and is entitled to protection from disclosure under Fed. R. Civ. P. 26(c) or otherwise.

3.     When producing documents containing Protected Discovery Material, the Producing Party shall mark each page of the document such that the Receiving Party may reasonably determine the identity of the Producing Party. This may be accomplished, e.g., through the use of a unique Bates prefix for each Producing Party.

4.     For documents or copies containing Protected Discovery Material produced as a static image, the Producing Party shall conspicuously mark each page of the document or copy with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

5.      For documents containing Protected Discovery Material produced in native format, the Producing Party shall include the appropriate confidentiality designation in the file name and/or slip sheet produced with the native format. Any copies of such designated documents that have been printed or converted to Portable Document Format ("PDF") by the Receiving Party shall be marked at the time of printing/PDF conversion with the appropriate confidentiality designation to ensure appropriate protection.

6.      For all documents produced that contain Protected Discovery Material, the Producing Party will also include in the load file corresponding to those documents the appropriate designation that includes the appropriate level of protection (i.e., "Confidential" or "Highly Confidential").

7.      Information revealed by inspection of things and premises under Fed. R. Civ. P. 34, shall be treated as though it were designated "Highly Confidential" provided that, prior to or at any time up to thirty (30) calendar days  after the inspection, the Party permitting inspection specifically identifies in writing which of the Discovery Material qualifies for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") to each page. There will be no waiver of confidentiality, or any privilege or immunity, by the inspection of Discovery Material before it is copied and marked pursuant to this

7

Order. Inspection of Discovery Material by any Party shall be conducted by persons eligible under Paragraphs 16 or 18 below.

8.     For information produced in some form other than documentary form and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

9.     Testimony or information disclosed at a deposition may be designated by a Party or Third Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by indicating on the record at the deposition the testimony or information contains "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" materials. Alternatively, a Party or Third Party may designate testimony or information disclosed at a deposition as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by notifying all parties, in writing, within ten (10) business days following the deposition. Transcripts containing Protected Discovery Material shall have an obvious legend on the title page that the transcript contains Protected Discovery Material, using the appropriate designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

8

The designating Party or Third Party shall inform the court reporter of these requirements.

10.     Third Parties may designate as "Confidential" or "Highly Confidential" deposition transcripts of their witnesses and any Discovery Material they produce, whether voluntarily or by subpoena, to the same extent and in the same manner as Parties and any such Protected Discovery Material shall be treated by the Parties in the same manner as the Protected Discovery Material produced by a Party. Third Parties shall have the same rights and obligations under this Protective Order as parties and may move the Court to enforce the provisions of this Protective Order.

<u>Use</u>

11.     All Protected Discovery Material shall not be used for any purpose whatsoever other than the prosecution or defense of this litigation , including any appeal thereof. Any other use is prohibited except by consent of the designating Party or by order of the Court. Notwithstanding the above, a Party is free to do whatever it desires with its own Protected Discovery Material.

12.     If a Party responsible for creating a captioned document in this litigation (e.g., brief, court filing, expert report, etc.) believes in good faith that the document contains either its own Protected Discovery Material or that of another Party or Third Party, it shall conspicuously mark the first page of the document with the

designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and limit access to said document consistent with the provisions of this Order.

13.    Any pleading, brief, declaration, affidavit, expert report, or other filing that contains, describes, or discusses Protected Discovery Material shall be filed under seal pursuant to the requirements of D. Del. LR 5.1.3 and the Court's CM/ECF procedures. The filing Party shall conspicuously mark the first page of the document with the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." The sealed material shall not be opened or released from the custody of the Clerk of Court except by Order of the Court. Outside Counsel for the Party filing papers containing, describing, or discussing Protected Discovery Material shall be responsible for providing appropriately redacted copies of the filed document to the Court in accordance with paragraph (G)(1) of the United States District Court for the District of Delaware's Administrative Procedures Governing Filing and Service by Electronic Means, Revised May 2019. If the filing contains the Protected Discovery Material of a Party or Third Party who did not file the document, within three (3) calendar days from the date of a filing made under seal, Outside Counsel for the filing Party or filing Third Party shall deliver to Outside Counsel for the non-filing Party or Third Party a proposed public version of the filing that was made under seal if it contains the non-filing Party's or non-Party's Protected Discovery Material, and this proposed public version shall

include redactions of Protected Discovery Material. Within three (3) business days after filing of a document that contains Protected Discovery Material of the filing Party, the Outside Counsel for filing Party shall provide Outside Counsel for the non-filing Party a redacted version, redacting the filing Party's Protected Discovery Material so that the filing may be shared with the non-filing Party. A shorter time for providing such redacted version may be requested as necessary to comply with Court-ordered deadlines of shorter than three (3) business days. Within three (3) calendar days after receipt of the proposed public version, Outside Counsel for the non-filing Party or non-Party shall provide any additional redactions it believes appropriate. Redacted versions of papers filed under seal may be made publicly available provided that (a) all Protected Discovery Material is redacted; and (b) such redacted versions are clearly marked "Public Version," and clearly identify each place where information or exhibits have been redacted or deleted.

14.    At the deposition of any fact witness, unless agreed to by the designating Party, such witness may be shown Protected Discovery Material if, and only if, the Protected Discovery Material reveals on its face that the deponent or witness authored, prepared, executed, had knowledge of the substance of, or received the Protected Discovery Material in the ordinary course of business and outside the context of this litigation. Notwithstanding the foregoing, any witness who is a

currently employed officer, employee, or expert of a Party, or who has been designated pursuant to Fed. R. Civ. P. 30(b)(6) to testify on behalf of a Party, may be shown Protected Discovery Material designated by that Party.

15.   Outside Counsel shall have the right to exclude from depositions, other than the deponent and the reporter, any person who is not authorized under this Protective Order to receive Protected Discovery Material. Such right of exclusion shall be applicable only during periods of examination or testimony directed to Protected Discovery Material. The failure of individuals other than the deponent and the reporter to leave the deposition room during any portion of the deposition that inquiries into matters designated Confidential or Highly Confidential shall constitute justification for Outside Counsel to instruct the witness that he or she should not answer the question and, if the failure persists, to end the deposition without an obligation to continue or reschedule the deposition.

### Disclosure and Access

16.   Unless otherwise directed by the Court or authorized in writing by the designating Party, Highly Confidential Information may be disclosed by the Receiving Party only to the following persons:

      a.     A court and its staff;

      b.     Outside Counsel, their law firms, their employees and agents;

c.      Persons shown on the face of a document to have authored or received it, any person who has previously seen or was aware of it, and/or the Producing Party or its director, officer or designated representative (e.g., a 30(b)(6) witness);

d.      Any Expert who is expressly retained by any Outside Counsel or Designated Inside Counsel to assist in this litigation, as well as their support personnel acting under their supervision, with disclosure only to the extent necessary to perform such work;

e.      Any expressly retained court reporter or other shorthand reporter or typist that is not an employee of or otherwise affiliated with a Party who is recording or transcribing documents or testimony in connection with this litigation;

f.      Any expressly retained interpreter or translator that is not an employee of or otherwise affiliated with a Party who is translating documents or testimony in connection with this litigation;

g.      Their Professional Vendors;

h.      Any other person requested by the Receiving Party and agreed to by the Producing Party in writing; and

i.      John Miller, Esq. (VP & Chief IP Counsel – Rockwell Automation, Inc.).

17.    If Defendant believes a document or other information that purportedly contains Plaintiff's Highly Confidential Information should be shared with Mirko Palumbo in his capacity as outside legal counsel for Defendant, Defendant shall provide that document to Outside Counsel for Plaintiff.  Plaintiff shall provide its position on such disclosure within three (3) business days of receipt.  If Plaintiff objects to disclosure, Plaintiff shall meet and confer with Defendants within five (5) business days of such objection so that Defendant may seek to have the dispute heard by the Court as soon as is practicable.

18.    Unless otherwise directed by the Court or authorized in writing by the designating Party, Confidential Information may be disclosed by the Receiving Party only to the following persons:

    a.    The persons identified in Paragraph 16.

    b.    Their Inside Counsel who, because of their duties and responsibilities, require access to Confidential Information;

    c.    No more than five (5) designated employees of the Receiving Party working under the direct supervision of Inside or Outside Counsel who, because of their duties and responsibilities, require access to Confidential Information;

    d.    Other outside persons (i.e., persons not currently employed by any Party) who are retained by a Party, its Inside Counsel or its Outside

Counsel to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony;

e.    Any other person requested by the Receiving Party and agreed to by the Producing Party in writing; and

f.    Mirko Palumbo, in his capacity as outside legal counsel for Defendant.

19.    Protected Discovery Material shall not be disclosed to any person qualifying as a recipient of Protected Discovery Material only under Paragraphs 16.d., 16.e., 16.f., 16.h., 16.i., 18.c., 18.d., 18.e., or 18.f unless and until such person has executed an acknowledgement in the form attached as Exhibit A. Either Outside Counsel or Designated Inside Counsel must maintain a copy of the executed Exhibit A for each such person during this litigation and for a period of one year thereafter.

20.    As a condition precedent to disclosure of any Protected Discovery Materials to an individual described above in Paragraphs 16.d., 16.f., 16.h., 18.c. or 18.e. at least seven (7) calendar days before the disclosure of the Protected Discovery Material is made, Outside Counsel for the Receiving Party shall serve a Notice on the designating Party identifying such individual by name and including a curriculum vitae ("CV") or equivalent resume disclosing the individual's employment history, past or present relationship with any of the Parties and their

officers, directors and employees, all cases in which the individual has testified in a deposition or a trial in the past five (5) years, and an executed acknowledgment from the individual to whom the disclosure is to be made, in the form of Exhibit A attached hereto. If a designating Party objects to the proposed disclosure to such individual, the Parties shall promptly confer in good faith to resolve the concerns giving rise to the objection. If the Parties are unable to reach agreement regarding such disclosure, the objecting Party must apply to the Court for a protective order no later than fourteen (14) calendar days after receipt of the executed acknowledgement in the form attached as Exhibit A and the CV or resume, or as otherwise directed by the Court. The objecting party shall seek to have the dispute heard by the Court as soon as is practicable. If no such motion is made, Protected Discovery Material may be disclosed to the individual. If a motion for a protective order is made, Protected Discovery Material may not be disclosed to the individual until the Court has ruled upon the motion, and then only in accordance with the ruling so made.

21.    The recipient of any Protected Discovery Material that is provided under this Protective Order (including any copies or excerpts made thereof) shall maintain such information in a secure and safe area and shall exercise reasonable and proper care with respect to the storage, custody, use, and/or dissemination of such information. The recipient of Protected Discovery Material produced in

electronic form shall maintain such Protected Discovery Material on a secure, password-protected computer, drive, or server with access restricted to persons authorized under Paragraphs 16 and 18.

22.    In the event of disclosure of Protected Discovery Material to any person not authorized to such access under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately inform Outside Counsel for the Party whose Protected Discovery Material has been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The Party responsible for improperly disclosing such Protected Discovery Material shall also promptly take all reasonable measures to retrieve the improperly disclosed Protected Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

## Objections and Exclusions

23.    Any Receiving Party may object to the designation by the designating Party of any Discovery Material as Protected Discovery Material. The process for making an objection to the designation and for resolving the dispute shall be as follows:

a.    Outside Counsel for the Receiving Party shall notify Outside Counsel for the designating Party in writing as to its objection(s) to the

designations. This notice shall include, at a minimum, a specific identification of the designated Protected Discovery Material as well as the reasons for the objection.

b.     Outside Counsel for the Receiving Party shall thereafter have the burden of conferring within seven (7) calendar days with Outside Counsel for the designating Party claiming protection (as well as any other interested Third Party) in a good-faith effort to resolve the dispute.

c.     Failing agreement, the Receiving Party may apply to the Court for a ruling that the Discovery Material sought to be protected is not entitled to such designation. The Producing Party bears the burden to establish that the Discovery Material is Protected Discovery Material as defined in Paragraphs 1.d or 1.e. and therefore entitled to such protection under this Protective Order.

d.     Notwithstanding any such challenge to the designation of Discovery Material as Protected Discovery Material, all such material so designated shall be treated as such and shall be subject to the provisions of this Protective Order until one of the following occurs: (a) the Party which designated the material as Protected Discovery Material withdraws such designation in writing, or (b) the Court rules that the designation is not proper and that the designation be removed.

18

24.     Discovery Material is not properly designated as Protected Discovery Material if it has/had been:

      a.     available to the public at the time of its production hereunder;

      b.     available to the public after the time of its production through no act, or failure to act, on behalf of the Receiving Party, its counsel, representatives, or experts;

      c.     known to such Receiving Party, or shown to have been independently developed by such Receiving Party, prior to its production herein without the use or benefit of Discovery Material;

      d.     obtained outside of this litigation by such Receiving Party from the Producing Party without having been designated as Protected Discovery Material; provided, however, that this provision does not negate a protective order in another action or any other pre-existing obligation of confidentiality;

      e.     previously produced, disclosed, and/or provided by the Producing Party to the Receiving Party or any Third Party without an obligation of confidentiality; or

      f.     obtained by the Receiving Party from a Third Party provided the production by the Third Party did not violate this Protective Order or a

protective order in another action or any other pre-existing obligation of confidentiality.

## No Inadvertent Waiver of Privilege

25.    The Parties acknowledge that, while each Party will endeavor to identify and withhold from production any document which that party believes is protected by the attorney-client privilege or work-product doctrine (hereinafter referred to, in either case, as "privileged"), given the volume and nature of material being exchanged, there is a possibility that certain such privileged material may be produced inadvertently. Accordingly, the Parties have agreed to the following non-waiver agreement. A Party who produces any privileged document without intending to waive the claim of privilege associated with such document may, within fourteen (14) calendar days after the Producing Party actually discovers that such inadvertent production occurred, amend its discovery response and notify the other Party that such document was inadvertently produced and should have been withheld as privileged ("Inadvertently Produced Document". Once the Producing Party provides such notice to the Receiving Party, the Receiving Party must take reasonable efforts to promptly return the specified Inadvertently Produced Document and destroy any copies thereof. By complying with this obligation, the Receiving Party does not waive any right it has to challenge the assertion of privilege and request an order of the Court denying such privilege.

26.     If the claim of privilege is disputed, a single copy of the Inadvertently Produced Document at issue may be retained by the Receiving Party for the exclusive purpose of seeking a prompt judicial determination of the matter. The Parties shall engage in reasonable meet-and-confer efforts to resolve any disputes concerning whether an Inadvertently Produced Document is actually privileged. If, after a reasonable effort to meet-and-confer to resolve any disputes concerning whether any Inadvertently Produced Document is privileged, the Receiving Party may seek court intervention.

### Inadvertent Failure to Designate

27.     The inadvertent failure by a Party to designate Discovery Material as Protected Discovery Material shall not be a waiver of such designation provided that the party that fails to make such designation informs the Receiving Party that such Discovery Material is Protected Discovery Material promptly but not more than fourteen (14) calendar days after the failure to designate first became known to the designating Party. The failure by a designating Party to designate Discovery Material as Protected Discovery Material shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The Receiving Party in receipt of Discovery Material that the designating Party failed to designate as Protected Discovery Material shall not be in violation of this Protective Order for any use made of such Discovery Material before the

Receiving Party is informed of the failure to designate. Once the Receiving Party has been informed of the failure to designate pursuant to this Paragraph, the Receiving Party shall take reasonable steps to, at the designating Party's option, either ensure that all copies of any such Discovery Materials are returned promptly to the designating Party or ensure that all copies of any such Discovery Materials are marked with the proper designation and distributed only as permitted under this Protective Order.

### Return / Destruction of Materials

28.   Not later than ninety (90) calendar days after the termination of this litigation, all Protected Discovery Material, including all copies thereof, shall be returned to the Producing Party or destroyed, such election to be made by the Receiving Party, except that (a) Outside Counsel for each Party may each retain one (1) archival copy of all papers filed with the Court, expert reports, discovery responses, transcripts of testimony and exhibits, correspondence, mediation briefs, and their own work product containing such Discovery Material, and (b) each Party (under the custody and control of Designated Inside Counsel) may retain one (1) archival copy of all papers filed with the Court, trial transcripts, trial exhibits, expert reports, correspondence, and attorney work product containing such Discovery Material, and provided that such Party, and their respective Outside Counsel, Designated Inside Counsel, and their respective employees shall not

disclose any Party's Protected Discovery Material contained therein to any person or entity except pursuant to a written agreement with the Producing Party or as otherwise provided in this Protective Order and shall maintain the safeguards set forth in Paragraph 21.

29.    Not later than ninety (90) calendar days after the termination of this litigation, the Party receiving any Protected Discovery Material shall certify in writing that all such material has been returned or destroyed.

## **Miscellaneous**

30.    It is not the intent of the Parties, or of the Court, that an attorney or law firm that acquires knowledge of or is given access to Protected Discovery Material pursuant to this Order should thereby be disqualified from other representations adverse to the designating Party on account of such knowledge or access.

31.    No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

32.    Nothing in this Discovery Confidentiality Order shall bar or otherwise restrict any attorney from rendering advice to or seeking information from a party-client or, in the course thereof, relying upon his or her knowledge of Protected Discovery Material; provided, however, that in rendering such advice or seeking

such information the attorney shall not disclose any Protected Discovery Material to unauthorized persons.

33.   The obligations imposed by the Discovery Confidentiality Order shall survive the termination of this action.

34.   This Protective Order is without prejudice to the right of any Party to seek further or additional protection of information for which the protection of this Protective Order is not believed by any Party to be adequate. Nothing in this Protective Order shall be deemed to bar or preclude any Producing Party from seeking such additional protection, including, without limitation, an Order that certain information may not be discovered at all.

35.   The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery, and except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

36.   Execution of this Protective Order shall not constitute a waiver of the right of any Party to claim in this litigation or otherwise that any document, communication, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this litigation or any other proceeding.

37.     By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as Confidential or Highly Confidential pursuant to this Order shall promptly notify that party of the motion so that the party may have any opportunity to appear and be heard on whether that information should be disclosed.

38.     If at any time Protected Discovery Material is subpoenaed from a Receiving Party or is the subject of a discovery request directed to a Receiving Party in any proceeding before any court or arbitral, administrative, or legislative body, the person to whom the subpoena or other request is directed shall immediately give notice to the designating Party and shall provide the designating Party with an opportunity to object to the production of such materials. If the designating Party does not move for a protective order within fourteen (14) calendar days of the date written notice is given, the Receiving Party to whom the subpoena or other request is directed may produce, on or after the date set for production in the subpoena or other request, but not prior to the end of the fourteen (14) calendar day notice period, such material in response thereto, under a

protective order with confidentiality provisions equal to or more restrictive than those of this Protective Order.

39.    This Order may be amended by the agreement of Outside Counsel for the Parties in the form of a written Stipulated Amended Protective Order signed by each Party's Outside Counsel and filed with the Court for approval. The Court retains the right to allow disclosure of any subject or Protected Discovery Material covered by this Protective Order or to modify or vacate this Protective Order at any time in the interest of justice.

HEYMAN ENERIO
GATTUSO & HIRZEL LLP

/s/    Dominick T. Gattuso
Dominick T. Gattuso (No. 3630)
300 Delaware Ave., Suite 200
Wilmington, DE 19801
(302) 472-7311
dgattuso@hegh.law

*Attorney for Plaintiff*

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

/s/    Pilar G. Kraman
Pilar G. Kraman (No. 5199)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
pkraman@ycst.com

*Attorneys for Defendant*

Dated:  June 30, 2022

SO ORDERED this ⁵ᵗʰ day of __July__ , 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE

**Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ROCKWELL AUTOMATION, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 21-1238-CFC-JLH |
| PARCORP S.R.L. d/b/a WI AUTOMATION, | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare under penalty of perjury that:

(a)     My present address is _____ .

(b)     My present employer is _____

and the address of my present employer is _____ .

(c)     My present occupation or job description is _____ .

(d)     I have received and carefully read the Protective Order in this

litigation dated _____ and understand its provisions. Specifically, I

understand that I am obligated, under order of the Court, to hold in confidence and

not to disclose the contents of anything marked "CONFIDENTIAL" or "HIGHLY

1

CONFIDENTIAL" except as permitted by the Protective Order. I further understand that I am not to disclose to anyone other than those persons identified in Paragraphs 16 or 18 of the Protective Order any words, substances, summaries, abstracts, or indices of any Protected Discovery Material disclosed to me. According to the restrictions of Paragraph 11 of the Protective Order, I will use Discovery Material, including Protected Discovery Material, or information derived therefrom, solely for purposes specified therein. In addition to the foregoing, I understand that I must abide by all of the provisions of the Protective Order.

(e)     At the termination of this litigation or any time requested by Outside Counsel for the Party by whom I am engaged, I will return or destroy all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials containing or reflecting Protected Discovery Material which have come into my possession, and will return or destroy all documents or things I have prepared relating to or reflecting such information.

(f)     I understand that if I violate the provisions of the Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the Producing Party. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this litigation.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Date: _____          _____
                                          Signature