IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ROCKWELL AUTOMATION, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | C.A. No. 21-1238-GBW-JLH |
| PARCOP S.R.L. d/b/a WIAUTOMATION, | ) ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S MOTION FOR LEAVE TO FILE
A SUR-REPLY BRIEF IN OPPOSITION TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

Defendant Parcop S.R.L. d/b/a WiAutomation ("WiAutomation") respectfully moves to file a limited sur-reply to address: (i) evidence that plaintiff Rockwell Automation, Inc. ("Rockwell") first disclosed in its Reply Brief in support of its summary judgment motion (D.I. 222); and (ii) Rockwell's improper Reply to Defendant's Response to Rockwell's Concise State of Material Facts Not In Dispute In Support Of Its Motion For Summary Judgment On Rockwell's Claims (D.I. 223). WiAutomation's proposed sur-reply is attached as Exhibit 1.

Pursuant to D. Del. LR 7.1.3(c)(2), "[t]he party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief." This provision exists to prevent litigants from reserving crucial

1

arguments "to which an opponent cannot respond." *Fifth Market, Inc. v. CME Grp., Inc.*, No. 08-520 GMS, 2013 WL 306461, at *1 (D. Del. June 19, 2013) (citing *Rockwell Techs., LLC v. Spectra-Physics Lasers, Inc.*, 2002 WL 531555, at *3 (D. Del. Mar. 26, 2002)). Accordingly, a "court may grant leave to file a sur-reply if it responds to new evidence, facts or arguments." *St. Clair Intellectual Prop. Consultants, Inc. v. Samsung Elecs. Co.*, 291 F.R.D. 75, 80 (D. Del. 2013). As explained below, a sur-reply is warranted here.

First, Rockwell's Reply Brief (D.I. 222 at pp. 10-11) relies on evidence that Rockwell never previously disclosed to WiAutomation and to which WiAutomation has had no opportunity to respond. Specifically, Rockwell relies on the April 10, 2023 Reply Declaration of Ryan Smaglik (*id*.) attesting to another alleged instance of WiAutomation's misconduct (D.I. 224). Rockwell had this alleged evidence since *at least* April 4, 2023 (D.I. 224, Ex. 10), but did not produce any of it to WiAutomation before Rockwell filed its Reply Brief on April 10. Rockwell thus left WiAutomation without any ability to respond to this new "evidence."

Second, with its Reply Brief, Rockwell improperly filed a 995-word so called "reply statement of facts" that did not address any new facts raised in WiAutomation's opposition, but instead made legal arguments for why Rockwell's proofs are admissible. (D.I. 223.) This additional briefing is not allowed under the Court's Scheduling Order. During the parties' meet and confer, Rockwell claimed

2

that this document responded to facts set forth in WiAutomation's Response to Plaintiff's Concise Statement of Facts (D.I. 187), yet could not articulate any fact in WiAutomation's Response to which the document responded. That is unsurprising considering that WiAutomation's Response sets forth no facts in dispute, but merely responds to Rockwell's statements of undisputed fact, as intended. (*Id.*) Instead, Rockwell used this improper filing to exceed this Court's word limits and include arguments that Rockwell chose not to include in its Opening Brief or Reply Brief.

Accordingly, considering WiAutomation's proposed sur-reply will allow the Court to more fully and fairly evaluate Rockwell's newly disclosed "evidence" and improper filings. *See, e.g.*, *EMC Corp v. Pure Storage, Inc.*, 154 F. Supp. 3d 81, 103 (D. Del. 2016) (granting leave to file sur-reply where reply brief raised new arguments and legal authority).

Dated: April 21, 2023

*Of Counsel*:

Bob Kasolas
Eric J. Boden
BRACH EICHLER, LLC
101 Eisenhower Parkway
Roseland, NJ 07068
(973) 403-3139
bkasolas@bracheichler.com
eboden@bracheichler.com

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Pilar G. Kraman*
Pilar G. Kraman (No. 5199)
Alexis N. Stombaugh (No. 6702)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
pkraman@ycst.com
astombaugh@ycst.com

*Attorneys for Defendant*

## D. DEL. L.R. 7.1.1 CERTIFICATION

The undersigned certifies that counsel for Defendant made a reasonable effort to reach agreement with counsel for Rockwell Automation, Inc. on the subject matter of this motion, including a meet and confer with lead and Delaware counsel, but the parties were unable to agree.

Dated: April 21, 2023

*Of Counsel*:

Bob Kasolas
Eric Boden
BRACH EICHLER, LLC
101 Eisenhower Parkway
Roseland, NJ 07068
(973) 403-3139
bkasolas@bracheichler.com
eboden@bracheichler.com

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Pilar G. Kraman*
Pilar G. Kraman (No. 5199)
Alexis N. Stombaugh (No. 6702)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
pkraman@ycst.com
astombaugh@ycst.com

*Attorneys for Defendant*

## **CERTIFICATE OF COMPLIANCE**

The undersigned certifies that Defendant's Motion For Leave to File a Sur-Reply Brief in Opposition to Plaintiff's Motion for Summary Judgment is in Times New Roman 14-point font and contains 521 words, exclusive of caption, tables, and signature block, counted using Microsoft Word's word count feature.

| | |
|---|---|
| Dated: April 21, 2023 | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| *Of Counsel*: | /s/ *Pilar G. Kraman* <br> Pilar G. Kraman (No. 5199) |
| Bob Kasolas <br> Eric J. Boden <br> BRACH EICHLER, LLC <br> 101 Eisenhower Parkway <br> Roseland, NJ 07068 <br> (973) 403-3139 <br> bkasolas@bracheichler.com <br> eboden@bracheichler.com | Alexis N. Stombaugh (No. 6702) <br> Rodney Square <br> 1000 North King Street <br> Wilmington, DE 19801 <br> (302) 571-6600 <br> pkraman@ycst.com <br> astombaugh@ycst.com <br><br> *Attorneys for Defendant* |