# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCKWELL AUTOMATION, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PARCOP S.R.L. d/b/a ) <br> WIAUTOMATION, ) <br> ) <br> Defendant. ) <br> ) | C.A. No. 21-1238-GBW-JLH |

**PLAINTIFF ROCKWELL AUTOMATION, INC.'S
<u>SECOND SUPPLEMENTAL INITIAL DISCLOSURES</u>**

Plaintiff Rockwell Automation, Inc. ("Rockwell") submits the following second supplemental initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(l).

## <u>INTRODUCTION</u>

1. These disclosures are based upon information reasonably available to Rockwell as of the date they were prepared. Rockwell's investigation of the facts, documents, and witnesses relevant to this case is ongoing. Rockwell expressly reserves the right to clarify, alter, amend, modify, or supplement the information contained in these initial disclosures if it should appear at any time that omissions or errors have been made, or if Rockwell obtains additional or more accurate information.

2. By making these disclosures, Rockwell does not represent that it is identifying every document, item of electronically stored information, tangible thing, or witness that might be relevant or have relevant information related to the claims and defenses asserted in this action. Rather, Rockwell's disclosures represent a good faith effort to identify information Rockwell reasonably believes to be relevant to Rockwell's claims and defendant Parcop S.R.L. d/b/a WIAutomation' s ("WA") defenses and counterclaims (bearing in mind that discovery is still ongoing in this action).

3. These initial disclosures do not constitute a waiver of any objections Rockwell may have, now or in the future, to any discovery in this action. Rockwell expressly reserves any and all objections that it had, has, or may ever have, including, but not limited to, objections based upon: attorney-client privilege; work-product immunity; any other applicable privilege or immunity under federal or state law; relevance; competency; hearsay; immateriality; overbreadth; and undue burden or harassment.

4. Rockwell expressly reserves the right to identify or call as witnesses other individuals in addition to those identified herein, and to identify additional documents, electronically stored information, and/or tangible things, if it discovers that such individuals have or might have knowledge of matters relevant to this action or that such additional documents, electronically stored information, and/or tangible things are relevant to this action. Rockwell also expressly reserves the right to identify or call expert

witnesses in accordance with Federal Rule of Civil Procedure 26(a)(2) and any scheduling order entered in this action.

5. The term "Plaintiff's Trademarks" shall be defined as that term is defined and used in the Complaint filed in this action.

6. The term "Rockwell Products" shall mean all products manufactured and/or sold by Rockwell, including but not limited to any product that bears any of Plaintiff's Trademarks. Similarly, the term "Rockwell Product" shall mean any product manufactured and/or sold by Rockwell, including but not limited to any product that bears any of Plaintiff's Trademarks.

# DISCLOSURES

**A.** **Rule 26(a)(l)(A)(i):** The name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

| Name/Address/Telephone | Subjects of Information |
|---|---|
| Ryan Smaglik<br>Rockwell Automation, Inc.<br>c/o Plaintiff's Counsel<br>Alston & Bird LLP<br>90 Park Avenue<br>New York, NY 10016<br>(212)210-9400 | Ryan Smaglik likely has discoverable information about (a) Rockwell's pricing and sale of Rockwell Products (b) Rockwell's distributor agreements and the incorporated distributor policies; (c) the adverse impact on Rockwell and Rockwell's authorized distributors relating to the unauthorized sale of Rockwell Products; (d) gray market sales; (e) Rockwell's warranty and remanufacturing process; (f) material differences; (g) customer complaints; (h) |
| Warren Devilbiss<br>Rockwell Automation, Inc.<br>c/o Plaintiff's Counsel<br>Alston & Bird LLP<br>90 Park Avenue<br>New York, NY 10016<br>(212)210-9400 | Warren Devilbiss likely has discoverable information about Rockwell products, material differences, and Rockwell's product safety and cybersecurity procedures and warranty and remanufacturing processes. |
| Justin Orofino<br>Rockwell Automation, Inc.<br>c/o Plaintiff's Counsel<br>Alston & Bird LLP<br>90 Park Avenue<br>New York, NY 10016<br>(212)210-9400 | Justin Orofino likely has discoverable information about Rockwell products, including financial, sales, pricing information. |
| Laura Martin<br>Rockwell Automation, Inc.<br>c/o Plaintiff's Counsel<br>Alston & Bird LLP<br>90 Park Avenue<br>New York, NY 10016<br>(212)210-9400 | Laura Martin likely has discoverable information about Rockwell products, including warranty, repair, and customer complaints. |

| | |
|---|---|
| Anna Barbacka<br>Rockwell Automation, Inc.<br>c/o Plaintiff's Counsel<br>Alston & Bird LLP<br>90 Park Avenue<br>New York, NY 10016<br>(212)210-9400 | Anna Barbacka likely has discoverable information about interactions with Rockwell customers regarding Defendant and unauthorized Rockwell products sold by Defendant. |
| Christoph Bank<br>Rockwell Automation, Inc.<br>c/o Plaintiff's Counsel<br>Alston & Bird LLP<br>90 Park Avenue<br>New York, NY 10016<br>(212)210-9400 | Christoph Bank likely has discoverable information about interactions with Rockwell customers regarding Defendant and unauthorized Rockwell products sold by Defendant. |
| Brett Reed<br>c/o Plaintiff's Counsel<br>Alston & Bird LLP<br>90 Park Avenue<br>New York, NY 10016<br>(212)210-9400 | The subjects of Mr. Reed's information are described in Mr. Reed's January 6, 2023 and February 17, 2023 expert reports, as well as the transcript of the March 2, 2023 deposition of Mr. Reed. |
| David Franklyn<br>c/o Plaintiff's Counsel<br>Alston & Bird LLP<br>90 Park Avenue<br>New York, NY 10016<br>(212)210-9400 | The subjects of Mr. Franklyn's information are described in Mr. Franklyn's January 6, 2023 and February 17, 2023 expert reports, as well as the transcript of the March 3, 2023 deposition of Mr. Franklyn. |
| Mark Paliszewski<br>Recon Management, LLC<br>c/o Plaintiff's Counsel<br>Alston & Bird LLP<br>90 Park Avenue<br>New York, NY 10016<br>(212)210-9400 | The subjects of Mr. Paliszewski's information are described in his February 17, 2023 declaration and include the documents cited therein. |

| | |
|---|---|
| Current and former WA employees | One or more WA witnesses likely has discoverable information about (a) WA advertising, marketing, sales (including sales, revenues, customer lists, and other financial information), and offers to sell Rockwell Products; (b) WA's purchasing and acquisition of Rockwell Products, including the sources from whom WA obtains Rockwell Products and the prices paid by WA for such Rockwell Products; (c) WA's website, including the content of the website, modifications to the website, and communications posted or received on or via the website; (d) customer complaints, product returns, and warranty claims received by WA concerning Rockwell Products; (e) any warranty services provided or not provided by WA; (f) representations made by WA concerning the nature of Rockwell products, the steps taken to ensure the accuracy of such representations, and WA's awareness and knowledge of whether such representations were true; (g) any quality checks, tests or inspections conducted by WA on Rockwell Products offered for sale by WA; and (h) WA's organizational structure and the corporate relationship between and among WA and other related business entities. |
| Suppliers of WA | Suppliers of WA likely have discoverable information about (a) sourcing Rockwell products; (b) pricing of Rockwell products; (c) contractual limitations on Rockwell products; and (d) quality of Rockwell products. |

**B.    Rule 26(a)(l)(A)(ii): A copy--or a description by category and location--of all documents, electrically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

The following are categories of documents, electronically stored information, and tangible things that are in the possession, custody, or control of Rockwell that may be used to support its claims or defenses, based upon the information reasonably available at this time:

1. Documents concerning Plaintiff's Trademarks;

2. Rockwell's product warranties;

3. Rockwell's distribution agreements and distribution policies;

4. Documents concerning Rockwell's adoption, implementation, and enforcement of its distribution agreements and distribution policies;

5. Documents concerning Rockwell's sales of Rockwell Products through its authorized distributors;

6. Documents concerning Rockwell's pricing of Rockwell Products;

7. Documents concerning Rockwell's marketing of Rockwell Products;

8. Documents concerning Rockwell's authorized distribution network; and,

9. Rockwell's firmware license agreements and documents concerning Rockwell's adoption, implementation and enforcement thereof.

All documents listed above are located at one or more of Rockwell's offices. In addition, certain relevant documents are also publicly available on Rockwell's website, www.rockwell.com, including but not limited to those found in Rockwell's Literature Library, SAP, and DGS systems.

10. Any documents provided to or from Rockwell during discovery related to the subject matter of this action; and

11. Any information identified in WA's initial disclosures related to the subject matter of this action, and any other information revealed during discovery relevant to the subject matter of this action.

**C.   Rule 26(a)(l)(A)(iii): A computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

At this stage of the action, and in part because much of the information on which Rockwell's damages claims will be based has yet to be produced by WA in discovery, Rockwell has yet to prepare a computation of each category of damages claimed.

Based on current information available to Rockwell, Rockwell discloses the following: under 15 U.S.C. § 1117, all profits received by WI Automation from the sales and revenues of any kind made as a result of WI Automation's sales of Unauthorized Rockwell Products, and damages, to be determined, that Rockwell has suffered as a result of WI Automation's sales and marketing of Unauthorized Rockwell Products (including, but not limited to, Rockwell's lost profits, price erosion, and damages awarded pursuant to 15 U.S.C. § 1117 and 6 Del. C. § 2532 *et seq,* trebled). Rockwell will also seek all recoverable damages--including, but not limited to, lost profits, actual damages, and punitive damages--on account of WA's conduct that constitutes unfair competition in violation of the common law of Delaware. Rockwell will also seek its reasonable attorneys' fees and costs, and the award of pre- judgment and post-judgment interest.

In addition to seeking damages, Rockwell will also seek such other and further relief as this Court deems just and equitable, including but not limited to equitable relief to enjoin WA and its respective officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with them from continuing to engage in unlawful conduct and from further infringement of Rockwell's rights.

Further information regarding the amount and computation of damages that Rockwell is seeking is contained in the January 6, 2023 and February 17, 2023 expert reports of Brett Reed, as well as the transcript of the March 2, 2023 deposition of Mr. Reed, all of which are incorporated herein by reference.

**D.      Rule 26(a)(l)(A)(iv): For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Rockwell does not believe that it is a party to any agreement that relates to this action and "under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment."

|  |  |
|---|---|
|  | HEYMAN ENERIO GATTUSO & HIRZEL LLP |
|  | */s/ Dominick T. Gattuso*<br>Dominick T. Gattuso (# 3630) |
| OF COUNSEL: | 300 Delaware Ave., Suite 200<br>Wilmington, DE 19801 |
| Paul Tanck | Tel: (302) 472-7311 |
| Neal J. McLaughlin | dgattuso@hegh.law |
| Christopher L. McArdle |  |
| ALSTON & BIRD LLP | *Attorneys for Plaintiffs* |
| 90 Park Avenue |  |
| New York, NY 10016 |  |
| Tel: (212) 210-9400 |  |
| paul.tanck@alston.com |  |
| neal.mclaughlin@alston.com |  |
| chris.mcardle@alston.com |  |
|  |  |
| Matthew M. Welch |  |
| ALSTON & BIRD LLP |  |
| One South at The Plaza |  |
| 101 South Tryon Street |  |
| Suite 4000 |  |

Charlotte, NC 28280-4000
Tel: 704-444-1409
matt.welch@alston.com

Joshua M. Weeks
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Suite 4900
Atlanta, GA 30309-3424
Tel: 404-881-7000
joshua.weeks@alston.com

Dated:  April 27, 2023