# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|

ROCKWELL AUTOMATION, INC., )
)
Plaintiff, )
)
v. )          C.A. No. 21-1238-GBW-JLH
)
PARCOP S.R.L. d/b/a WIAUTOMATION, )          **JURY TRIAL DEMANDED**
)
Defendant. )
)
)

**ROCKWELL'S FIFTH SUPPLEMENTAL AND AMENDED OBJECTIONS
AND RESPONSES TO DEFENDANT WIAUTOMATION'S
INTERROGATORIES (NOS. 1-25)**

Plaintiff Rockwell Automation, Inc. ("Rockwell" or "Plaintiff"), for its responses and objections to Defendant Parcop S.R.L. d/b/a WiAutomation's ("WiAutomation," "WA," or "Defendant") First Set of Interrogatories dated April 5, 2022 (the "Interrogatories"), states as follows:

**<u>GENERAL OBJECTIONS</u>**

1.      Rockwell objects to the Interrogatories to the extent they exceed the scope of permitted discovery or attempt to impose obligations that do not exist under the Federal Rules of Civil Procedure or otherwise.

2.      Rockwell objects to the Interrogatories to the extent that the Interrogatories, including all discrete subparts, exceed the 25 interrogatory limit established by the Federal Rules and the Scheduling Order in this case.

3.      Rockwell objects to the Interrogatories to the extent that they seek information or documents that are protected by the attorney-client privilege, the work-product doctrine, the joint-

1

defense privilege, or documents prepared in anticipation of litigation; documents that constitute or disclose the mental impressions, conclusions, opinions or legal theories of any attorney of Rockwell concerning this or any other litigation; or documents that are protected by any other applicable privilege or doctrine. Any production, inadvertent or otherwise, of any information protected from disclosure by virtue of any applicable privilege, doctrine, or other protections shall not be deemed or construed to constitute a waiver of any rights or privileges or other protection, and shall not prejudice the right of Rockwell to object to any subsequent use of such information. Rockwell reserves the right to demand the return of any such information or document, and any copies thereof, and the destruction of any materials that contain information derived from any such document.

4.      Rockwell objects to the Interrogatories to the extent that they call for information that may or could be obtained from publicly available sources or other sources to which Defendant has equal access.

5.      Rockwell objects to the Interrogatories to the extent that they seek information already in Defendant's possession, custody or control.

6.      Rockwell objects to the Interrogatories to the extent that they are vague, ambiguous, duplicative, unduly burdensome, overbroad, or outside the scope of permissible discovery.

7.      Rockwell objects to the Interrogatories to the extent that they seek information that is not relevant to any party's claim or defense or is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

8.      Rockwell objects to the Interrogatories to the extent that they are not limited to a reasonable time frame.

9.      Rockwell objects to, and will not be bound by, the Definitions and Instructions listed in the Interrogatories to the extent that they purport to impose vague, ambiguous, overly broad, unduly burdensome or oppressive demands beyond those imposed by the Federal Rules of Civil Procedure, Local Rules or otherwise.

10.      Rockwell objects to the definition of the terms "Rockwell," "Plaintiff," "you," and "your" set forth in the Definitions on the grounds that the definition is vague, indefinite, ambiguous, unduly broad, burdensome, and attempts to place a burden on Rockwell that is inconsistent with the Federal Rules of Civil Procedure and/or the Local Rules of this Court.

11.      Rockwell objects to the definition of the terms "WiAutomation" and "Defendant" to the extent that it includes "all persons who are authorized to act for or on its behalf" on the grounds that the definition is vague, indefinite, ambiguous, unduly broad and burdensome because Defendant has not positively identified any individuals "who are authorized to act for or on its behalf" for the purposes of this definition.

12.      Rockwell objects to the definition of the term "Complaint" the grounds that the definition is vague, indefinite and ambiguous, as no person or entity named "Chin" filed a complaint in this case.

13.      Rockwell objects to the definition of "state all facts" on the grounds that the definition is vague, indefinite, ambiguous, unduly broad, burdensome, not proportional to the needs of the case, results in the interrogatories being comprised of multiple distinct sub-parts beyond the permissible number of interrogatories under the Federal Rules and the Scheduling

Order in this case, and attempts to place a burden on Rockwell that is inconsistent with the Federal Rules of Civil Procedure and/or the Local Rules of this Court.

14.     Rockwell objects to the definition of "relating, concern, reflect, or refer to" and "relating, concerning, reflecting or referring to" as overbroad and overburdensome because it renders the term susceptible to being construed or applied with excessive and nearly limitless breadth. For example, through the definition, Defendant seeks information that "has any logical or factual connection with" any specified subject in any fashion whatsoever. Under such an expansive definition, a request for all documents relating to a contract would encompass the receipt for the pen that signed it. To avoid such overbreadth and unnecessary burden, Rockwell will interpret "relate to" and its variants to mean embodies, constitutes, comprises and consists.

15.     Rockwell objects to the defined term, "identify" (Definition Nos. 11-14) to the extent that the definitions result in the interrogatories being comprised of multiple distinct sub-parts beyond the permissible number of interrogatories under the Federal Rules and the Scheduling Order in this case and attempts to place a burden on Rockwell that is inconsistent with the Federal Rules of Civil Procedure and/or the Local Rules of this Court.

16.     The specific responses set forth below are based on information now available to Rockwell, and Rockwell reserves the right to revise, correct, add to, or clarify the objections or responses set forth herein at any time.

17.     Rockwell's responses to the Interrogatories shall not be deemed to constitute admissions as to any particular fact contained in the Interrogatories, that any statement or characterization in the Interrogatories is accurate or complete, or that any particular document exists, is discoverable, or is admissible into evidence. No incidental or implied admissions are intended by these answers. The fact that Rockwell has answered or objected to and/or not answered

any Interrogatory should not be taken as an admission that Rockwell admits the existence of any facts set forth or assumed by such Interrogatory. That Rockwell has answered part or all of any Interrogatory is not intended to be, and shall not be construed to be, a waiver by Rockwell of any part of any objection to any Interrogatory.

18.    The General Objections set forth above are incorporated in each response set forth below, and shall be deemed to be continuing even though not specifically referred to in each response to each specific request. Inclusion of one or more of the General Objections in a specific objection to any given interrogatory does not constitute a waiver of the remainder of the objections for that interrogatory.

## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 1:**

Identify each and every person who prepared or assisted in the preparation of the answers to these interrogatories, each and every person who provided information for the answers to these interrogatories, whether or not the information was finally used, and the specific interrogatories for which each such person provided information.

**RESPONSE:**

The General Objections are incorporated herein.  Rockwell objects to this Interrogatory to the extent it seeks information and documents protected by the attorney-client privilege and/or work product doctrine.  Rockwell further objects to the Interrogatory as overbroad, unduly burdensome, and oppressive in its request that "each and every person" be identified.  Rockwell objects to this Interrogatory to the extent it is duplicative of Interrogatory No. 2.

5

Subject to and without waiting its objections, Rockwell states that John Miller, Ryan Smaglik and its outside counsel prepared and assisted in the preparation of these interrogatory responses.

**INTERROGATORY NO. 2:**

Identify each and every person, including names, addresses and telephone numbers, having knowledge of any allegation of the Complaint or Answer and state separately for each person identified the allegations of the Complaint or Answer, by paragraph number, of which he or she has knowledge.

**RESPONSE:**

The General Objections are incorporated herein. Rockwell objects to this Interrogatory to the extent it seeks information and documents protected by the attorney-client privilege and/or work product doctrine. Rockwell further objects to the Interrogatory as overbroad, unduly burdensome, and oppressive in its request that "each and every person" with knowledge be identified. Rockwell objects to this Interrogatory to the extent it is duplicative of Interrogatory No. 1.

Subject to and without waiving its objections, Rockwell responds by listing some individuals below affiliated with Rockwell who may possess discoverable knowledge or information concerning the factual allegations made in the Complaint and the subject(s) of that information:

| Name/Address/Telephone | Subjects of Information |
|---|---|
| Ryan Smaglik<br>Rockwell<br>Automation, Inc.<br>c/o Plaintiff's Counsel<br>Alston & Bird LLP<br>90 Park Avenue<br>New York, NY 10016<br>(212)210-9400 | Ryan Smaglik likely has discoverable information about (a) Rockwell's pricing and sale of Rockwell Products (b) Rockwell's distributor agreements and the incorporated distributor policies; (c) the adverse impact on Rockwell and Rockwell's authorized distributors relating to the unauthorized sale of Rockwell Products; (d) gray market sales; (e) Rockwell's warranty and remanufacturing process; (f) material differences; (g) customer complaints; (h) Rockwell customers (i.e. OEM, System integrators, etc.) |
| Warren Devilbiss<br>Rockwell Automation, Inc. c/o<br>Plaintiff's Counsel<br>Alston & Bird LLP<br>90 Park Avenue<br>New York, NY 10016<br>(212)210-9400 | Warren Devilbiss likely has discoverable information about Rockwell products and Rockwell's product safety and cybersecurity procedures and warranty and remanufacturing processes. |
| Justin Orofino<br>Rockwell Automation, Inc. c/o<br>Plaintiff's Counsel<br>Alston & Bird LLP<br>90 Park Avenue<br>New York, NY 10016<br>(212)210-9400 | Justin Orofino likely has discoverable information about Rockwell products, including financial, sales, pricing information. |
| Anna Barbacka<br>Rockwell Automation, Inc. c/o<br>Plaintiff's Counsel<br>Alston & Bird LLP<br>90 Park Avenue<br>New York, NY 10016<br>(212)210-9400 | Anna Barbacka likely has discoverable information about interactions with Rockwell customers regarding Defendant and unauthorized Rockwell products sold by Defendant. |
| Christoph Bank<br>Rockwell Automation, Inc. c/o<br>Plaintiff's Counsel<br>Alston & Bird LLP<br>90 Park Avenue<br>New York, NY 10016<br>(212)210-9400 | Christoph Bank likely has discoverable information about interactions with Rockwell customers regarding Defendant and unauthorized Rockwell products sold by Defendant. |

| | |
|---|---|
| Brett Reed<br>c/o Plaintiff's Counsel<br>Alston & Bird LLP<br>90 Park Avenue<br>New York, NY 10016<br>(212)210-9400 | The subjects of Mr. Reed's information are described in Mr. Reed's January 6, 2023 and February 17, 2023 expert reports, as well as the transcript of the March 2, 2023 deposition of Mr. Reed. |
| David Franklyn<br>c/o Plaintiff's Counsel<br>Alston & Bird LLP<br>90 Park Avenue<br>New York, NY 10016<br>(212)210-9400 | The subjects of Mr. Franklyn's information are described in Mr. Franklyn's January 6, 2023 and February 17, 2023 expert reports, as well as the transcript of the March 3, 2023 deposition of Mr. Franklyn. |
| Mark Paliszewski<br>Recon Management, LLC<br>c/o Plaintiff's Counsel<br>Alston & Bird LLP<br>90 Park Avenue<br>New York, NY 10016<br>(212)210-9400 | The subjects of Mr. Paliszewski's information are described in his February 17, 2023 declaration and include the documents cited therein. |
| Current and former WA employees | One or more WA witnesses likely has discoverable information about (a) WA advertising, marketing, sales (including sales, revenues, customer lists, and other financial information), and offers to sell Rockwell Products; (b) WA's purchasing and acquisition of Rockwell Products, including the sources from whom WA obtains Rockwell Products and the prices paid by WA for such Rockwell Products; (c) WA's website, including the content of the website, modifications to the website, and communications posted or received on or via the website; (d) customer complaints, product returns, and warranty claims received by WA concerning Rockwell Products; (e) any warranty services provided or not provided by WA; (f) representations made by WA concerning the nature of Rockwell products, the steps taken to ensure the accuracy of such representations, and WA's awareness and knowledge of whether such representations were true; (g) any quality checks, tests or inspections conducted by WA on Rockwell Products offered for sale by WA; and (h) WA's organizational structure and the corporate relationship between and among WA and other related business entities. |

| Suppliers of WA | Suppliers of WA likely have discoverable information about (a) sourcing Rockwell products; (b) pricing of Rockwell products; (c) contractual limitations on Rockwell products; and (d) quality of Rockwell products. |
|---|---|

Rockwell's investigation is ongoing and Rockwell reserves the right to supplement its response to this Interrogatory.

**INTERROGATORY NO. 3:**

With respect to the allegations of damages set forth in the Complaint:

a.      describe the nature of each component of such damages and the dollar amount of each component of such damages you claim to have suffered;

b.      identify any documents which refer or relate to your claim of damages; and

c.      set forth any calculations employed by you to arrive at your damage figure and any component thereof, including any alternative calculations.

**RESPONSE:**

The General Objections are incorporated herein.  Rockwell objects to the Interrogatory because it is overbroad, vague, ambiguous and unduly burdensome. Rockwell further objects to the Interrogatory because it includes multiple discrete subparts, the sum of which, together with all other interrogatories and subparts, exceeds the 25 interrogatory limit established by the Federal Rules and the Scheduling Order in this case.  Rockwell objects to this Interrogatory to the extent it seeks information and documents protected by the attorney-client privilege and/or work product doctrine. Rockwell objects to this Interrogatory as vague and ambiguous as to the scope of the Interrogatory. Rockwell objects to this Interrogatory as vague and ambiguous, overbroad, unduly burdensome, and oppressive as to its request for the "nature of each component" and "dollar amount of each component." Rockwell objects to this interrogatory because it requires Rockwell to marshal all of its available proof or the proof that Rockwell may offer at trial.

In response to this Interrogatory, Rockwell will provide a response encompassing the current state of its knowledge, belief, and understanding, but reserves the right to supplement its Interrogatory response.

Subject to and without waiving its objections, Rockwell states that, as a result of Defendant's conduct, Plaintiff has suffered damages, including but not limited to in the form of lost customers, lost sales, lost profits, and price erosion. In addition, Plaintiff has suffered from lost goodwill, and Rockwell's reputation with both its customers and its authorized distributors has been damaged. Furthermore, because of Defendant's conduct, Rockwell's leadership reputation has suffered in the market for Rockwell products. Rockwell has no adequate remedy at law for the continuing harm caused by Defendant, and thus, Rockwell is entitled to injunctive relief. Rockwell is entitled to an award of damages, treble damages, punitive damages, Defendant's profits, attorneys' fees, pre-judgment and post-judgment interest, and such other relief as the Court deems just and equitable.  For example, Rockwell seeks all profits received by WI Automation from the sales and revenues of any kind made as a result of WI Automation's sales of Unauthorized Rockwell Products.  These profits are not limited to profits from only the direct sales of Unauthorized Rockwell Products, but also from its sales of Rockwell products other than those alleged to be "new," sales of non-Rockwell products, repair services, and all other revenue attributable to or in any way resulting from its sale of allegedly "new" Rockwell products.

Rockwell incorporates by reference in their entireties the January 6, 2023 and February 17, 2023 expert reports of Rockwell's expert Brett Reed and the materials cited therein, as well as the transcript of the March 3, 2023 deposition of Brett Reed.

Rockwell incorporates by reference the entirety of Plaintiff's Concise Statement of Material Facts not in Dispute in Support of its Motion for Summary Judgment on Rockwell's

Claims (Counts I, II, IV, and V) (D.I. 152) and the exhibits relied upon therein. Rockwell incorporates by reference the entirety of Rockwell's Reply to Defendants Response to Rockwell's Concise Statement of Material Facts not in Dispute in Support of its Motion for Summary Judgment on Rockwell's Claims (Counts I, II, IV, and V) (D.I. 223) and the exhibits relied upon therein. Rockwell incorporates by reference the entirety of Plaintiff's Concise Statement of Material Facts not in Dispute in Support of its Answering Brief in Opposition to Defendant's Motion for Summary Judgment on All Counts of Plaintiff's Complaint (D.I. 189) and the exhibits relied upon therein.

Rockwell also incorporates by reference in their entireties of Ryan Smaglik's March 17, 2023 (D.I. 147); March 31, 2023 (D.I. 192), and April 10, 2023 (D.I. 224) declarations and the exhibits relied upon in each of these respective declarations. Rockwell incorporates by reference in its entirety the March 30, 2023 Warren DeVilbiss declaration (D.I. 193) and the exhibit relied upon therein.

Rockwell further states, pursuant to Fed R. Civ. P. 33(d), that an answer may be derived from Defendant's purchase, sale revenue and costs records, Defendant's financial reports; Defendant's interrogatory responses regarding its purchases, sales, revenue and costs, information contained in the parties' financial reporting software, as well as from the following documents: ROCK-00007799-819; ROCK-00008386-409; ROCK-00009772-802; ROCK-00011817-866; ROCK-00011894-967; ROCK-00011972-2252; ROCK-00012410-987; ROCK-00013502-15692; ROCK-00015843-58; ROCK-00015859; and ROCK-00015860-61.

Rockwell further states that it may make available or produce further relevant, non-privileged responsive information or documents in its possession, custody or control pursuant to Fed. R. Civ. P. 33(d) from which a response may be derived, to the extent such information exists.

Rockwell will provide this information in accordance with the Scheduling Order and the relevant Local Rules.

Rockwell's investigation is ongoing and Rockwell reserves the right to supplement its response to this Interrogatory.

**INTERROGATORY NO. 4:**

Identify each person you anticipate, expect or intend to call as a witness at trial, and with respect to each such person:

a.      describe in detail the person's knowledge of the facts, theories and/or allegations concerning the matters asserted in the Complaint; and

b.      identify the subject matter on which he is expected to testify.

**RESPONSE:**

The General Objections are incorporated herein.  Rockwell objects to the Interrogatory because it is overbroad, vague, ambiguous and unduly burdensome.  Rockwell objects to this Interrogatory to the extent it seeks information and documents protected by the attorney-client privilege and/or work product doctrine, particularly as it explicitly requests disclosure of Rockwell's trial strategy.  Rockwell objects to this interrogatory because it requires Rockwell to marshal all of its available proof or the proof that Rockwell may offer at trial.  Rockwell further objects to the Interrogatory to the extent it is duplicative of Rockwell's disclosure requirements under the Federal Rules, Local Rules, and the Scheduling Order in this case.

Subject to and without waiving its objections, Rockwell states that it will disclose the information required in its pretrial and expert disclosures in accordance with the deadlines for doing so established by the Federal Rules, Local Rules, and the Scheduling Order in this case. Rockwell further responds by listing some individuals below affiliated with Rockwell who may

possess discoverable knowledge or information concerning the factual allegations made in the

Complaint and the subject(s) of that information:

| Name/Address/Telephone | Subjects of Information |
|---|---|
| Ryan Smaglik<br>Rockwell Automation, Inc.<br>c/o Plaintiff's Counsel<br>Alston & Bird LLP<br>90 Park Avenue<br>New York, NY 10016<br>(212)210-9400 | Ryan Smaglik likely has discoverable information about (a) Rockwell's pricing and sale of Rockwell Products (b) Rockwell's distributor agreements and the incorporated distributor policies; (c) the adverse impact on Rockwell and Rockwell's authorized distributors relating to the unauthorized sale of Rockwell Products; (d) gray market sales; (e) Rockwell's warranty and remanufacturing process; (f) material differences; (g) customer complaints; (h) Rockwell customers (i.e. OEM, System integrators, etc.) |
| Warren Devilbiss<br>Rockwell Automation, Inc. c/o Plaintiff's Counsel<br>Alston & Bird LLP<br>90 Park Avenue<br>New York, NY 10016<br>(212)210-9400 | Warren Devilbiss likely has discoverable information about Rockwell products and Rockwell's product safety and cybersecurity procedures and warranty and remanufacturing processes. |
| Justin Orofino<br>Rockwell Automation, Inc. c/o Plaintiff's Counsel<br>Alston & Bird LLP<br>90 Park Avenue<br>New York, NY 10016<br>(212)210-9400 | Justin Orofino likely has discoverable information about Rockwell products, including financial, sales, pricing information. |
| Anna Barbacka<br>Rockwell Automation, Inc. c/o Plaintiff's Counsel<br>Alston & Bird LLP<br>90 Park Avenue<br>New York, NY 10016<br>(212)210-9400 | Anna Barbacka likely has discoverable information about interactions with Rockwell customers regarding Defendant and unauthorized Rockwell products sold by Defendant. |

| | |
|---|---|
| Christoph Bank<br>Rockwell Automation, Inc. c/o<br>Plaintiff's Counsel<br>Alston & Bird LLP<br>90 Park Avenue<br>New York, NY 10016<br>(212)210-9400 | Christoph Bank likely has discoverable information about interactions with Rockwell customers regarding Defendant and unauthorized Rockwell products sold by Defendant. |
| Brett Reed<br>c/o Plaintiff's Counsel<br>Alston & Bird LLP<br>90 Park Avenue<br>New York, NY 10016<br>(212)210-9400 | The subjects of Mr. Reed's information are described in Mr. Reed's January 6, 2023 and February 17, 2023 expert reports, as well as the transcript of the March 2, 2023 deposition of Mr. Reed. |
| David Franklyn<br>c/o Plaintiff's Counsel<br>Alston & Bird LLP<br>90 Park Avenue<br>New York, NY 10016<br>(212)210-9400 | The subjects of Mr. Franklyn's information are described in Mr. Franklyn's January 6, 2023 and February 17, 2023 expert reports, as well as the transcript of the March 3, 2023 deposition of Mr. Franklyn. |
| Mark Paliszewski<br>Recon Management, LLC<br>c/o Plaintiff's Counsel<br>Alston & Bird LLP<br>90 Park Avenue<br>New York, NY 10016<br>(212)210-9400 | The subjects of Mr. Paliszewski's information are described in his February 17, 2023 declaration and include the documents cited therein. |

| Current and former WA employees | One or more WA witnesses likely has discoverable information about (a) WA advertising, marketing, sales (including sales, revenues, customer lists, and other financial information), and offers to sell Rockwell Products; (b) WA's purchasing and acquisition of Rockwell Products, including the sources from whom WA obtains Rockwell Products and the prices paid by WA for such Rockwell Products; (c) WA's website, including the content of the website, modifications to the website, and communications posted or received on or via the website; (d) customer complaints, product returns, and warranty claims received by WA concerning Rockwell Products; (e) any warranty services provided or not provided by WA; (f) representations made by WA concerning the nature of Rockwell products, the steps taken to ensure the accuracy of such representations, and WA's awareness and knowledge of whether such representations were true; (g) any quality checks, tests or inspections conducted by WA on Rockwell Products offered for sale by WA; and (h) WA's organizational structure and the corporate relationship between and among WA and other related business entities. |
|---|---|
| Suppliers of WA | Suppliers of WA likely have discoverable information about (a) sourcing Rockwell products; (b) pricing of Rockwell products; (c) contractual limitations on Rockwell products; and (d) quality of Rockwell products. |

Rockwell's investigation is ongoing and Rockwell reserves the right to supplement its response to this Interrogatory.

**INTERROGATORY NO. 5:**

Identify each person that you intend to call to testify as an expert witness at trial and with respect to each such person:

a.      summarize his or her qualifications within the field in which he or she is expected to testify;

b.      summarize the substance of the conclusions and opinions as to which each such expert is expected to testify and the bases for each such conclusion and opinion;

c.      identify all documents relied upon by each such expert in forming his or her opinion; and

       d.      identify any reports or documents prepared by or on behalf of each such expert for this lawsuit.

**RESPONSE:**

The General Objections are incorporated herein.  Rockwell further objects to the Interrogatory because it includes multiple discrete subparts, the sum of which, together with all other interrogatories and subparts, exceeds the 25 interrogatory limit established by the Federal Rules and the Scheduling Order in this case.  Rockwell objects to the Interrogatory because it is overbroad, vague, ambiguous and unduly burdensome.  Rockwell objects to this Interrogatory to the extent it seeks information and documents protected by the attorney-client privilege and/or work product doctrine, particularly as it explicitly requests disclosure of Rockwell's trial strategy. Rockwell objects to this interrogatory because it requires Rockwell to marshal all of its available proof or the proof that Rockwell may offer at trial.  Rockwell further objects to the Interrogatory to the extent it is duplicative of Rockwell's disclosure requirements under the Federal Rules, Local Rules, and the Scheduling Order in this case.  Rockwell objects to this Interrogatory to the extent it requests information protected from disclosure by Fed. R. Civ. P. 26.

Subject to and without waiving its objections, Rockwell states that it will disclose the information required in its pretrial and expert disclosures in accordance with the deadlines for doing so established by the Federal Rules, Local Rules, and the Scheduling Order in this case.

Rockwell further responds by listing some individuals below who Rockwell may call to testify at trial in an expert capacity and the subject(s) of their information:

| Name/Address/Telephone | Subjects of Information |
|---|---|
| Brett Reed<br>c/o Plaintiff's Counsel<br>Alston & Bird LLP<br>90 Park Avenue<br>New York, NY 10016<br>(212)210-9400 | The subjects of Mr. Reed's information are described in Mr. Reed's January 6, 2023 and February 17, 2023 expert reports, as well as the transcript of the March 2, 2023 deposition of Mr. Reed. |
| David Franklyn<br>c/o Plaintiff's Counsel<br>Alston & Bird LLP<br>90 Park Avenue<br>New York, NY 10016<br>(212)210-9400 | The subjects of Mr. Franklyn's information are described in Mr. Franklyn's January 6, 2023 and February 17, 2023 expert reports, as well as the transcript of the March 3, 2023 deposition of Mr. Franklyn. |

Rockwell's investigation is ongoing and Rockwell reserves the right to supplement its response to this Interrogatory.

**INTERROGATORY NO. 6:**

Identify all documents consulted during the preparation of the answers to these interrogatories. For each document identified, state by number the interrogatory answer or answers for which such document was consulted.

**RESPONSE:**

The General Objections are incorporated herein.  Rockwell further objects to the Interrogatory because it includes multiple discrete subparts, the sum of which, together with all other interrogatories and subparts, exceeds the 25 interrogatory limit established by the Federal Rules and the Scheduling Order in this case.  Rockwell objects to the Interrogatory because it is overbroad, vague, ambiguous and unduly burdensome.  Rockwell objects to this Interrogatory to the extent it seeks information and documents protected by the attorney-client privilege and/or

work product doctrine, particularly as it explicitly requests disclosure of Rockwell's trial strategy. Rockwell further objects to the Interrogatory to the extent it is duplicative of Rockwell's disclosure requirements under the Federal Rules, Local Rules, and the Scheduling Order in this case.

Subject to and without waiving its objections, Rockwell states that the documents that it produced to Defendants and the few documents that Defendants have produced to Rockwell in this case have been reviewed in connection with Defendant's interrogatories.

Rockwell's investigation is ongoing and Rockwell reserves the right to supplement its response to this Interrogatory.

**INTERROGATORY NO. 7:**

Identify all documents that refer or relate to the facts, theories and/or allegations underlying the claims and/or defenses raised in the Complaint and Answer, including, but not limited to (a) all documents that you intend to use to support your claims, and (b) all documents that you intend to offer as an exhibit at the time of trial.

**RESPONSE:**

The General Objections are incorporated herein. Rockwell further objects to the Interrogatory because it includes multiple discrete subparts, the sum of which, together with all other interrogatories and subparts, exceeds the 25 interrogatory limit established by the Federal Rules and the Scheduling Order in this case. Rockwell objects to the Interrogatory because it is overbroad, vague, ambiguous and unduly burdensome. The General Objections are incorporated herein. Rockwell objects to the Interrogatory because it is overbroad, vague, ambiguous and unduly burdensome. Rockwell further objects to the Interrogatory as overbroad, unduly burdensome, and oppressive in its request that "any" documents be identified. Rockwell objects to this interrogatory because it requires Rockwell to marshal all of its available proof or the proof

18

that Rockwell may offer at trial.  Rockwell objects to this Interrogatory to the extent it seeks information and documents protected by the attorney-client privilege and/or work product doctrine, particularly as it explicitly requests disclosure of Rockwell's trial strategy.  Rockwell further objects to the Interrogatory to the extent it is duplicative of Rockwell's disclosure requirements under the Federal Rules, Local Rules, and the Scheduling Order in this case.

Subject to and without waiving its objections, Rockwell states that it will disclose the information required in its pretrial and expert disclosures in accordance with the deadlines for doing so established by the Federal Rules, Local Rules, and the Scheduling Order in this case.

Rockwell further states that the documents that it produced to Defendants and the few documents that Defendants have produced to Rockwell in this case (including, but not limited to, those explicitly cited in these interrogatory responses), as well as the February 17, 2023 declaration of Mark Paliszewski and the documents cited therein; Brett Reed's January 6, 2023 and February 17, 2023 expert reports and the documents cited therein, as well as the transcript of the March 2, 2023 deposition of Mr. Reed; David Franklyn's January 6, 2023 and February 17, 2023 expert reports and the documents cited therein, as well as the transcript of the March 3, 2023 deposition of Mr. Franklyn; the transcript of the December 19-20, 2022 deposition of Ryan Smaglik; Ryan Smaglik's March 17, 2023 (D.I. 147); March 31, 2023 (D.I. 192), and April 10, 2023 (D.I. 224) declarations and the exhibits relied upon in each of these respective declarations; the March 30, 2023 Warren DeVilbiss declaration (D.I. 193) and the exhibit relied upon therein; and the transcripts of and exhibits to the depositions of Defendant and its employees are relevant to the facts, theories and/or allegations underlying the claims and/or defenses raised in the Complaint and Answer.

Rockwell further states that the following documents are relevant to the facts, theories and/or allegations underlying the claims and/or defenses raised in the Complaint and Answer: the entirety of Plaintiff's Concise Statement of Material Facts not in Dispute in Support of its Motion for Summary Judgment on Rockwell's Claims (Counts I, II, IV, and V) (D.I. 152) and the exhibits relied upon therein; the entirety of Rockwell's Reply to Defendants Response to Rockwell's Concise Statement of Material Facts not in Dispute in Support of its Motion for Summary Judgment on Rockwell's Claims (Counts I, II, IV, and V) (D.I. 223) and the exhibits relied upon therein; and the entirety of Plaintiff's Concise Statement of Material Facts not in Dispute in Support of its Answering Brief in Opposition to Defendant's Motion for Summary Judgment on All Counts of Plaintiff's Complaint (D.I. 189) and the exhibits relied upon therein. Rockwell's investigation is ongoing and Rockwell reserves the right to supplement its response to this Interrogatory.

**INTERROGATORY NO. 8:**

Describe in detail any non-privileged statements made by any person who is a party to this lawsuit, which refers or relates to the subject matter of the lawsuit, and provide a copy of any statement.

**RESPONSE:**

The General Objections are incorporated herein.  Rockwell objects to the Interrogatory because it is overbroad, vague, ambiguous and unduly burdensome. Rockwell objects to this interrogatory because it requires Rockwell to marshal all of its available proof or the proof that Rockwell may offer at trial.  Rockwell further objects to the Interrogatory as overbroad, unduly burdensome, and oppressive in its request that "any" statements be described regardless of timeframe and whether they bear any relation to Defendant or the products Defendant sells.

Identification of a document or statement in response to this Interrogatory does not constitute an admission about the status of any entity or individual referenced in the document or statement as it relates to Rockwell, *i.e.*, whether the entity or individual is an agent, representative, privy, etc.

Subject to and without waiving its objections, Rockwell states, pursuant to Fed R. Civ. P. 33(d), that an answer may be derived from the following documents that have been produced to Defendants: ROCK-00000001-092; ROCK00000096-125; ROCK-00011817-866; ROCK-00012391-396; ROCK-00012404-409; ROCK-00012490-987; ROCK-00015859-68; the transcript of the Dec. 21, 2022 deposition of Fulvio Coppola; the transcript of the December 6, 2022 deposition of Luca Coppola; the transcript of the December 1, 2022 deposition of Danilo Schiano Di Cola; the transcript of the December 13, 2022 deposition of Porfirio Ladonea; the transcript of the November 29, 2022 deposition of Luigi Scotto di Carlo; the transcript of the December 19-20, 2022 deposition of Ryan Smaglik; entireties of Ryan Smaglik's March 17, 2023 (D.I. 147); March 31, 2023 (D.I. 192), and April 10, 2023 (D.I. 224) declarations and the exhibits relied upon in each of these respective declarations; and the March 30, 2023 Warren DeVilbiss declaration (D.I. 193) and the exhibit relied upon therein.

Rockwell further states that it may make available or produce further relevant, non-privileged responsive information or documents in its possession, custody or control pursuant to Fed. R. Civ. P. 33(d) from which a response may be derived relating to Defendant or the particular Accused Products sold by Defendant, to the extent such information exists. Rockwell will provide this information in accordance with the Scheduling Order and the relevant Local Rules.

Rockwell's investigation is ongoing and Rockwell reserves the right to supplement its response to this Interrogatory.

**INTERROGATORY NO. 9:**

Describe in detail any statements made by any person who is not a party to this lawsuit, which refers or relates to the subject matter of the lawsuit and provide a copy of any statement.

**RESPONSE:**

The General Objections are incorporated herein. Rockwell objects to the Interrogatory because it is overbroad, vague, ambiguous and unduly burdensome. Rockwell objects to this interrogatory because it requires Rockwell to marshal all of its available proof or the proof that Rockwell may offer at trial. Rockwell further objects to the Interrogatory as overbroad, unduly burdensome, and oppressive in its request that "any" statements be described regardless of timeframe and whether they bear any relation to Defendant or the products Defendant sells.

Identification of a document in response to this Interrogatory does not constitute an admission about the status of any entity or individual referenced in the document as it relates to Rockwell, *i.e.*, whether the entity or individual is an agent, representative, privy, etc.

Subject to and without waiving its objections, Rockwell states, pursuant to Fed R. Civ. P. 33(d), that an answer may be derived from the following documents that have been produced to Defendants: ROCK-00011817-866; ROCK-00012391-396; ROCK-00012404-409; ROCK-00000012490-987; ROCK-00013490-494; ROCK-00015693-841; ROCK-00015859-61; the February 17, 2023 declaration of Mark Paliszewski and the documents cited therein; Brett Reed's January 6, 2023 and February 17, 2023 expert reports, as well as the transcript of the March 2, 2023 deposition of Mr. Reed; David Franklyn's January 6, 2023 and February 17, 2023 expert reports, as well as the transcript of the March 3, 2023 deposition of Mr. Franklyn; December 13, 2022 Deposition of Porfirio Ladonea, Exs. 4-6; December 21-22, 2022 Deposition of Fulvio Coppola, Exs. 9-11.

Rockwell further states that it may make available or produce relevant, non-privileged responsive information or documents in its possession, custody or control pursuant to Fed. R. Civ. P. 33(d) from which a response may be derived relating to Defendant or the particular Accused Products sold by Defendant, to the extent such information exists. Rockwell will provide this information in accordance with the Scheduling Order and the relevant Local Rules.

Rockwell's investigation is ongoing and Rockwell reserves the right to supplement its response to this Interrogatory.

**INTERROGATORY NO. 10:**

Describe in detail any admissions and declarations against interest made by any person who is a party to this lawsuit, which refers or relates to the subject matter of the lawsuit, provide a copy of any documents including any admission or declaration against interest.

**RESPONSE:**

The General Objections are incorporated herein.  Rockwell objects to the Interrogatory because it is overbroad, vague, ambiguous and unduly burdensome. Rockwell objects to this interrogatory because it requires Rockwell to marshal all of its available proof or the proof that Rockwell may offer at trial.  Rockwell further objects to the Interrogatory as overbroad, unduly burdensome, and oppressive in its request that "any" statements be described regardless of timeframe and whether they bear any relation to Defendant or the products Defendant sells.

Identification of a document in response to this Interrogatory does not constitute an admission about the status of any entity or individual referenced in the document as it relates to Rockwell, *i.e.*, whether the entity or individual is an agent, representative, privy, etc.

Subject to and without waiving its objections, Rockwell states, pursuant to Fed R. Civ. P. 33(d), that an answer may be derived from correspondence sent by and other statements by

23

Defendant, Fulvio Coppola and Luca Coppola to Defendant's customers and potential customers, Rockwell, Rockwell's Authorized Distributors, and Rockwell's customers and potential customers.  Such documents include, without limitation, ROCK-00000140; ROCK-00000228-254; ROCK-00012395-396; ROCK-00012674-675; ROCK-00012895-897; ROCK-00015859-61; WI002511-17;  and  WI002615-3086.   An  answer  may  also  be  derived  from  the  deposition transcripts from the depositions of Defendant and its employees taken in connection with this case. An  answer  may  also  be  derived  from  the  paragraphs  concerning  Defendant's  statements  and documents within Plaintiff's Concise Statement of Material Facts not in Dispute in Support of its Motion for Summary Judgment on Rockwell's Claims (Counts I, II, IV, and V) (D.I. 152) and the exhibits relied upon therein; Rockwell's Reply to Defendants Response to Rockwell's Concise Statement of Material Facts not in Dispute in Support of its Motion for Summary Judgment on Rockwell's Claims (Counts I, II, IV, and V) (D.I. 223) and the exhibits relied upon therein, and Plaintiff's Concise Statement of Material Facts not in Dispute in Support of its Answering Brief in  Opposition  to  Defendant's  Motion  for  Summary  Judgment  on  All  Counts  of  Plaintiff's Complaint (D.I. 189) and the exhibits relied upon therein. Rockwell further states that it may make available or produce further relevant, non-privileged responsive information or documents in its possession, custody or control pursuant to Fed. R. Civ. P. 33(d) from which a response may be derived relating to Defendant or the particular Accused Products sold by Defendant, to the extent such information exists. Rockwell will provide this information in accordance with the Scheduling Order and the relevant Local Rules.

Rockwell's investigation is ongoing and Rockwell reserves the right to supplement its response to this Interrogatory.

**INTERROGATORY NO. 11:**

Set forth in detail a summary of any and all non-privileged written and oral communications by and between you and any of your agents, employees or other representatives regarding the facts underlying the Complaint and Answer.

**RESPONSE:**

The General Objections are incorporated herein.  Rockwell objects to the Interrogatory because it is overbroad, vague, ambiguous and unduly burdensome.  Rockwell objects to this interrogatory because it requires Rockwell to marshal all of its available proof or the proof that Rockwell may offer at trial.  Rockwell further objects to the Interrogatory as overbroad, unduly burdensome, and oppressive in its request that "any" communications be described regardless of timeframe and whether they bear any relation to Defendant or the products Defendant sells.

Identification of a document in response to this Interrogatory does not constitute an admission about the status of any entity or individual referenced in the document as it relates to Rockwell, *i.e.*, whether the entity or individual is an agent, representative, privy, etc.

Subject to and without waiving its objections, Rockwell states, pursuant to Fed R. Civ. P. 33(d), that an answer may be derived from the following documents that have been produced to Defendants:  ROCK-00000001-092;  ROCK00000096-125;  ROCK-00011817-866;  ROCK-00012391-396;  ROCK-00012404-409;  ROCK-00012490-987;  ROCK-00013490-494;  ROCK-00015693-841; ROCK-00015862-68; and the February 17, 2023 declaration of Mark Paliszewski and the documents cited therein.

Rockwell also incorporates by reference in their entireties of Ryan Smaglik's March 17, 2023 (D.I. 147); March 31, 2023 (D.I. 192), and April 10, 2023 (D.I. 224) declarations and the exhibits relied upon in each of these respective declarations. Rockwell incorporates by reference

in its entirety the March 30, 2023 Warren DeVilbiss declaration (D.I. 193) and the exhibit relied upon therein.

Rockwell further states that it may make available or produce further relevant, non-privileged responsive information or documents in its possession, custody or control pursuant to Fed. R. Civ. P. 33(d) from which a response may be derived relating to Defendant or the particular Accused Products sold by Defendant, to the extent such information exists. Rockwell will provide this information in accordance with the Scheduling Order and the relevant Local Rules.

Rockwell's investigation is ongoing and Rockwell reserves the right to supplement its response to this Interrogatory.

**INTERROGATORY NO. 12:**

Are you aware of any record or document concerning this action or its subject matter that has been altered or destroyed? If yes, state the nature of the record or document, the nature of the change or alteration, the date of the alteration or destruction, the persons involved with said alteration or destruction and the circumstances surrounding such incident.

**RESPONSE:**

The General Objections are incorporated herein.  Rockwell objects to the Interrogatory because it is overbroad, vague, ambiguous and unduly burdensome. Rockwell further objects to the Interrogatory as overbroad, unduly burdensome, and oppressive in that references "any record or document" regardless of timeframe and whether they bear any relation to Defendant or the products Defendant sells.  Rockwell further objects to this interrogatory as overbroad, unduly burdensome, oppressive and not proportional to the needs of the case to the extent it calls for information relating to each time a relevant and discoverable document has been altered in the normal course of business, for example a company policy that has been updated over time.

Subject to and without waiving its objections, Rockwell states that from time to time, and in the ordinary course of business, it updates its internal and external policies, procedures, contracts and agreements that may be relevant to this case.  In all instances relevant to the timeframe of this case, no version of any such updated document has been destroyed.

Rockwell further states that Defendant and its employees have testified as to the destruction and spoliation of many documents relevant to this case including, without limitation, shipping records, website records and internal communications regarding the products at issue in this lawsuit.  Rockwell further states, pursuant to Fed R. Civ. P. 33(d), that an answer may be derived from the deposition transcripts from the depositions of Defendant and its employees taken in connection with this case, as well as the exhibits thereto.

Rockwell's investigation is ongoing and Rockwell reserves the right to supplement its response to this Interrogatory.

**INTERROGATORY NO. 13:**

Identify all Rockwell Authorized Distributors that sell the Rockwell products at issue in this litigation.

**RESPONSE:**

The General Objections are incorporated herein.  Rockwell objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine or any other applicable privilege, immunity, or protection. Rockwell also objects to this Interrogatory to the extent it seeks information not relevant to any present claim or defense in this Investigation and is not reasonably calculated to lead to the discovery of admissible evidence. Rockwell further objects to this Interrogatory as overbroad and unduly burdensome. For example, Rockwell objects to the term "Rockwell Authorized Distributors" as undefined and

therefore vague and ambiguous and overbroad and not calculated to lead to the discovery of relevant evidence to the extent that the term is intended to reference all time periods and all geographic regions without regard to the facts of this case.  Rockwell objects to this Interrogatory to the extent it seeks proprietary or confidential information relating to non-parties.  Rockwell further objects to this Interrogatory to the extent it seeks information not within Rockwell's possession, custody, or control, or equally available to Defendant.

Subject to and without waiving the foregoing objections, Rockwell states, pursuant to Fed. R. Civ. P. 33(d), that an identification of entities to which it sells or authorizes sales of Rockwell Products may be derived from the following documents that have been produced to Defendants: ROCK-00001231-11795 and ROCK-00012410-489.

An answer may also be derived from Ryan Smaglik's March 17, 2023 (D.I. 147); March 31, 2023 (D.I. 192), and April 10, 2023 (D.I. 224) declarations and the exhibits relied upon in each of these respective declarations.

Rockwell further states that it may make available or produce further relevant, non-privileged responsive information or documents in its possession, custody or control pursuant to Fed. R. Civ. P. 33(d) from which a response may be derived, to the extent such information exists. Rockwell will provide this information in accordance with the Scheduling Order and the relevant Local Rules. Rockwell reserves the right to alter, amend, or supplement this response as this case proceeds.

**INTERROGATORY NO. 14:**

State all facts supporting your allegation in Paragraph 58 of the Complaint that "on information and belief, WI Automation is shipping customers used and counterfeit products and products obtained from unverified sources to fulfill orders for 'new' Rockwell products."

**RESPONSE:**

The General Objections are incorporated herein.  Rockwell objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine or any other applicable privilege, immunity, or protection. Rockwell also objects to this Interrogatory to the extent it seeks information not relevant to any present claim or defense in this Investigation and is not reasonably calculated to lead to the discovery of admissible evidence. Rockwell further objects to this Interrogatory as overbroad and unduly burdensome. Rockwell objects to this Interrogatory to the extent it seeks proprietary or confidential information relating to non-parties.  Rockwell further objects to this Interrogatory to the extent it seeks information not within Rockwell's possession, custody, or control, or equally available to Defendant.

Subject to without waiving the foregoing objections, Rockwell states that in connection with Defendant's Order Reference Number 10724/2020, Defendant shipped two products bearing Asserted Trademarks to a customer in the United States in attempted fulfillment of an order for "new" products that were not new.  The products received in May, 2020 bore labels identifying packing dates of December, 2002 and January, 2008, respectively.  The order was placed at Rockwell's request by a private investigator using the customer name "J&J Systems."  *See* ROCK-00000217-229 and the February 17, 2023 declaration of Mark Paliszewski at ¶¶4-6 and Ex. A, all of which are incorporated by reference herein.

In addition, in connection with Defendant's Invoice Number 5440, Defendant shipped a product bearing an Asserted Trademark to a customer in the United States in attempted fulfilment of an order for a "new" product that bore a counterfeit label and was enclosed in a box bearing a counterfeit "Factory Seal" label.  Both of these counterfeit labels contained a serial number that

that did not match the type of product that was ordered and that was contained in the box.  Neither label was made or applied by Rockwell, yet both labels bore at least one Asserted Trademark.  The order was placed at Rockwell's request by a private investigator using the customer name "Image-Tek Displays & Graphics."  *See* ROCK-00000126-130, ROCK-00015734-35 ROCK-00015737-38;  ROCK-00015740-41;  ROCK-00015743-44;  ROCK-00015746-47;  ROCK-00015776-79;  ROCK-00015781-82;  ROCK-00015784-85;  ROCK-00015805;  and the February 17, 2023 declaration of Mark Paliszewski at ¶¶7-10 and Ex. B, all of which are incorporated by reference herein.

Further, in connection with Defendant's Order Reference 22021399, two Rockwell Catalog ID 2711P-K6M20A8 products were delivered to a customer in 2022 in used condition, without factory packaging, in open boxes, showing physical signs of wear and use, and having pen markings and non-Rockwell applied labels applied thereto.  One product was manufactured in 2014 and the other was manufactured in 2020.

Also, in connection with Defendant's Order Reference 22021399, two Rockwell Catalog ID 1756-L72 products were delivered to a customer in 2022 in not new condition.  Both were delivered with packaging materials that were not original and the product ID labels on the products and on the packaging had been deliberately tampered with to obscure the original serial numbers of the products.  Because the product ID label adhered to the products showed signs of tampering, the "Factory Seal" label on the outer packages must have been tampered with or otherwise counterfeit.

Also, in connection with Defendant's Order Reference 22021399, two Rockwell Catalog ID 5069-L306ER products were delivered to a customer in 2022 in not new condition.  Both were delivered with packaging materials that were not original and the product ID labels on the products

and on the packaging had been deliberately tampered with to obscure the original serial numbers of the products as well as to destroy QR codes on the product ID labels.  Because the product ID label adhered to the products showed signs of tampering, the "Factory Seal" label on the outer packages must have been tampered with or otherwise counterfeit.

Also, in connection with Defendant's Order Reference 22021399, two Rockwell Catalog ID 25B-D107N104 products were delivered to a customer in 2022 in not new condition.  Both were delivered with product ID labels on the products and on the packaging that had been deliberately tampered with to obscure the original serial numbers of the products.

Rockwell further states, pursuant to Fed R. Civ. P. 33(d), that an answer may be derived from the following documents that have been produced to Defendants: ROCK-00000126-138; ROCK-00000228-256; ROCK-00013495-501; ROCK-00015693-841; ROCK-00015862-68; the February 17, 2023 declaration of Mark Paliszewski and the documents cited therein; and Ryan Smaglik's March 17, 2023 (D.I. 147); March 31, 2023 (D.I. 192), and April 10, 2023 (D.I. 224) declarations and the exhibits relied upon in each of these respective declarations.

Rockwell further states that it may make available or produce further relevant, non-privileged responsive information or documents in its possession, custody or control pursuant to Fed. R. Civ. P. 33(d) from which a response may be derived, to the extent such information exists. Rockwell will provide this information in accordance with the Scheduling Order and the relevant Local Rules. Rockwell reserves the right to alter, amend, or supplement this response as this case proceeds.

**INTERROGATORY NO. 15:**

State all facts supporting your allegation in Paragraph 61 of the Complaint that "[t]he Unauthorized Rockwell Products sold by WI Automation are all materially different from Genuine Rockwell Products sold by Rockwell and its authorized distributors."

**RESPONSE:**

The General Objections are incorporated herein. Rockwell objects to the Interrogatory because it is overbroad, vague, ambiguous and unduly burdensome. Rockwell further objects to this interrogatory to the extent that it is duplicative of Interrogatory No. 16. Rockwell objects to this interrogatory because it requires Rockwell to marshal all of its available proof or the proof that Rockwell may offer at trial.

In response to this Interrogatory, Rockwell will provide a response encompassing the current state of its knowledge, belief, and understanding, but reserves the right to supplement its Interrogatory response.

Subject to and without waiving its objections, Rockwell states that the Unauthorized Rockwell Products sold by Defendant as "new" are materially different from Genuine Rockwell Products in a number of different ways that are important to consumers. For example, buyers of Unauthorized Rockwell Products sold by WiAutomation are not entitled to receive a Rockwell Warranty. In contrast, buyers of Genuine Rockwell Products do receive a Rockwell Warranty. In another example, WiAutomation does not provide Recall Notices via mail, electronic mail, or other means with respect to the Unauthorized Rockwell Products. In contrast, buyers of Genuine Rockwell Products do receive such notices. In another example, WiAutomation does not provide Product Safety Advisories via mail, electronic mail, or other means with respect to the Unauthorized Rockwell Products. In contrast, buyers of Genuine Rockwell Products do receive

such notices.  In another example, WiAutomation does not have access to the manufacturing notices and other proprietary technical knowledge regarding Genuine Rockwell Products that are only available to Rockwell and its ADs. Accordingly, WiAutomation cannot provide the same level of customer support that Rockwell offers in connection with Genuine Rockwell Products.  In another example, many of the Unauthorized Rockwell Products are of different and/or subpar quality, in comparison with Genuine Rockwell Products because the Unauthorized Rockwell Products have been handled, packaged, preserved, shipped, purged (or not purged), and/or stored by WiAutomation and/or its sources in a manner that is different from Rockwell's quality control procedures followed in connection with Genuine Rockwell Products.  In another example, buyers of Unauthorized Rockwell Products do not have a license to the software and/or firmware purporting to be Rockwell software and/or firmware that may be loaded on those goods or downloaded from Rockwell, whereas buyers of Genuine Rockwell Products do have a license to the Rockwell software and/or firmware that may be loaded on those authorized products or downloaded from Rockwell.  In another example, some Unauthorized Rockwell Products sold by WiAutomation bear counterfeit labels not made or affied by Rockwell and come in boxes with a "Factory Seal" label not made or affied by Rockwell, whereas Genuine Rockwell Products are not counterfeit and do not bear counterfeit labels.  In another example, WiAutomation customers experience a difference in lead times between what WiAutomation advertises and promises with regard to Unauthorized Rockwell Products and the lead times actually experienced by those customers, whereas customers of Genuine Rockwell Products do not experience such a difference. Each of these differences is important to the purchasing decisions of consumers.

Rockwell further incorporates by reference the January 6, 2023 and February 17, 2023 expert reports of David Franklyn, the transcript of the March 3, 2023 deposition of Mr. Franklyn,

the transcript of the December 19-20, 2022 deposition of Ryan Smaglik, and the transcripts of and exhibits to the depositions of Defendant and its employees.

Rockwell also incorporates by reference in their entireties Ryan Smaglik's March 17, 2023 (D.I. 147); March 31, 2023 (D.I. 192), and April 10, 2023 (D.I. 224) declarations and the exhibits relied upon in each of these respective declarations. Rockwell also incorporates by reference in its entirety the March 30, 2023 Warren DeVilbiss declaration (D.I. 193) and the exhibit relied upon therein.

Rockwell further incorporates by reference the entirety of Plaintiff's Concise Statement of Material Facts not in Dispute in Support of its Motion for Summary Judgment on Rockwell's Claims (Counts I, II, IV, and V) (D.I. 152) and the exhibits relied upon therein, Rockwell's Reply to Defendants Response to Rockwell's Concise Statement of Material Facts not in Dispute in Support of its Motion for Summary Judgment on Rockwell's Claims (Counts I, II, IV, and V) (D.I. 223) and the exhibits relied upon therein, and Plaintiff's Concise Statement of Material Facts not in Dispute in Support of its Answering Brief in Opposition to Defendant's Motion for Summary Judgment on All Counts of Plaintiff's Complaint (D.I. 189) and the exhibits relied upon therein.

Rockwell further incorporates by reference its responses to Interrogatory Nos. 14 and 16.

Rockwell reserves the right to alter, amend, or supplement this response as this case proceeds.

**INTERROGATORY NO. 16:**

Describe in specific detail how the Rockwell products sold by WiAutomation differ from the Rockwell products sold by Rockwell or a Rockwell Authorized Dealer.

**RESPONSE:**

The General Objections are incorporated herein.  Rockwell objects to the Interrogatory because it is overbroad, vague, ambiguous and unduly burdensome. Rockwell further objects to the Interrogatory as vague and ambiguous for at least the reason that the capitalized term "Rockwell Authorized Dealer" is not defined.  Rockwell further objects to this interrogatory to the extent that it is duplicative of Interrogatory No. 15.  Rockwell objects to this interrogatory because it requires Rockwell to marshal all of its available proof or the proof that Rockwell may offer at trial.  Rockwell objects to this Interrogatory as premature and calling for expert testimony and a legal conclusion. Rockwell further objects to this Interrogatory to the extent it prematurely seeks disclosure of expert opinions, analyses and/or reports. Rockwell further objects because this is a contention interrogatory and thus is premature in light of the present early stage of discovery.

Rockwell expects to receive documents and information through discovery that will concern and provide information responsive to this Interrogatory. For example, Defendant has been compelled to produce certain sourcing, purchase, sale, inventory and financial information related to the information sought by this interrogatory, but has not yet complied.  Accordingly, in response to this Interrogatory, Rockwell will provide a response encompassing the current state of its knowledge, belief, and understanding, but reserves the right to supplement its Interrogatory response.

Subject to and without waiving its objections, Rockwell states that the Unauthorized Rockwell Products sold by Defendant as "new" are different from Genuine Rockwell Products in a number of different ways that are important to consumers.  For example, buyers of Unauthorized Rockwell Products sold by WiAutomation are not entitled to receive a Rockwell Warranty. In contrast, buyers of Genuine Rockwell Products do receive a Rockwell Warranty.  In another

example, WiAutomation does not provide Recall Notices via mail, electronic mail, or other means with respect to the Unauthorized Rockwell Products. In contrast, buyers of Genuine Rockwell Products do receive such notices.  In another example, WiAutomation does not provide Product Safety Advisories via mail, electronic mail, or other means with respect to the Unauthorized Rockwell Products. In contrast, buyers of Genuine Rockwell Products do receive such notices.  In another example, WiAutomation does not have access to the manufacturing notices and other proprietary technical knowledge regarding Genuine Rockwell Products that are only available to Rockwell and its ADs. Accordingly, WiAutomation cannot provide the same level of customer support that Rockwell offers in connection with Genuine Rockwell Products.  In another example, many of the Unauthorized Rockwell Products are of different and/or subpar quality, in comparison with Genuine Rockwell Products because the Unauthorized Rockwell Products have been handled, packaged, preserved, shipped, purged (or not purged), and/or stored by WiAutomation and/or its sources in a manner that is different from Rockwell's quality control procedures followed in connection with Genuine Rockwell Products.  In another example, buyers of Unauthorized Rockwell Products do not have a license to the software and/or firmware purporting to be Rockwell software and/or firmware that may be loaded on those goods or downloaded from Rockwell, whereas buyers of Genuine Rockwell Products do have a license to the Rockwell software and/or firmware that may be loaded on those authorized products or downloaded from Rockwell.  In another example, some Unauthorized Rockwell Products sold by WiAutomation bear counterfeit labels not made or affied by Rockwell and come in boxes with a "Factory Seal" label not made or affied by Rockwell, whereas Genuine Rockwell Products are not counterfeit and do not bear counterfeit labels. In another example, WiAutomation customers experience a difference in lead times between what WiAutomation advertises and promises with regard to Unauthorized Rockwell

Products and the lead times actually experienced by those customers, whereas customers of Genuine Rockwell Products do not experience such a difference.

Rockwell also incorporates by reference in their entireties Ryan Smaglik's March 17, 2023 (D.I. 147); March 31, 2023 (D.I. 192), and April 10, 2023 (D.I. 224) declarations and the exhibits relied upon in each of these respective declarations. Rockwell incorporates by reference in its entirety the March 30, 2023 Warren DeVilbiss declaration (D.I. 193) and the exhibit relied upon therein.

Rockwell incorporates by reference the entirety of Plaintiff's Concise Statement of Material Facts not in Dispute in Support of its Motion for Summary Judgment on Rockwell's Claims (Counts I, II, IV, and V) (D.I. 152) and the exhibits relied upon therein. Rockwell incorporates by reference the entirety of Rockwell's Reply to Defendants Response to Rockwell's Concise Statement of Material Facts not in Dispute in Support of its Motion for Summary Judgment on Rockwell's Claims (Counts I, II, IV, and V) (D.I. 223) and the exhibits relied upon therein. Rockwell incorporates by reference the entirety of Plaintiff's Concise Statement of Material Facts not in Dispute in Support of its Answering Brief in Opposition to Defendant's Motion for Summary Judgment on All Counts of Plaintiff's Complaint (D.I. 189) and the exhibits relied upon therein.

Rockwell further incorporates by reference its responses to Interrogatory Nos. 14 and 15.

Rockwell reserves the right to alter, amend, or supplement this response as this case proceeds.

**INTERROGATORY NO. 17:**

Identify all documents, items, or things that in any way describe, embody, reflect, refer, or relate to your response to Interrogatory No. 18.

**RESPONSE:**

The General Objections are incorporated herein.  Rockwell objects to the Interrogatory because it is overbroad, vague, ambiguous and unduly burdensome. Rockwell further objects to the Interrogatory as overbroad, unduly burdensome, and oppressive in its request that "all documents, items, or things" be identified.

Subject to and without waiving its objections, Rockwell states, pursuant to Fed R. Civ. P. 33(d), that an answer may be derived from the following documents that have been produced to Defendants:  ROCK-00011817-866;  ROCK-00000012490-987;  ROCK-00015862-68;  and the February 17, 2023 declaration of Mark Paliszewski and the documents cited therein.

Rockwell also incorporates by reference in their entireties Ryan Smaglik's March 17, 2023 (D.I. 147); March 31, 2023 (D.I. 192), and April 10, 2023 (D.I. 224) declarations and the exhibits relied upon in each of these respective declarations.

Rockwell further states that it may make available or produce further relevant, non-privileged responsive information or documents in its possession, custody or control pursuant to Fed. R. Civ. P. 33(d) from which a response may be derived, to the extent such information exists. Rockwell will provide this information in accordance with the Scheduling Order and the relevant Local Rules.

Rockwell's investigation is ongoing and Rockwell reserves the right to supplement its response to this Interrogatory.

**INTERROGATORY NO. 18:**

Identify and describe all instances in which a customer of WiAutomation's has come to Rockwell with an issue with the product purchased from WiAutomation.

**RESPONSE:**

The General Objections are incorporated herein. Rockwell objects to the Interrogatory because it is overbroad, vague, ambiguous and unduly burdensome. Rockwell further objects to the Interrogatory as overbroad, unduly burdensome, and oppressive in its request that "all instances" be identified.

Subject to and without waiving its objections, Rockwell states, pursuant to Fed R. Civ. P. 33(d), that an answer may be derived from the following documents that have been produced to Defendants: ROCK-00011817-866; ROCK-00000012490-987; ROCK-00015862-68; and the February 17, 2023 declaration of Mark Paliszewski and the documents cited therein.

Rockwell also incorporates by reference in their entireties Ryan Smaglik's March 17, 2023 (D.I. 147); March 31, 2023 (D.I. 192), and April 10, 2023 (D.I. 224) declarations and the exhibits relied upon in each of these respective declarations. Rockwell further incorporates by reference its response to Interrogatory No. 14.

Rockwell further states that it may make available or produce further relevant, non-privileged responsive information or documents in its possession, custody or control pursuant to Fed. R. Civ. P. 33(d) from which a response may be derived, to the extent such information exists. Rockwell will provide this information in accordance with the Scheduling Order and the relevant Local Rules.

Rockwell's investigation is ongoing and Rockwell reserves the right to supplement its response to this Interrogatory.

**INTERROGATORY NO. 19:**

State all facts supporting the allegations contained in Count I of the Complaint asserting

that Wi Automation should be liable for Trademark Infringement.

**RESPONSE:**

The General Objections are incorporated herein.  Rockwell objects to the Interrogatory

because it is overbroad, vague, ambiguous and unduly burdensome.  Rockwell further objects to

the Interrogatory as overbroad, unduly burdensome, and oppressive in its request that "all facts"

be identified.  Rockwell objects to this interrogatory because it requires Rockwell to marshal all

of its available proof or the proof that Rockwell may offer at trial.  Rockwell objects to this

Interrogatory as calling for a legal conclusion.

In response to this Interrogatory, Rockwell will provide a response encompassing the

current state of its knowledge, belief, and understanding, but reserves the right to supplement its

Interrogatory response.

Rockwell's business hinges on the quality of its products and solution.  Since the products

control automated systems, their safety and reliability are of paramount importance to customers

and consumers, and also to Rockwell to minimize quality problems and products liability claims.

The USPTO has granted Rockwell federal trademark registrations for the trademarks asserted in

the Complaint.  Rockwell's products bear one or more of the trademarks, which are source

identifiers to its customers of its warranty, quality control measures, customer support and the

other important product qualities cited in the Complaint.  These qualities are important to

customers and consumers.  To preserve quality control and warranty and the other qualities,

Rockwell sells products through its Authorized Distributors.  Rockwell does not extend it warranty

to unauthorized sales. Rockwell has created an exclusive supply chain of its trademarked goods

by obligating a vertical supply network of Authorized Distributors to sell Rockwell goods only to those customers who are not resellers of those products.  Rockwell discounts its prices and extend warranties and other product add-ons to the Authorized Distributors through credit rebates. WiAutomation attempts to sell and/or sells products bearing Rockwell's trademarks that are not authorized to be sold by Rockwell.  WiAutomation misleads Rockwell Authorized Distributors into selling goods without authorization from Rockwell.  WiAutomation's sale and attempted sales have created a substantial likelihood of confusion and caused mistake and deception in consumers' minds because these unauthorized products are materially different from authorized Rockwell products.  Rockwell does not authorize, condone or otherwise allow the sale of non-conforming goods having the material differences found in the unauthorized products sold by WiAutomation. To that end, Rockwell takes reasonable efforts to monitor and protect the brand against unauthorized resales.

Subject to and without waiving its objections, Rockwell states that it will make available or produce relevant, non-privileged responsive information or documents in its possession, custody or control pursuant to Fed. R. Civ. P. 33(d) from which a response may be derived, to the extent such information exists. Rockwell will provide this information in accordance with the Scheduling Order and the relevant Local Rules. Rockwell reserves the right to alter, amend, or supplement this response as this case proceeds.  Notwithstanding the foregoing, the following documents ROCK-00007799-819;  ROCK-00008386-409;  ROCK-00009772-802;  ROCK-00011817-866; ROCK-00011894-967;  ROCK-00011972-2252;  ROCK-00012410-987;  ROCK-00000126-138; ROCK-00000228-256; ROCK-00000140; ROCK-00000228-254; ROCK-00012395-396; ROCK-00012674-675;  ROCK-00012895-897;  WI002511-17;  WI002615-3086;  ROCK-00007799-819; ROCK-00008386-409;  ROCK-00009772-802;  ROCK-00011817-866;  ROCK-00012490-987;

ROCK-00012988-3501; ROCK-00015693-841; ROCK-00015859-68; the February 17, 2023 declaration of Mark Paliszewski and the documents cited therein; Brett Reed's January 6, 2023 and February 17, 2023 expert reports, as well as the transcript of the March 2, 2023 deposition of Mr. Reed; David Franklyn's January 6, 2023 and February 17, 2023 expert reports, as well as the transcript of the March 3, 2023 deposition of Mr. Franklyn; the transcript of the December 19-20, 2022 deposition of Ryan Smaglik; and the transcripts and exhibits to the depositions of Defendant and its employees support the allegations in Claim I.

Rockwell also incorporates by reference in their entireties Ryan Smaglik's March 17, 2023 (D.I. 147); March 31, 2023 (D.I. 192), and April 10, 2023 (D.I. 224) declarations and the exhibits relied upon in each of these respective declarations. Rockwell incorporates by reference in its entirety the March 30, 2023 Warren DeVilbiss declaration (D.I. 193) and the exhibit relied upon therein.

Rockwell incorporates by reference the entirety of Plaintiff's Concise Statement of Material Facts not in Dispute in Support of its Motion for Summary Judgment on Rockwell's Claims (Counts I, II, IV, and V) (D.I. 152) and the exhibits relied upon therein. Rockwell incorporates by reference the entirety of Rockwell's Reply to Defendants Response to Rockwell's Concise Statement of Material Facts not in Dispute in Support of its Motion for Summary Judgment on Rockwell's Claims (Counts I, II, IV, and V) (D.I. 223) and the exhibits relied upon therein. Rockwell incorporates by reference the entirety of Plaintiff's Concise Statement of Material Facts not in Dispute in Support of its Answering Brief in Opposition to Defendant's Motion for Summary Judgment on All Counts of Plaintiff's Complaint (D.I. 189) and the exhibits relied upon therein.

Further facts that support the allegations in Claim I can be found in the Complaint.

Rockwell's investigation is ongoing and Rockwell reserves the right to supplement its response to this Interrogatory.

**INTERROGATORY NO. 20:**

State all facts supporting the allegations contained in Count II of the Complaint asserting that WiAutomation should be liable for False Advertising.

**RESPONSE:**

The General Objections are incorporated herein.  Rockwell objects to the Interrogatory because it is overbroad, vague, ambiguous and unduly burdensome.  Rockwell further objects to the Interrogatory as overbroad, unduly burdensome, and oppressive in its request that "all facts" be identified.  Rockwell objects to this interrogatory because it requires Rockwell to marshal all of its available proof or the proof that Rockwell may offer at trial.  Rockwell objects to this Interrogatory as calling for a legal conclusion.

In response to this Interrogatory, Rockwell will provide a response encompassing the current state of its knowledge, belief, and understanding, but reserves the right to supplement its Interrogatory response.

WiAutomation has made false and/or misleading statements in commercial advertising regarding the Unauthorized Rockwell Products, which are likely to cause confusion and mistake, and to misrepresent the nature and characteristics of the Unauthorized Rockwell Products and WiAutomation's commercial activities, and have substantially affected interstate commerce. WiAutomation has falsely advertised on its website and through other media that the Unauthorized Rockwell Products that it offered for sale and sold were "new" or "new factory sealed" or "original product" and that "[t]he warranty for new sealed products is 12 months from the delivery date" and "all products are covered by 12 months warranty" (implying coverage by the Rockwell

warranty), despite knowing that the products were not new and did not come with the Rockwell warranty.   This is all entirely untrue. In reality, WiAutomation is shipping customers used and counterfeit products and products obtained from unverified sources to fulfill orders for "new" Rockwell products. None of the products that WiAutomation sold or sells to its customers were covered by Rockwell's warranty or entitled to Rockwell support.   Moreover, regardless of the actual verbiage used, the WiAutomation website has always created a cumulative misimpression that leaves a customer not understanding that what WiAutomation is selling as "new" Rockwell product is materially altered in many respects.   WiAutomation employs this sleight of hand because WiAutomation cannot make new products, cannot "remanufacture" Rockwell Products to Rockwell's proprietary specifications, and does not have a sophisticated Rockwell-type distribution system to carefully monitor quality and ensure proper chain of custody.



WiAutomation's unlawful conduct has deceived, and is likely to continue to deceive, a material segment of the consumers to whom WiAutomation has directed its marketing activities.

WiAutomation's false and/or misleading statements are material in that they are likely to influence consumers to purchase products from WiAutomation and cause competitive and other commercial injuries to Rockwell.  WiAutomation has made, and continues to make, its false and/or misleading statements with the intent to cause confusion and mistake, and to deceive the public as to the nature, quality, or characteristics of the Unauthorized Rockwell Products and WiAutomation's commercial activities. Rockwell has been damaged as a result.

Subject to and without waiving its objections, Rockwell states that it will make available or produce relevant, non-privileged responsive information or documents in its possession, custody or control pursuant to Fed. R. Civ. P. 33(d) from which a response may be derived, to the extent such information exists. Rockwell will provide this information in accordance with the Scheduling Order and the relevant Local Rules. Rockwell reserves the right to alter, amend, or supplement this response as this case proceeds.  Notwithstanding the foregoing, the following documents ROCK-00007799-819;  ROCK-00008386-409;  ROCK-00009772-802;  ROCK-00011817-866; ROCK-00011894-967;  ROCK-00011972-2252;  ROCK-00012410-987;  ROCK-00000126-138; ROCK-00000228-256; ROCK-00000140; ROCK-00000228-254; ROCK-00012395-396; ROCK-00012674-675;  ROCK-00012895-897;  WI002511-17;  WI002615-3086;  ROCK-00007799-819; ROCK-00008386-409;  ROCK-00009772-802;  ROCK-00011817-866;   ROCK-00012490-987; ROCK-00012988-3501;  ROCK-00015693-841;  ROCK-00015859-68;  the February 17, 2023 declaration of Mark Paliszewski and the documents cited therein; Brett Reed's January 6, 2023 and February 17, 2023 expert reports, as well as the transcript of the March 2, 2023 deposition of Mr. Reed; David Franklyn's January 6, 2023 and February 17, 2023 expert reports, as well as the transcript of the March 3, 2023 deposition of Mr. Franklyn; the transcript of the December 19-20,

2022 deposition of Ryan Smaglik; and the transcripts and exhibits to the depositions of Defendant

and its employees support the allegations in Claim II.

Rockwell also incorporates by reference in their entireties Ryan Smaglik's March 17, 2023

(D.I. 147); March 31, 2023 (D.I. 192), and April 10, 2023 (D.I. 224) declarations and the exhibits

relied upon in each of these respective declarations. Rockwell incorporates by reference in its

entirety the March 30, 2023 Warren DeVilbiss declaration (D.I. 193) and the exhibit relied upon

therein.

Rockwell incorporates by reference the entirety of Plaintiff's Concise Statement of

Material Facts not in Dispute in Support of its Motion for Summary Judgment on Rockwell's

Claims (Counts I, II, IV, and V) (D.I. 152) and the exhibits relied upon therein. Rockwell

incorporates by reference the entirety of Rockwell's Reply to Defendants Response to Rockwell's

Concise Statement of Material Facts not in Dispute in Support of its Motion for Summary

Judgment on Rockwell's Claims (Counts I, II, IV, and V) (D.I. 223) and the exhibits relied upon

therein. Rockwell incorporates by reference the entirety of Plaintiff's Concise Statement of

Material Facts not in Dispute in Support of its Answering Brief in Opposition to Defendant's

Motion for Summary Judgment on All Counts of Plaintiff's Complaint (D.I. 189) and the exhibits

relied upon therein.

Further facts that support the allegations in Claim II can be found in the Complaint.

Rockwell's investigation is ongoing and Rockwell reserves the right to supplement its

response to this Interrogatory.

**INTERROGATORY NO. 21:**

State all facts supporting the allegations contained in Count III of the Complaint asserting

that WiAutomation should be liable for False Designation of Origin.

**RESPONSE:**

The General Objections are incorporated herein.  Rockwell objects to the Interrogatory because it is overbroad, vague, ambiguous and unduly burdensome.  Rockwell further objects to the Interrogatory as overbroad, unduly burdensome, and oppressive in its request that "all facts" be identified.  Rockwell objects to this interrogatory because it requires Rockwell to marshal all of its available proof or the proof that Rockwell may offer at trial. Rockwell objects to this Interrogatory as calling for a legal conclusion.  In response to this Interrogatory, Rockwell will provide a response encompassing the current state of its knowledge, belief, and understanding, but reserves the right to supplement its Interrogatory response.

Rockwell's business hinges on the quality of its products and solution.  Since the products control automated systems, their safety and reliability are of paramount importance to customers and consumers, and also to Rockwell to minimize quality problems and products liability claims. The USPTO has granted Rockwell federal trademark registrations for the trademarks asserted in the Complaint.  Rockwell's products bear one or more of the trademarks, which are source identifiers to its customers of its warranty, quality control measures, customer support and the other important product qualities cited in the Complaint.  These qualities are important to customers and consumers.  To preserve quality control and warranty and the other qualities, Rockwell sells products through its Authorized Distributors.  Rockwell does not extend it warranty to unauthorized sales. Rockwell has created an exclusive supply chain of its trademarked goods by obligating a vertical supply network of Authorized Distributors to sell Rockwell goods only to those customers who are not resellers of those products.  Rockwell discounts its prices and extend warranties and other product add-ons to the Authorized Distributors through credit rebates. WiAutomation attempts to sell and/or sells products bearing Rockwell's trademarks that are not

authorized to be sold by Rockwell.  WiAutomation misleads Rockwell Authorized Distributors into selling goods without authorization from Rockwell.  WiAutomation's sale and attempted sales have created a substantial likelihood of confusion and caused mistake and deception in consumers' minds because these unauthorized products are materially different from authorized Rockwell products.  The purchasing public is likely to attribute to Rockwell, WiAutomation's use of Plaintiff's Trademarks as a source of origin, authorization, and/or sponsorship for the products WiAutomation sells and, further, purchase products from WiAutomation in the erroneous belief that WiAutomation is authorized by, associated with, sponsored by, or affiliated with Rockwell, when WiAutomation is not.  Rockwell does not authorize, condone or otherwise allow the sale of non-conforming goods having the material differences found in the unauthorized products sold by WiAutomation.  To that end, Rockwell takes reasonable efforts to monitor and protect the brand against unauthorized resales.

Subject to and without waiving its objections, Rockwell states that it will make available or produce relevant, non-privileged responsive information or documents in its possession, custody or control pursuant to Fed. R. Civ. P. 33(d) from which a response may be derived, to the extent such information exists. Rockwell will provide this information in accordance with the Scheduling Order and the relevant Local Rules. Rockwell reserves the right to alter, amend, or supplement this response as this case proceeds.  Notwithstanding the foregoing, the following documents ROCK-00007799-819;  ROCK-00008386-409;  ROCK-00009772-802;  ROCK-00011817-866;  ROCK-00011894-967;  ROCK-00011972-2252;  ROCK-00012410-987;  ROCK-00000126-138;  ROCK-00000228-256; ROCK-00000140; ROCK-00000228-254; ROCK-00012395-396; ROCK-00012674-675;  ROCK-00012895-897;  WI002511-17;  WI002615-3086;  ROCK-00007799-819;  ROCK-00008386-409;  ROCK-00009772-802;  ROCK-00011817-866;  ROCK-00012490-987;

ROCK-00012988-3501; ROCK-00015693-841; ROCK-00015859-68; the February 17, 2023 declaration of Mark Paliszewski and the documents cited therein; Brett Reed's January 6, 2023 and February 17, 2023 expert reports, as well as the transcript of the March 2, 2023 deposition of Mr. Reed; David Franklyn's January 6, 2023 and February 17, 2023 expert reports, as well as the transcript of the March 3, 2023 deposition of Mr. Franklyn; the transcript of the December 19-20, 2022 deposition of Ryan Smaglik; and the transcripts and exhibits to the depositions of Defendant and its employees support the allegations in Claim III.

Rockwell also incorporates by reference in their entireties Ryan Smaglik's March 17, 2023 (D.I. 147); March 31, 2023 (D.I. 192), and April 10, 2023 (D.I. 224) declarations and the exhibits relied upon in each of these respective declarations. Rockwell incorporates by reference in its entirety the March 30, 2023 Warren DeVilbiss declaration (D.I. 193) and the exhibit relied upon therein.

Rockwell incorporates by reference the entirety of Plaintiff's Concise Statement of Material Facts not in Dispute in Support of its Motion for Summary Judgment on Rockwell's Claims (Counts I, II, IV, and V) (D.I. 152) and the exhibits relied upon therein. Rockwell incorporates by reference the entirety of Rockwell's Reply to Defendants Response to Rockwell's Concise Statement of Material Facts not in Dispute in Support of its Motion for Summary Judgment on Rockwell's Claims (Counts I, II, IV, and V) (D.I. 223) and the exhibits relied upon therein. Rockwell incorporates by reference the entirety of Plaintiff's Concise Statement of Material Facts not in Dispute in Support of its Answering Brief in Opposition to Defendant's Motion for Summary Judgment on All Counts of Plaintiff's Complaint (D.I. 189) and the exhibits relied upon therein.

Further facts that support the allegations in Claim III can be found in the Complaint.

Rockwell's investigation is ongoing and Rockwell reserves the right to supplement its response to this Interrogatory.

**INTERROGATORY NO. 22:**

State all facts supporting the allegations contained in Count IV of the Complaint asserting that WiAutomation should be liable for Statutory Unfair Competition.

**RESPONSE:**

The General Objections are incorporated herein.  Rockwell objects to the Interrogatory because it is overbroad, vague, ambiguous and unduly burdensome.  Rockwell further objects to the Interrogatory as overbroad, unduly burdensome, and oppressive in its request that "all facts" be identified.  Rockwell objects to this interrogatory because it requires Rockwell to marshal all of its available proof or the proof that Rockwell may offer at trial. Rockwell objects to this Interrogatory as calling for a legal conclusion.  In response to this Interrogatory, Rockwell will provide a response encompassing the current state of its knowledge, belief, and understanding, but reserves the right to supplement its Interrogatory response.

Rockwell's business hinges on the quality of its products and solution.  Since the products control automated systems, their safety and reliability are of paramount importance to customers and consumers, and also to Rockwell to minimize quality problems and products liability claims. The USPTO has granted Rockwell federal trademark registrations for the trademarks asserted in the Complaint.  Rockwell's products bear one or more of the trademarks, which are source identifiers to its customers of its warranty, quality control measures, customer support and the other important product qualities cited in the Complaint.  These qualities are important to customers and consumers.  To preserve quality control and warranty and the other qualities, Rockwell sells products through its Authorized Distributors.  Rockwell does not extend it warranty

to unauthorized sales. Rockwell has created an exclusive supply chain of its trademarked goods by obligating a vertical supply network of Authorized Distributors to sell Rockwell goods only to those customers who are not resellers of those products.  Rockwell discounts its prices and extend warranties and other product add ons to the AD's through credit rebates. WiAutomation attempts to sell and/or sells products bearing Rockwell's trademarks that are not authorized to be sold by Rockwell.  WiAutomation misleads Rockwell Authorized Distributors into selling goods without authorization from Rockwell.  WiAutomation's sale and attempted sales have created a substantial likelihood of confusion and caused mistake and deception in consumers' minds because these unauthorized products are materially different from authorized Rockwell products.  The purchasing public is likely to attribute to Rockwell, WiAutomation's use of Plaintiff's Trademarks as a source of origin, authorization, and/or sponsorship for the products WiAutomation sells and, further, purchase products from WiAutomation in the erroneous belief that WiAutomation is authorized by, associated with, sponsored by, or affiliated with Rockwell, when WiAutomation is not.  Rockwell does not authorize, condone or otherwise allow the sale of non conforming goods having the material differences found in the unauthorized products sold by WiAutomation.  To that end, Rockwell takes reasonable efforts to monitor and protect the brand against unauthorized resales.

In addition, Defendant and its employees have been impersonating Rockwell employees in communications to various third parties in an attempt to have the third parties take action that would benefit Defendant and/or harm Rockwell, including with respect to other entities viewed by Defendant as its competitors.

WiAutomation's acts set forth above constitute unlawful, unfair, or fraudulent business practices in violation of 6 Del. C. § 2532 *et seq.*

Subject to and without waiving its objections, Rockwell states that it will make available or produce relevant, non-privileged responsive information or documents in its possession, custody or control pursuant to Fed. R. Civ. P. 33(d) from which a response may be derived, to the extent such information exists. Rockwell will provide this information in accordance with the Scheduling Order and the relevant Local Rules. Rockwell reserves the right to alter, amend, or supplement this response as this case proceeds.  Notwithstanding the foregoing, the following documents ROCK-00000140; ROCK-00011805-806; ROCK-00007799-819; ROCK-00008386-409; ROCK-00009772-802; ROCK-00011817-866; ROCK-00011894-967; ROCK-00011972-2252; and ROCK-00012410-987; ROCK-00000126-138 and ROCK-00000228-256. ROCK-00000140; ROCK-00000228-254; ROCK-00012395-396; ROCK-00012674-675; ROCK-00012895-897; WI002511-17; WI002615-3086; ROCK-00007799-819; ROCK-00008386-409; ROCK-00012490-987; ROCK-00012988-3501; ROCK-00015693-841; ROCK-00015859-68;   the February 17, 2023 declaration of Mark Paliszewski and the documents cited therein; Brett Reed's January 6, 2023 and February 17, 2023 expert reports and the documents cited therein, as well as the transcript of the March 2, 2023 deposition of Mr. Reed; David Franklyn's January 6, 2023 and February 17, 2023 expert reports and the documents cited therein, as well as the transcript of the March 3, 2023 deposition of Mr. Franklyn; the transcript of the December 19-20, 2022 deposition of Ryan Smaglik; and the transcripts and exhibits to the depositions of Defendant and its employees support the allegations in Claim IV.

Rockwell also incorporates by reference in their entireties Ryan Smaglik's March 17, 2023 (D.I. 147); March 31, 2023 (D.I. 192), and April 10, 2023 (D.I. 224) declarations and the exhibits relied upon in each of these respective declarations. Rockwell incorporates by reference in its

entirety the March 30, 2023 Warren DeVilbiss declaration (D.I. 193) and the exhibit relied upon therein.

Rockwell incorporates by reference the entirety of Plaintiff's Concise Statement of Material Facts not in Dispute in Support of its Motion for Summary Judgment on Rockwell's Claims (Counts I, II, IV, and V) (D.I. 152) and the exhibits relied upon therein. Rockwell incorporates by reference the entirety of Rockwell's Reply to Defendants Response to Rockwell's Concise Statement of Material Facts not in Dispute in Support of its Motion for Summary Judgment on Rockwell's Claims (Counts I, II, IV, and V) (D.I. 223) and the exhibits relied upon therein. Rockwell incorporates by reference the entirety of Plaintiff's Concise Statement of Material Facts not in Dispute in Support of its Answering Brief in Opposition to Defendant's Motion for Summary Judgment on All Counts of Plaintiff's Complaint (D.I. 189) and the exhibits relied upon therein.

Further facts that support the allegations in Claim IV can be found in the Complaint.

Rockwell's investigation is ongoing and Rockwell reserves the right to supplement its response to this Interrogatory.

**INTERROGATORY NO. 23:**

State all facts supporting the allegations contained in Count V of the Complaint asserting that WiAutomation should be liable for Common Law Unfair Competition.

**RESPONSE:**

The General Objections are incorporated herein. Rockwell objects to the Interrogatory because it is overbroad, vague, ambiguous and unduly burdensome. Rockwell further objects to the Interrogatory as overbroad, unduly burdensome, and oppressive in its request that "all facts" be identified. Rockwell objects to this interrogatory because it requires Rockwell to marshal all

of its available proof or the proof that Rockwell may offer at trial. Rockwell objects to this Interrogatory as calling for a legal conclusion.  In response to this Interrogatory, Rockwell will provide a response encompassing the current state of its knowledge, belief, and understanding, but reserves the right to supplement its Interrogatory response.

WiAutomation has made false and/or misleading statements in commercial advertising regarding the Unauthorized Rockwell Products, which are likely to cause confusion and mistake, and to misrepresent the nature and characteristics of the Unauthorized Rockwell Products and WiAutomation's commercial activities, and have substantially affected interstate commerce. WiAutomation has falsely advertised on its website and through other media that the Unauthorized Rockwell Products that it offered for sale and sold were "new" or "new factory sealed" or "original product" and that "[t]he warranty for new sealed products is 12 months from the delivery date" and "all products are covered by 12 months warranty" (implying coverage by the Rockwell warranty), despite knowing that the products were not new and did not come with the Rockwell warranty.  This is all entirely untrue. In reality, WiAutomation is shipping customers used and counterfeit products and products obtained from unverified sources to fulfill orders for "new" Rockwell products. None of the products that WiAutomation sold or sells to its customers were covered by Rockwell's warranty or entitled to Rockwell support.  WiAutomation has promoted and deceptively marketed the Unauthorized Rockwell Products to the detriment of Rockwell, as many of Rockwell's customers and prospective customers have been and will be induced to purchase the Unauthorized Rockwell Products instead of Rockwell products, based on WiAutomation's statements and conduct.  WiAutomation took these illegal actions despite knowing that the products it was selling were materially different and with the intent to harm Rockwell.

Rockwell's business hinges on the quality of its products and solution. Since the products control automated systems, their safety and reliability are of paramount importance to customers and consumers, and also to Rockwell to minimize quality problems and products liability claims. The USPTO has granted Rockwell federal trademark registrations for the trademarks asserted in the Complaint. Rockwell's products bear one or more of the trademarks, which are source identifiers to its customers of its warranty, quality control measures, customer support and the other important product qualities cited in the Complaint. These qualities are important to customers and consumers. To preserve quality control and warranty and the other qualities, Rockwell sells products through its Authorized Distributors. Rockwell does not extend it warranty to unauthorized sales. Rockwell has created an exclusive supply chain of its trademarked goods by obligating a vertical supply network of Authorized Distributors to sell Rockwell goods only to those customers who are not resellers of those products. Rockwell discounts its prices and extend warranties and other product add-ons to the Authorized Distributors through credit rebates. WiAutomation attempts to sell and/or sells products bearing Rockwell's trademarks that are not authorized to be sold by Rockwell. WiAutomation misleads Rockwell Authorized Distributors into selling goods without authorization from Rockwell. WiAutomation's sale and attempted sales have created a substantial likelihood of confusion and caused mistake and deception in consumers' minds because these unauthorized products are materially different from authorized Rockwell products. The purchasing public is likely to attribute to Rockwell, WiAutomation's use of Plaintiff's Trademarks as a source of origin, authorization, and/or sponsorship for the products WiAutomation sells and, further, purchase products from WiAutomation in the erroneous belief that WiAutomation is authorized by, associated with, sponsored by, or affiliated with Rockwell, when WiAutomation is not. Rockwell does not authorize, condone or otherwise allow the sale of

non-conforming goods having the material differences found in the unauthorized products sold by WiAutomation. To that end, Rockwell takes reasonable efforts to monitor and protect the brand against unauthorized resales.

In addition, Defendant and its employees have been impersonating Rockwell employees in communications to various third parties in an attempt to have the third parties take action that would benefit Defendant and/or harm Rockwell, including with respect to other entities viewed by Defendant as its competitors.

Subject to and without waiving its objections, Rockwell states that it will make available or produce relevant, non-privileged responsive information or documents in its possession, custody or control pursuant to Fed. R. Civ. P. 33(d) from which a response may be derived, to the extent such information exists. Rockwell will provide this information in accordance with the Scheduling Order and the relevant Local Rules. Rockwell reserves the right to alter, amend, or supplement this response as this case proceeds Notwithstanding the foregoing, the following documents ROCK-00000140; ROCK-00011805-806; ROCK-00007799-819; ROCK-00008386-409; ROCK-00009772-802; ROCK-00011817-866; ROCK-00011894-967; ROCK-00011972-2252; ROCK-00012410-987; ROCK-00000126-138; ROCK-00000228-256; ROCK-00012395-396; ROCK-00012674-675; ROCK-00012895-897; WI002511-17; WI002615-3086; ROCK-00012490-987; ROCK-00012988-3501; ROCK-00015693-841; ROCK-00015859-68; the February 17, 2023 declaration of Mark Paliszewski and the documents cited therein; Brett Reed's January 6, 2023 and February 17, 2023 expert reports and the documents cited therein, as well as the transcript of the March 2, 2023 deposition of Mr. Reed; David Franklyn's January 6, 2023 and February 17, 2023 expert reports and the documents cited therein, as well as the transcript of the March 3, 2023 deposition of Mr. Franklyn; the transcript of the December 19-20, 2022 deposition of Ryan

Smaglik; and the transcripts and exhibits to the depositions of Defendant and its employees support the allegations in Claim V.

Rockwell also incorporates by reference in their entireties Ryan Smaglik's March 17, 2023 (D.I. 147); March 31, 2023 (D.I. 192), and April 10, 2023 (D.I. 224) declarations and the exhibits relied upon in each of these respective declarations. Rockwell incorporates by reference in its entirety the March 30, 2023 Warren DeVilbiss declaration (D.I. 193) and the exhibit relied upon therein.

Rockwell incorporates by reference the entirety of Plaintiff's Concise Statement of Material Facts not in Dispute in Support of its Motion for Summary Judgment on Rockwell's Claims (Counts I, II, IV, and V) (D.I. 152) and the exhibits relied upon therein. Rockwell incorporates by reference the entirety of Rockwell's Reply to Defendants Response to Rockwell's Concise Statement of Material Facts not in Dispute in Support of its Motion for Summary Judgment on Rockwell's Claims (Counts I, II, IV, and V) (D.I. 223) and the exhibits relied upon therein. Rockwell incorporates by reference the entirety of Plaintiff's Concise Statement of Material Facts not in Dispute in Support of its Answering Brief in Opposition to Defendant's Motion for Summary Judgment on All Counts of Plaintiff's Complaint (D.I. 189) and the exhibits relied upon therein.

Further facts that support the allegations in Claim V can be found in the Complaint.

Rockwell's investigation is ongoing and Rockwell reserves the right to supplement its response to this Interrogatory.

**INTERROGATORY NO. 24:**

State all facts supporting the allegations contained in Count VI of the Complaint asserting that WiAutomation should be liable for Unjust Enrichment.

**RESPONSE:**

The General Objections are incorporated herein.  Rockwell objects to the Interrogatory because it is overbroad, vague, ambiguous and unduly burdensome.  Rockwell further objects to the Interrogatory as overbroad, unduly burdensome, and oppressive in its request that "all facts" be identified.  Rockwell objects to this interrogatory because it requires Rockwell to marshal all of its available proof or the proof that Rockwell may offer at trial. Rockwell objects to this Interrogatory as calling for a legal conclusion.  In response to this Interrogatory, Rockwell will provide a response encompassing the current state of its knowledge, belief, and understanding, but reserves the right to supplement its Interrogatory response.

WiAutomation has made false and/or misleading statements in commercial advertising regarding the Unauthorized Rockwell Products, which are likely to cause confusion and mistake, and to misrepresent the nature and characteristics of the Unauthorized Rockwell Products and WiAutomation's commercial activities, and have substantially affected interstate commerce. WiAutomation has falsely advertised on its website and through other media that the Unauthorized Rockwell Products that it offered for sale and sold were "new" or "new factory sealed" or "original product" and that "[t]he warranty for new sealed products is 12 months from the delivery date" and "all products are covered by 12 months warranty" (implying coverage by the Rockwell warranty), despite knowing that the products were not new and did not come with the Rockwell warranty.  This is all entirely untrue. In reality, WiAutomation is shipping customers used and counterfeit products and products obtained from unverified sources to fulfill orders for "new" Rockwell products. None of the products that WiAutomation sold or sells to its customers were covered by Rockwell's warranty or entitled to Rockwell support.  WiAutomation has promoted and deceptively marketed the Unauthorized Rockwell Products to the detriment of Rockwell, as many

of Rockwell's customers and prospective customers have been and will be induced to purchase the Unauthorized Rockwell Products instead of Rockwell products, based on WiAutomation's statements and conduct.  WiAutomation took these illegal actions despite knowing that the products it was selling were materially different and with the intent to harm Rockwell. WiAutomation was aware of, and took advantage of, price discounts and rebates Rockwell provides to its Authorized Distributors through its deceptive conduct.  WiAutomation received an improper benefit in the form of Rockwell goods wrongfully acquired at an unreasonably low price, and profits from the improper resale of those goods.  It would be inequitable to allow WiAutomation to retain these goods and the profits derived from their sale due to their wrongful acquisition and improper marketing.

Rockwell's business hinges on the quality of its products and solution.  Since the products control automated systems, their safety and reliability are of paramount importance to customers and consumers, and also to Rockwell to minimize quality problems and products liability claims. The USPTO has granted Rockwell federal trademark registrations for the trademarks asserted in the Complaint.  Rockwell's products bear one or more of the trademarks, which are source identifiers to its customers of its warranty, quality control measures, customer support and the other important product qualities cited in the Complaint.  These qualities are important to customers and consumers.  To preserve quality control and warranty and the other qualities, Rockwell sells products through its Authorized Distributors.  Rockwell does not extend it warranty to unauthorized sales. Rockwell has created an exclusive supply chain of its trademarked goods by obligating a vertical supply network of Authorized Distributors to sell Rockwell goods only to those customers who are not resellers of those products.  Rockwell discounts its prices and extend warranties and other product add-ons to the Authorized Distributors through credit rebates.

WiAutomation attempts to sell and/or sells products bearing Rockwell's trademarks that are not authorized to be sold by Rockwell.  WiAutomation misleads Rockwell Authorized Distributors into selling goods without authorization from Rockwell.  WiAutomation's sale and attempted sales have created a substantial likelihood of confusion and caused mistake and deception in consumers' minds because these unauthorized products are materially different from authorized Rockwell products.  The purchasing public is likely to attribute to Rockwell, WiAutomation's use of Plaintiff's Trademarks as a source of origin, authorization, and/or sponsorship for the products WiAutomation sells and, further, purchase products from WiAutomation in the erroneous belief that WiAutomation is authorized by, associated with, sponsored by, or affiliated with Rockwell, when WiAutomation is not.  Rockwell does not authorize, condone or otherwise allow the sale of non-conforming goods having the material differences found in the unauthorized products sold by WiAutomation.  To that end, Rockwell takes reasonable efforts to monitor and protect the brand against unauthorized resales.

In addition, Defendant and its employees have been impersonating Rockwell employees in communications to various third parties in an attempt to have the third parties take action that would benefit Defendant and/or harm Rockwell, including with respect to other entities viewed by Defendant as its competitors.

Subject to and without waiving its objections, Rockwell states that it will make available or produce relevant, non-privileged responsive information or documents in its possession, custody or control pursuant to Fed. R. Civ. P. 33(d) from which a response may be derived, to the extent such information exists. Rockwell will provide this information in accordance with the Scheduling Order and the relevant Local Rules. Rockwell reserves the right to alter, amend, or supplement this response as this case proceeds.  Notwithstanding the foregoing, the following documents

ROCK-00007799-819; ROCK-00008386-409; ROCK-00009772-802; ROCK-00011817-866; ROCK-00011894-967; ROCK-00011972-2252; ROCK-00012410-987; ROCK-00000126-138; ROCK-00000228-256; ROCK-00000140; ROCK-00012395-396; ROCK-00012674-675; ROCK-00012895-897; WI002511-17; WI002615-3086; ROCK-00012490-987; ROCK-00012988-3501; ROCK-00015693-841; ROCK-00015859-68; the February 17, 2023 declaration of Mark Paliszewski and the documents cited therein; Brett Reed's January 6, 2023 and February 17, 2023 expert reports and the documents cited therein, as well as the transcript of the March 2, 2023 deposition of Mr. Reed; David Franklyn's January 6, 2023 and February 17, 2023 expert reports and the documents cited therein, as well as the transcript of the March 3, 2023 deposition of Mr. Franklyn; the transcript of the December 19-20, 2022 deposition of Ryan Smaglik; and the transcripts and exhibits to the depositions of Defendant and its employees support the allegations in Claim VI.

Rockwell also incorporates by reference in their entireties Ryan Smaglik's March 17, 2023 (D.I. 147); March 31, 2023 (D.I. 192), and April 10, 2023 (D.I. 224) declarations and the exhibits relied upon in each of these respective declarations. Rockwell incorporates by reference in its entirety the March 30, 2023 Warren DeVilbiss declaration (D.I. 193) and the exhibit relied upon therein.

Rockwell incorporates by reference the entirety of Plaintiff's Concise Statement of Material Facts not in Dispute in Support of its Motion for Summary Judgment on Rockwell's Claims (Counts I, II, IV, and V) (D.I. 152) and the exhibits relied upon therein. Rockwell incorporates by reference the entirety of Rockwell's Reply to Defendants Response to Rockwell's Concise Statement of Material Facts not in Dispute in Support of its Motion for Summary Judgment on Rockwell's Claims (Counts I, II, IV, and V) (D.I. 223) and the exhibits relied upon

therein. Rockwell incorporates by reference the entirety of Plaintiff's Concise Statement of Material Facts not in Dispute in Support of its Answering Brief in Opposition to Defendant's Motion for Summary Judgment on All Counts of Plaintiff's Complaint (D.I. 189) and the exhibits relied upon therein.

Further facts that support the allegations in Claim VI can be found in the Complaint.

Rockwell's investigation is ongoing and Rockwell reserves the right to supplement its response to this Interrogatory.

**INTERROGATORY NO. 25:**

State all facts supporting the allegations contained in Paragraphs 146-147 of the Complaint alleging that WiAutomation's sale of Rockwell products "is likely to cause confusion or mistake, or to deceive customers," and that "Rockwell has suffered and will continue to suffer irreparable harm to its goodwill and reputation."

**RESPONSE:**

The General Objections are incorporated herein. Rockwell further objects to the Interrogatory because it includes multiple discrete subparts, the sum of which, together with all other interrogatories and subparts, exceeds the 25 interrogatory limit established by the Federal Rules and the Scheduling Order in this case. Rockwell further objects to the Interrogatory as overbroad, unduly burdensome, and oppressive in its request that "all facts" be identified. Rockwell objects to this interrogatory because it requires Rockwell to marshal all of its available proof or the proof that Rockwell may offer at trial. Rockwell objects to this Interrogatory as calling for a legal conclusion. In response to this Interrogatory, Rockwell will provide a response encompassing the current state of its knowledge, belief, and understanding, but reserves the right to supplement its Interrogatory response.

Subject to and without waiving its objections, Rockwell states that, as a result of Defendant's conduct, Plaintiff has suffered from lost goodwill, and Rockwell's reputation with both its customers and its authorized distributors has been damaged. Furthermore, because of Defendant's conduct, Rockwell's leadership reputation has suffered in the market for Rockwell products. Rockwell has no adequate remedy at law for the continuing harm caused by Defendant. Further, because the Unauthorized Rockwell Products sold by Defendant are materially different from Genuine Rockwell Products, a likelihood of confusion is presumed as a matter of law.

Rockwell further states, pursuant to Fed R. Civ. P. 33(d), that an answer may be derived from the following documents that have been produced to Defendants: ROCK-00007799-819; ROCK-00008386-409; ROCK-00009772-802; ROCK-00011817-866; ROCK-00011894-967; ROCK-00011972-2252; ROCK-00012410-987; ROCK-00013495-501; ROCK-00015693-841; ROCK-00015859-68; the February 17, 2023 declaration of Mark Paliszewski and the documents cited therein; Brett Reed's January 6, 2023 and February 17, 2023 expert reports and the documents cited therein, as well as the transcript of the March 2, 2023 deposition of Mr. Reed; David Franklyn's January 6, 2023 and February 17, 2023 expert reports and the documents cited therein, as well as the transcript of the March 3, 2023 deposition of Mr. Franklyn; the transcript of the December 19-20, 2022 deposition of Ryan Smaglik; and the transcripts and exhibits to the depositions of Defendant and its employees.

Rockwell also incorporates by reference in their entireties Ryan Smaglik's March 17, 2023 (D.I. 147); March 31, 2023 (D.I. 192), and April 10, 2023 (D.I. 224) declarations and the exhibits relied upon in each of these respective declarations. Rockwell incorporates by reference in its entirety the March 30, 2023 Warren DeVilbiss declaration (D.I. 193) and the exhibit relied upon therein.

Rockwell incorporates by reference the entirety of Plaintiff's Concise Statement of Material Facts not in Dispute in Support of its Motion for Summary Judgment on Rockwell's Claims (Counts I, II, IV, and V) (D.I. 152) and the exhibits relied upon therein. Rockwell incorporates by reference the entirety of Rockwell's Reply to Defendants Response to Rockwell's Concise Statement of Material Facts not in Dispute in Support of its Motion for Summary Judgment on Rockwell's Claims (Counts I, II, IV, and V) (D.I. 223) and the exhibits relied upon therein. Rockwell incorporates by reference the entirety of Plaintiff's Concise Statement of Material Facts not in Dispute in Support of its Answering Brief in Opposition to Defendant's Motion for Summary Judgment on All Counts of Plaintiff's Complaint (D.I. 189) and the exhibits relied upon therein.

Rockwell further states that it may make available or produce further relevant, non-privileged responsive information or documents in its possession, custody or control pursuant to Fed. R. Civ. P. 33(d) from which a response may be derived, to the extent such information exists. Rockwell will provide this information in accordance with the Scheduling Order and the relevant Local Rules.

Rockwell's investigation is ongoing and Rockwell reserves the right to supplement its response to this Interrogatory.

HEYMAN ENERIO
GATTUSO & HIRZEL LLP

/s/ Dominick T. Gattuso
Dominick T. Gattuso (# 3630)
300 Delaware Ave., Suite 200
Wilmington, DE 19801
Tel: (302) 472-7311
dgattuso@hegh.law

OF COUNSEL:

Paul Tanck
Neal J. McLaughlin
Christopher L. McArdle
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
Tel: (212) 210-9400
paul.tanck@alston.com
neal.mclaughlin@alston.com
chris.mcardle@alston.com

*Attorneys for Plaintiffs*

Matthew M. Welch
ALSTON & BIRD LLP
One South at The Plaza
101 South Tryon Street
Suite 4000
Charlotte, NC 28280-4000
Tel: 704-444-1409
matt.welch@alston.com

Joshua M. Weeks
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Suite 4900
Atlanta, GA 30309-3424
Tel: 404-881-7000
joshua.weeks@alston.com

Dated:  April 27, 2023