IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROCKWELL AUTOMATION, INC., | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 21-1238-GBW-JLH |
| | : | |
| | : | **JURY DEMAND** |
| PARCOP S.R.L. d/b/a | : | |
| WIAUTOMATION, | : | |
| | : | |
| Defendant. | : | |

# PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE A SUR-REPLY BRIEF IN OPPOSITION TO PLAINTIFF'S <u>MOTION FOR SUMMARY JUDGMENT</u>

## I. DEFENDANT'S CONTINUED COUNTERFEITING RESULTED IN HIGHLY RELEVANT NEW EVIDENCE

Not once does Defendant deny that the products it delivers to customers bearing Rockwell's marks are not counterfeit, nor could it. Instead, Defendant simply wishes the Court would disregard the countless examples of Defendant's counterfeit products brought to light by Rockwell. The latest example of Defendant's counterfeiting, occurring just weeks ago, is highly relevant to Rockwell's claims and should be considered.

Rockwell learned of the latest "instance of WiAutomation's misconduct" on April 4, 2023—days after Defendant filed its opposition brief and while Rockwell was preparing its reply brief. *See* D.I. 224, Ex. 10. The date of this evidence demonstrates that Defendant's allegation that Rockwell "reserved" material for its reply brief is misplaced—Rockwell could not have brought the counterfeiting evidence to the Court's attention in its opening brief because it had not yet occurred. Last, Defendant's argument that Rockwell "left WiAutomation without any ability to respond" ignores that, according to the briefing schedule, Defendant had no set opportunity to respond after March 31 regardless.

While Rockwell does not object to the Court considering Sections I-III of Defendant's sur-reply regarding the merits of this new evidence, Defendant's arguments in those sections are similarly misplaced.

The well-founded product authenticity inquiries, complaints and related information received by Rockwell from Defendant's defrauded customer Syntegon are not hearsay. Upon receiving the counterfeit products from Defendant, Syntegon informed a Rockwell employee, Christoph Bank, about the sale of counterfeit products. Mr. Bank subsequently spoke with Rockwell employee Anna Barbacka and Rockwell's Global Director of Revenue and Brand Protection, Ryan Smaglik about the issue and Messrs. Smaglik and Bank and Ms. Barbacka investigated the counterfeit nature of the products that Defendant delivered to Syntegon.

Within days of first receiving news of Defendant's sale of counterfeit goods to Syntegon, Rockwell disclosed this information to Defendant. First, Rockwell included the documents and information in a declaration from Mr. Smaglik filed in support of Rockwell's summary judgment reply brief on April 10. (D.I. 223-224.) Second, on April 27, Rockwell served supplemental interrogatory responses and supplemental initial disclosures on Defendant pursuant to Rule 26(e), wherein Rockwell again disclosed this information and identified Ms. Barbacka and Messrs. Smaglik and Bank as trial witnesses, given their role in the Syntegon investigation.[1] (D.I. 249.) At trial, those Rockwell employees would speak directly about their first-

---

[1] Given Mr. Smaglik's role as Rockwell's Global Director of Revenue and Brand Protection, Rockwell first identified him in its Rule 26(a) initial disclosures served on February 18, 2022. (D.I. 24.).

2

hand perceptions of Syntegon and their investigation of Defendant's counterfeit products. *See, e.g.*, *Citizens Financial Group, Inc. v. Citizens Nat. Bank of Evans City*, 383 F.3d 110, 133 (3d Cir. 2004) (Employees' testimony about their experience with confused customers is not hearsay and is otherwise admissible under Fed. R. Evid. 803(3) as permitted statements of existing state of mind.)

Relatedly, Mr. Smaglik's declaration explaining his investigation of the counterfeit products Defendant delivered to Syntegon is very much given from his personal knowledge and perspective. A large part of Mr. Smaglik's role at Rockwell is to investigate reports received by Rockwell of counterfeiters like Defendant and the counterfeit products that they pollute the market with. *See* D.I. 147 at ¶¶45-73. Mr. Smaglik's receipt and investigation of Syntegon's well-founded concerns as well as his related communications involving this incident are all first-hand accounts, which are entirely appropriate for consideration.

Finally, the photographs of the counterfeit products delivered by Defendant to Syntegon are admissible and will be authenticated at trial. As discussed above, Rockwell's Mr. Bank and Ms. Barbacka (who received the photographs from Syntegon) have been identified as potential trial witnesses and can testify about the photographs they received from Syntegon. Moreover, Rockwell is in the process of acquiring the physical counterfeit products Defendant delivered to Syntegon and, upon receipt, will make them available for inspection. Likewise, any new evidence

3

surrounding this event received by Rockwell will be produced to Defendant expeditiously.[2] On the other hand, however, Rockwell has requested Defendant's records surrounding its acquisition and sale of counterfeit products to Syntegon, but Defendant has flatly refused to provide them, in keeping with its conduct throughout this case.

In sum, all of the examples of Defendant's unrelenting counterfeiting, including most recently from Syntegon, are highly relevant to a full understanding of Defendant's business model and its intentional disregard for Rockwell's trademark rights and the health and safety of the unsuspecting victims receiving Defendant's counterfeit goods and, thus, should be considered in connection with Rockwell's claims.

## II. ROCKWELL'S REPLY ADDRESSED NEW FACTUAL MATTER IMPROPERLY PRESENTED IN DEFENDANT'S RESPONSE

Defendant opted to not file its own Concise Statement of Material Facts in support of its Response brief in a transparent attempt to try to deny Rockwell a forum to reply to new factual matter in Defendant's Response to Rockwell's Statement of Material Facts. Rockwell's Reply is proper because it responds to this new factual matter which, according to the Court's rules, should have been filed in Defendant's

---

[2] Rockwell intends to move for leave to reopen the discovery record for the limited purpose of supplementing Rockwell's discovery responses and production to include the documents relating to Defendant's recent sale of counterfeit goods to Syntegon.

own separate concise statement. Had Defendant done so, there would be no dispute that Rockwell's Reply is in accordance with the Court's rules, and Defendant's strategic choice to introduce new facts into its Response to Rockwell's concise statement should not serve to elevate form over substance.

The Court's form scheduling order provides that "[t]he party opposing the motion [for summary judgment] may also include with its opposing papers a separate concise statement . . . which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried." Rule 16 Form Scheduling Order for Non-Patent Cases, ¶ 9(b). By doing so, the opposing party then affords the moving party an opportunity in its reply papers to include "a response to the opposing party's concise statement of facts" and if the moving party fails to do so, that "shall indicate that fact remains in dispute for purposes of summary judgment." *Id*.

Defendant's "Response" to Rockwell's SMF raised new factual arguments and disputed facts. *See* D.I. 187, ¶¶ 2, 5-8, 10, 11, 13-21, and 25-30. For example, D.I. 187, ¶6 introduces a new purported "fact" about value added resellers that is not tied to Rockwell's SMF6, related to Rockwell's limited distribution model. As another example, D.I. 187, ¶7 introduces another new purported "fact" about value added resellers that is irrelevant to Rockwell's SMF7, which discusses the qualities of goods received by customers in connection with sales from Rockwell or its authorized distributors. In yet another example, D.I. 187, ¶25 introduces a new

5

purported "fact" about what information is available to members of the general public from Rockwell's website, whereas Rockwell's SMF25 relates to enrollment of Rockwell's customers to receive product safety and recall notices. In another example, D.I. 187, ¶26 introduces a new purported "fact" about Defendant's purported quality control measures, but Rockwell's SMF26 relates to entitlement to Rockwell's post-manufacture quality control.

These new arguments and alleged disputed facts are not appropriate for Defendant's Response to Rockwell's SMF; rather, the Court's rules require that Defendant's Response should "admit[] or dispute[] the facts set forth" in Rockwell's SMF. Defendant's Response goes further, injecting new "disputed" facts into its "Response" in order to paint Rockwell's claims as inappropriate for summary judgment. Rockwell properly replied to Defendant's Response by stating whether the new factual arguments were admitted or disputed. D.I. 223. Accordingly, Defendant's motion for leave to file a sur-reply on the issue of Rockwell's Reply to Defendant's "Response" to Rockwell's SMF (D.I. 247-2, §IV) should be denied or the argument therein should otherwise be dismissed.

## III. CONCLUSION

For all the foregoing reasons, Rockwell respectfully submits that the evidence of Defendant's recent delivery of counterfeit products is highly relevant and appropriate for the Court to consider and respectfully requests that the Court deny

Defendant's motion for leave to file a sur-reply on the issue of Rockwell's Reply to Defendant's fact-laden "Response" to Rockwell's SMF (D.I. 247-2, §IV).

|  |  |
|---|---|
|  | HEYMAN ENERIO GATTUSO & HIRZEL LLP |
|  | */s/ Dominick T. Gattuso* |
| OF COUNSEL: | Dominick T. Gattuso (# 3630) |
|  | 300 Delaware Ave., Suite 200 |
| Paul Tanck | Wilmington, DE 19801 |
| Neal J. McLaughlin | Tel: (302) 472-7311 |
| Christopher L. McArdle | dgattuso@hegh.law |
| ALSTON & BIRD LLP |  |
| 90 Park Avenue | *Attorneys for Plaintiffs* |
| New York, NY 10016 |  |
| Tel: (212) 210-9400 |  |
| paul.tanck@alston.com |  |
| neal.mclaughlin@alston.com |  |
| chris.mcardle@alston.com |  |

Matthew M. Welch
ALSTON & BIRD LLP
One South at The Plaza
101 South Tryon Street
Suite 4000
Charlotte, NC 28280-4000
matt.welch@alston.com

Joshua M. Weeks
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Suite 4900
Atlanta, GA 30309-3424
Tel: 404-881-7000
joshua.weeks@alston.com

Dated: May 5, 2023

## WORD COUNT CERTIFICATION

The undersigned hereby certifies that Plaintiff's Response to Defendant's Motion for Leave to File a Sur-Reply Brief in Opposition to Plaintiff's Motion for Summary Judgment contains 1,377 words (exclusive of the cover page, tables of contents, authorities, and exhibits, and signature block), in Times New Roman 14-point font, counted using Microsoft Word's word count feature.

>*/s/ Dominick T. Gattuso*
>Dominick T. Gattuso (#3630)