# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCKWELL AUTOMATION, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) C.A. No. 21-1238-GBW-JLH<br>PARCOP S.R.L. d/b/a )<br>WIAUTOMATION, )<br>)<br>Defendant. ) | |

## DEFENDANT WIAUTOMATION'S OBJECTIONS TO MAGISTRATE JUDGE HALL'S MAY 3, 2023 ORAL ORDER

Dated: May 17, 2023

*Of Counsel*:

Bob Kasolas
Eric J. Boden
BRACH EICHLER, LLC
101 Eisenhower Parkway
Roseland, NJ 07068
(973) 403-3139
bkasolas@bracheichler.com
eboden@bracheichler.com

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

Pilar G. Kraman (No. 5199)
Alexis N. Stombaugh (No. 6702)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
pkraman@ycst.com
astombaugh@ycst.com

*Attorneys for Defendant*

## **TABLE OF CONTENTS**

                                                               **Page**

I. INTRODUCTION ................................................................................................1

II. STANDARD OF REVIEW ................................................................................3

III. FACTUAL BACKGROUND .............................................................................3

IV. ARGUMENT ......................................................................................................6

      A.    The Prejudice to WiAutomation Caused by Rockwell Cannot be Cured ...........................................................................7

      B.    Rockwell Acted in Bad Faith. ......................................................9

V. CONCLUSION ..................................................................................................10

# **TABLE OF AUTHORITIES**

**CASES**                                                                   **PAGE(S)**

*AgroFresh Inc. v. Essentiv LLC*,
   2019 WL 9514501 (D. Del. Apr. 23, 2019) ...................................................................... 3

*Cirba Inc. v. VMware, Inc.*,
   No. 19-742-GBW, Memo. Order, D.I. 1663 (D. Del. Mar. 30,
   2023) ............................................................................................................................. 7, 9

*Green v. Fornario*,
   486 F.3d 100 (3d Cir. 2007) ............................................................................................ 3

*TQ Delta LLC v. 2Wire, Inc.*,
   No. 13-1835-RGA, 2019 WL 1529952 (D. Del. Apr. 9, 2019) ....................................... 7

**STATUTES**

28 U.S.C. § 636(b)(1)(A) .................................................................................................... 3

**RULES**

Fed. R. Civ. P. 26(a) ........................................................................................................... 5

Fed. R. Civ. P. 37 .......................................................................................................... 5, 10

Fed. R. Civ. P. 72(a) ........................................................................................................... 3

## I. INTRODUCTION

Defendant Parcop S.r.l. d/b/a WiAutomation ("WiAutomation") respectfully objects to Magistrate Judge Hall's May 3, 2023 Oral Order ("Order") denying WiAutomation's motion to strike the testimony of a witness plaintiff Rockwell Automation, Inc. ("Rockwell") strategically concealed from WiAutomation until long after discovery had closed. (May 3, 2023 Tr. ("Tr.") at 96:7-100:1.)

At the close of fact discovery, Rockwell's discovery responses claimed its alleged "proof" of trademark infringement consisted of two sales WiAutomation made in the United States to a Rockwell "customer." (D.I. 142, Ex. D at Rog 14.) But in late December 2022 (months after fact discovery ended), Rockwell first identified this alleged "customer" as a private investigator Rockwell hired—Mark Paliszewski ("Paliszewski") and his firm Recon Management LLC ("Recon"). (*Id.*, Ex. A at 146:20-147:5.) After conferring with Rockwell in January 2023 regarding this late disclosure, WiAutomation requested Rockwell's agreement to reopen fact discovery to give WiAutomation time to depose Paliszewski and conduct additional discovery, but Rockwell refused. (*Id.*, Ex. G at 1.) At that time, Rockwell assured WiAutomation it had no intention of bringing Paliszewski to trial. (*Id.*; *see also* Tr. at 68:11-13.)

On February 17, 2023 (four months after fact discovery closed and the day reply expert reports were served), Rockwell produced a Declaration of Paliszewski,

along with new documents, for the first time revealing that other witnesses had discoverable information about this case. (D.I. 142, Ex. F at ¶¶3-10, Ex. K.) And, despite one month earlier stating it would not bring Paliszewski to trial, Rockwell changed course, stating on February 24 it now intended to call Paliszewski as a trial witness. (*Id.*, Ex. G at 2.)

Magistrate Judge Hall agreed with WiAutomation that Rockwell's conduct was "completely inappropriate." (Tr. at 95:10-15.) However, Judge Hall denied WiAutomation's motion to strike on the basis that "additional discovery on discrete issues . . . would not . . . disrupt the ability to get us to trial[,]" and that Rockwell did not act in bad faith (although Judge Hall could not "find that there was good faith"). (*Id.* at 98:1-14.) Judge Hall then permitted WiAutomation to conduct additional discovery in the two months leading up to the pretrial conference, including depositions of Paliszewski and other late-disclosed witnesses. (*Id.* at 99:5-14.)

The discovery WiAutomation must rush to complete in the two months before pre-trial submissions are due cannot cure the prejudice Rockwell's tactics have caused. This is especially the case if, as is already proving true, this additional discovery uncovers that the concealed issues are not "discrete." Moreover, rather than preparing for trial in July, WiAutomation is now forced to focus its efforts on deposing these witnesses as well as reviewing additional discovery that is still being

produced.

For these reasons, and as detailed below, Judge Hall's decision was respectfully clearly erroneous and contrary to the law, and WiAutomation requests all testimony and evidence related to Paliszewski and Recon be stricken.

## II.   STANDARD OF REVIEW

A magistrate judge's ruling on non-dispositive issues may be overturned if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  A factual finding is "clearly erroneous" if the Court is "left with the definite and firm conviction that a mistake has been committed." *AgroFresh Inc. v. Essentiv LLC*, 2019 WL 9514501 at *1 (D. Del. Apr. 23, 2019) (citing *Green v. Fornario*, 486 F.3d 100, 104 (3d Cir. 2007)).  And a magistrate judge's decision is "contrary to law" if "the magistrate judge has misinterpreted or misapplied the applicable law." *Id.*

## III.  FACTUAL BACKGROUND

Fact discovery in this matter closed on October 14, 2022 (D.I. 21 at ¶3.a.), subject to a limited extension to conduct fact depositions by December 31, 2022. (D.I. 118.)  During fact discovery, Rockwell claimed WiAutomation "shipped a product bearing an Asserted Trademark to a **customer** in the United States . . . bearing a counterfeit 'Factory Seal' label." (D.I. 142, Ex. D at Rog 14) (emphasis added).  Rockwell's timely interrogatory responses did not provide any additional

- 3 -

information about this alleged "customer" despite being required to do so in response to numerous interrogatories. (*See, e.g., id.* at Rogs 2 and 4 (requesting the identity of persons with relevant knowledge), Rog 7 (requesting documents underlying claims), Rog 9 (describing third-party statements), Rog 11 (describing communications between Rockwell and its agents); Rog 14 (proofs supporting claim that WiAutomation sold counterfeit products)). Rockwell's initial disclosures also failed to disclose the identity of this alleged "customer." (*Id.*, Ex. B.)

Rockwell first admitted the "customer" was Rockwell's own agent over two months after fact discovery closed, during the December 19, 2022 deposition of Rockwell's 30(b)(6) and 30(b)(1) witness, Ryan Smaglik ("Smaglik"). Specifically, Smaglik testified the "customer" was actually Recon, an investigative agency Rockwell directed to make "test purchases" in April 2020 and March 2022. (*Id.*, Ex. A at 146:20-147:5.) Smaglik further testified that Rockwell is **entirely** relying on photographs Recon took because Smaglik did not inspect or test the products received from Recon's alleged test purchases. (*See id.* at 190:12-192:7, 196:13-21, 230:7-19.) Smaglik turned over correspondence with Recon to Rockwell's counsel, Alston & Bird, in the Summer or Fall of 2022 (*see id.* at 185:7-15, 229:7-22.), yet Rockwell's counsel withheld that correspondence from WiAutomation until February 17, 2023—four months after fact discovery closed and the day on which

reply expert reports were served.[1]

Rockwell then misled WiAutomation about Paliszewski's role at trial. In January 2023, Rockwell represented it did not intend to bring Paliszewski to trial, "causing [WiAutomation] not to follow up with [Paliszewski's] deposition." (Tr. at 95:10-15.)  In February 2023, Rockwell abruptly changed course.  Rockwell had Paliszewski execute the February 17 Declaration (D.I. 142, Ex. F) and then claimed it is bringing him to trial (*id.*, Ex. G at 2).

Judge Hall properly analyzed WiAutomation's Motion using the framework set forth in Rule 37(c) and the Third Circuit's *Pennypack* factors.  Judge Hall found: Rockwell violated Rule 26(a) by not including Paliszewski on its Initial Disclosures (Tr. at 96:3-10); it was "implausible" that Rockwell's failure to identify Paliszewski was an "inadvertent oversight" (*id.* at 96:21-25); the late disclosure was not "substantially justified" (*id*); and "the late disclosure was prejudicial to" WiAutomation (*id.* at 97:7-10).  Yet Judge Hall held, "defendant could have asked to depose Mr. Paliszewski [in December 2022]. . . [and] the Court could have and would have granted a request for additional discovery."  (*Id.* 97:21-24.)  Judge Hall also found the additional discovery needed would not disrupt trial because "[t]rial is

---

[1] These documents were responsive to several of WiAutomation's Requests for Production of Documents.  (*See, e.g.*, D.I. 142, Ex. C at RFP 1 (all documents relating to claims in Complaint); RFP 2 (all documents referred to in Complaint or Interrogatories); RFP 4-5, 9-10 (communications regarding claims and allegations); RFP 20 (documents regarding contention Parcop shipped counterfeit products).

still months away. Additional discovery on discrete issues, namely what was ordered and what came, would not, in my view, disrupt the ability to get us to trial." (*Id*. at 98:1-6.)

Regarding bad faith, Judge Hall expressed she was "flabbergasted" Rockwell misled WiAutomation about whether they were calling Paliszewski at trial (Tr. at 95:10-15), had "big questions" regarding Rockwell's in house counsel's conduct concerning this issue (*id.* at 95:16-21), and found Rockwell's interrogatory answers were "designed to mislead" (*id.* at 98:7-14). Yet, Judge Hall held "I'm not going to say there was bad faith here." (*Id.* at 98:7-10.)

Judge Hall ordered that WiAutomation could take discovery on the topics and witnesses Rockwell obscured, at Rockwell's expense (*id.* at 99:5-14), and struck certain late-produced documents Rockwell does not even intend to rely on (*id.* at 96:15-20).

IV.   **ARGUMENT**

Judge Hall's Order is clearly erroneous and contrary to the law because it fails to consider the extreme prejudice to WiAutomation and Rockwell's bad faith. WiAutomation argued (and Judge Hall agreed) WiAutomation was highly prejudiced by Rockwell's improper discovery practices. (Tr. at 101:19-24.) But the remedy the Order provides also prejudicially disrupts the efficient trial of the case and fails to cure the prejudice to WiAutomation. The Order is also clearly erroneous

with respect to whether Rockwell acted in bad faith.

### A.     The Prejudice to WiAutomation Cannot be Cured.

Your Honor recently held that late disclosure "after discovery is closed, the deadlines for dispositive motions and *Daubert* motions have passed" and where there is a rapidly approaching trial "generally . . . would factor against a party's ability to cure prejudice." *Cirba Inc. v. VMware, Inc.*, No. 19-742-GBW, Memo. Order, D.I. 1663 at 5 (D. Del. Mar. 30, 2023) (citations omitted).[2]  And even if a party could have cured prejudice from an untimely disclosure, "it would be unjust to penalize [a party] for doing its best under difficult circumstances." *Id.* at 6 (citations omitted).  Untimely disclosed information should be stricken, even if it is important to a party's case, if the prejudice caused by the late disclosure is not reasonably curable. *Id.* at 8.  As explained below, the prejudice caused to WiAutomation is not reasonably curable and Judge Hall's remedy has only further prejudiced WiAutomation.

The Order penalizes WiAutomation by forcing it to conduct rushed discovery on key issues while simultaneously preparing for trial.  Summary judgment and *Daubert* briefing are completed.  (Tr. at 101:19-22.)  Additionally, trial is scheduled for July 24, 2023 (D.I. 21 at ¶19), and pretrial disclosures are due on June 30, 2023

---

[2] This decision was provided to Judge Hall in advance of the May 3 hearing.  (D.I. 248.)

(D.I. 245). The Order gave WiAutomation just fifty-eight days to conduct at least six depositions necessitated by Rockwell's decision to conceal Recon and Paliszewski from WiAutomation. Also, the pending dispositive motions will almost certainly need to be amended or supplemented based on the new discovery obtained, which will not only prejudice WiAutomation but also this Court.[3] Additionally, WiAutomation may need to partake in additional meet and confers and discovery dispute conferences as the parties work through the additional discovery.

Even if it is technically possible to conduct all of these depositions in this severely truncated period, the Order was incorrect that the additional discovery will only concern "discrete issues, namely what was ordered and what came." (Tr. at 98:1-6.) As but one example, neither Rockwell nor Paliszewski have explained how Michigan-based Paliszewski, purchased, received, and photographed a product that was shipped to Texas. (*Id*. at 69:19-24.) The Order will cause chaos for both WiAutomation and the Court and prevents WiAutomation from preparing for trial.

And while WiAutomation could have sought leave to take Paliszewski's deposition in January 2023, Rockwell dissuaded WiAutomation from doing so by

---

[3] The fully-briefed motions that will likely require amendment following this additional discovery include: WiAutomation's motion for summary judgment (D.I. 155); WiAutomation's opposition to Rockwell's motion for summary judgment (D.I. 185); and WiAutomation's *Daubert* motion concerning Brett Reed (D.I. 159). (Tr. at 101:19-102:12.)

stating they would not call Paliszewski at trial (D.I. 142, Ex. G at 1), which Judge Hall found was "completely inappropriate" (Tr. at 95:10-15). WiAutomation did its best under the circumstances and should not be penalized for Rockwell's violation of the Federal Rules and this Court's Scheduling Order. *See Cirba Inc.*, No. 19-742-GBW, at 6 (finding "it would be unjust to penalize [the party] for doing its best under difficult circumstances") (citations omitted) (D.I. 248).

For these reasons, Judge Hall's finding the Order will allow WiAutomation to "cure" its prejudice is clear error. Any testimony and evidence related to Paliszewski and Recon should therefore be stricken.[4]

**B.     Rockwell Acted in Bad Faith.**

Rockwell and its counsel selectively withheld documents and information to conceal the fact that its sole "examples" of alleged infringing United States sales were unauthenticated photographs from its own agent. Rockwell advanced this concealment by calling its investigator a "customer" in its interrogatory responses, while failing to identify Recon or Paliszewski as Rockwell's agent (or at all) in its initial disclosures and Interrogatory responses. (*See, e.g.,* D.I. 142, Ex. D at Rog 14,

---

[4] This motion should not be denied on the basis WiAutomation engaged in the discovery permitted by Judge Hall because WiAutomation was left with "two bad options: either scramble to" conduct discovery concerning the late-disclosed material, or refrain "and risk not" obtaining any discovery "if the Motion to Strike is denied." *Cirba Inc.*, No. 19-742-GBW, at 6 (citation omitted) (D.I. 248).

Ex. B.) Then, after Recon and Paliszewski were belatedly discovered during Smaglik's deposition, Rockwell continued to tell WiAutomation that Rockwell was not going to call Paliszewski at trial, only to change course just before *Daubert* and dispositive motion briefing would begin. (*Id.*, Ex. G at 1-2.)

Rockwell's tactics were strategic at every step. Judge Hall agreed. She found it "implausible" that Rockwell inadvertently forgot to disclose Recon (Tr. at 96:21-25), that Rockwell's reference to its agent as a customer in its interrogatory responses was "designed to mislead" (*id.* at 98:12-14), and that she "certainly can't find that there was good faith" (*id.* at 98:11). But Judge Hall still found that these tactics were not bad faith. (*Id.* at 98:7-10.) In light of the record before the Court, and the requirements of Rule 37 and *Pennypack*, such a finding was clearly erroneous and contrary to the law.

## V.   CONCLUSION

For the reasons above, WiAutomation respectfully requests the Court affirm WiAutomation's objections, overrule Judge Hall's Order, and bar Rockwell from relying on the following documents and testimony:

> a. Declaration of Paliszewski dated February 17, 2023 and Exhibits A and B attached thereto, including ROCK-00000217–229, ROCK-00000126–130;
>
> b. Portions of the Expert Report and Reply Report of Brett Reed dated

January 6, 2023 and February 17, 2023 respectively, and any related testimony at trial, to the extent Mr. Reed relied on information and materials provided by Paliszewski and Recon directly, or indirectly through Mr. Smaglik;

c. Recon's "test purchases" made in April 2020 and March 2022 and any physical products, labels, documents, photographs, email correspondence, reports, or materials produced by Rockwell relating to such test purchases, including but not limited to ROCK-0000126–138 and ROCK-00000228–256;

d. Testimony from any Rockwell witness regarding these "test purchases" or Recon;

e. Rockwell's Supplemental Initial Disclosures served on March 4, 2023 (D.I. 139);

f. Rockwell's Fourth Supplemental and Amended Objections and Responses to Parcop's Interrogatories (Nos. 1–25) served on March 4, 2023 (D.I. 139); and

g. Any physical products, labels, documents, photographs, email correspondence, reports, or materials created by or on behalf of Recon at trial in any form, including as evidence or as a demonstrative.

| | |
|---|---|
| Dated: May 17, 2023 | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| *Of Counsel*: | */s/ Alexis N. Stombaugh*<br>Pilar G. Kraman (No. 5199) |
| Bob Kasolas<br>Eric Boden<br>BRACH EICHLER, LLC<br>101 Eisenhower Parkway<br>Roseland, NJ 07068<br>(973) 403-3139<br>bkasolas@bracheichler.com<br>eboden@bracheichler.com | Alexis N. Stombaugh (No. 6702)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>pkraman@ycst.com<br>astombaugh@ycst.com<br><br>*Attorneys for Defendant* |

# **CERTIFICATE OF COMPLIANCE**

The undersigned certifies that Defendant WiAutomation's Objections to Magistrate Judge Hall's May 3, 2023 Oral Order is in Times New Roman 14-point font and contains 2,401 words, exclusive of caption, tables, and signature block, counted using Microsoft Word's word count feature.

| | |
|---|---|
| Dated: May 17, 2023 | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| *Of Counsel*: | */s/ Alexis N. Stombaugh* <br> Pilar G. Kraman (No. 5199) |
| Bob Kasolas <br> Eric J. Boden <br> BRACH EICHLER, LLC <br> 101 Eisenhower Parkway <br> Roseland, NJ 07068 <br> (973) 403-3139 <br> bkasolas@bracheichler.com <br> eboden@bracheichler.com | Alexis N. Stombaugh (No. 6702) <br> Rodney Square <br> 1000 North King Street <br> Wilmington, DE 19801 <br> (302) 571-6600 <br> pkraman@ycst.com <br> astombaugh@ycst.com <br><br> *Attorneys for Defendant* |

## STANDING ORDER CERTIFICATION

Pursuant to the Court's March 7, 2022 Standing Order for Objections Filed Under Fed. R. Civ. P. 72, Paragraph 5, Defendant hereby certifies that Defendant's Objections to Judge Hall's Oral Order Dated May 3, 2023 does not raise any new legal or factual arguments that were not previously presented to the Court in the briefing or oral argument.[5]

| | |
|---|---|
| Dated: May 17, 2023 | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| *Of Counsel*: | */s/ Alexis N. Stombaugh* <br> Pilar G. Kraman (No. 5199) |
| Bob Kasolas <br> Eric J. Boden <br> BRACH EICHLER, LLC <br> 101 Eisenhower Parkway <br> Roseland, NJ 07068 <br> (973) 403-3139 <br> bkasolas@bracheichler.com <br> eboden@bracheichler.com | Alexis N. Stombaugh (No. 6702) <br> Rodney Square <br> 1000 North King Street <br> Wilmington, DE 19801 <br> (302) 571-6600 <br> pkraman@ycst.com <br> astombaugh@ycst.com <br><br> *Attorneys for Defendant* |

---

[5] On April 27, 2023, prior to the May 3, 2023 hearing, Rockwell served its Fifth Supplemental Disclosures and Second Supplemental Initial Disclosures. (D.I. 249.) On May 1, WiAutomation filed a Notice of Subsequent Developments with an amended proposed order requesting the Court to strike these additional supplementations ("Notice"). (D.I. 250.) At the May 3 hearing, Judge Hall informed the parties she had not considered the Notice and instructed the parties to "take it up with Judge Williams." (Tr. at 103:14-21.) The parties will address this Notice at the appropriate time.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 17, 2023, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY E-MAIL**

Dominick T. Gattuso
HEYMAN ENERIO GATTUSO
& HIRZEL LLP
300 Delaware Ave., Suite 200
Wilmington, DE 19801
dgattuso@hegh.law

John W. Shaw
Andrew E. Russell
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
jshaw@shawkeller.com
arussell@shawkeller.com

Matthew M. Welch
ALSTON & BIRD LLP
One South at The Plaza
101 South Tryon Street
Suite 4000
Charlotte, NC 28280
matt.welch@alston.com

Neal J. McLaughlin
Paul Tanck
Christopher L. McArdle
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
neal.mclaughlin@alston.com
paul.tanck@alston.com
chris.mcardle@alston.com

Joshua M. Weeks
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Suite 4900
Atlanta, GA 30309
joshua.weeks@alston.com


YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Alexis N. Stombaugh*
Pilar G. Kraman (No. 5199)
Alexis N. Stombaugh (No. 6702)
Maliheh Zare (No. 7133)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
pkraman@ycst.com
astombaugh@ycst.com
mzare@ycst.com
*Attorneys for Defendant*