# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCKWELL AUTOMATION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>PARCORP S.R.L. d/b/a WI AUTOMATION,<br><br>Defendant. | No. :21-cv-01238-GBW-JLH |

### **CORRECTED** DECLARATION OF MARK PALISZEWSKI

I, Mark Paliszewski, hereby declare as follows:

1. I have personal knowledge of the matters set forth in this declaration. If I am called to testify I could and would testify competently to these matters under oath.

2. I am the Director of the Consulting and Investigative Group at Recon Management Group, LLC ("Recon"), which is based in B~~irm~~ingham Farms, Michigan. I have worked at Recon since 2009 in various roles conducting internal and external investigations for clients. Before that, I worked for nearly twenty years as an investigator for the law firm Dickinson Wright PLLC, which is headquartered in Detroit, Michigan. I graduated from Madonna University, located in Livonia, Michigan, in 1991 with a Bachelor of Science degree in Criminal Justice.

3. Rockwell Automation, Inc. ("Rockwell") retained the services of Recon to conduct test purchases of certain products from Parcop S.R.L. d/b/a WI Automation ("WI Automation"). I received Rockwell's requests for these services and oversaw Recon's work to complete them.

4. In April, 2020, acting on a request from Ryan Smaglik at Rockwell, I directed a strategic partner to email~~ed~~ WI Automation using the company name "J&J Systems" to request a quote for a

number of different Rockwell products and to ~~ultimately~~ place~~d~~ an order for two of the products to be delivered to an address in Texas.

5. The products ~~that I~~ ordered from WI Automation were delivered in May, 2020 to the address that ~~I~~was provided. Upon receipt of the products from WI Automation, I ~~took~~directed the partner to take photographs of the packaging and products and I have maintained those photographs in my file as was customary in the ordinary course of business and in accordance with the manner that I normally and regularly conduct my investigation activities. I sent these photographs to Mr. Smaglik on May 12, 2020 via email.

6. The photographs attached as Exhibit A to this declaration are true and accurate copies of the photographs that ~~I took~~were taken in May of 2020 of the products received from WI Automation. Exhibit A also includes true and correct images of the invoice and shipping label provided in and on the package.

7. In March of 2022, I was asked again by Mr. Smaglik to contact WI Automation to obtain a quote and initiate a purchase of certain Rockwell products. This time using ~~the~~ a third party company name~~d~~ "Image-Tek Displays & Graphics," I ~~initiated a~~ directed Image-Tek to purchase ~~of~~ three Rockwell products from WI Automation for delivery to ~~an~~Image-Tek's address in Michigan.

8. The products that ~~I~~were ordered from WI Automation were delivered in April, 2022 to the address that ~~I~~was provided. Upon receipt of the products from WI Automation, I personally retrieved the products and took photographs of the packaging and products and maintained those photographs in my file as was customary in the ordinary course of business and in accordance with the manner that I normally and regularly conduct my investigation activities. I sent these photographs to Mr. Smaglik on April 4, 2022 and April 14, 2022 via email.

9. The photographs attached as Exhibit B to this declaration are true and accurate copies of

the photographs that I took in April of 2022 of the products received from WI Automation.

10. After taking photographs, I sent the package received from WI Automation in April, 2022 to Neal McLaughlin, outside counsel for Rockwell.

I certify under penalty of perjury that the foregoing is true and correct.

DATED: ~~February 17~~May 22, 2023

Mark Paliszewski