IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCKWELL AUTOMATION, INC., | ) |
| Plaintiff, | ) **Redacted - Public Version** |
| v. | ) C.A. No. 21-1238-GBW-JLH |
| PARCOP S.R.L. d/b/a WIAUTOMATION, | ) |
| Defendant. | ) |

**ROCKWELL AUTOMATION, INC.'S REPLY IN SUPPORT OF ITS MOTION TO AMEND THE SCHEDULING ORDER TO SUPPLEMENT THE DISCOVERY RECORD TO INCLUDE RECENT COUNTERFEIT SALES BY DEFENDANT**

OF COUNSEL:
Paul Tanck
Neal J. McLaughlin
Christopher L. McArdle
Andrew J. Ligotti
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
(212) 210-9400

Matthew M. Welch
ALSTON & BIRD LLP
One South at The Plaza
101 South Tryon Street
Suite 4000
Charlotte, NC 28280-4000
(704) 444-1000

Joshua M. Weeks
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Suite 4900
Atlanta, GA 30309-3424
(404) 881-7000

Dated: June 16, 2023

John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com

-and-

Dominick T. Gattuso (No. 3630)
HEYMAN ENERIO GATTUSO & HIRZEL LLP
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7311
dgattuso@hegh.law

*Attorneys for Rockwell Automation, Inc.*

Plaintiff Rockwell Automation, Inc. ("Rockwell") respectfully submits this reply in support of its motion to amend the scheduling order (D.I. 266) pursuant to Federal Rule of Civil Procedure 16(b)(4). Rockwell's underlying motion to supplement the discovery record is for the limited purpose of including in the discovery record Defendant Parcop S.R.L. d/b/a WiAutomation's ("WiAutomation") recent sale of counterfeit Rockwell-branded goods to Syntegon Packaging Systems AG ("Syntegon") that occurred in late March 2023. WiAutomation's response noticeably failed to deny its counterfeit sale of hundreds of Rockwell-branded products to Syntegon. Instead, WiAutomation argued that extensive discovery is needed to allow the Syntegon evidence into the record without prejudicing WiAutomation.

While WiAutomation focuses its opposition on prejudice, it ignores binding Third Circuit precedent which holds that good cause turns on the diligence of Rockwell.[1] Further, WiAutomation's alleged prejudice is of its own making. Tellingly, WiAutomation failed to deny, or even address, the fact that it already has all the Syntegon-related evidence in its possession (*e.g.*, its own communications and documents concerning Syntegon, the documents Syntegon turned

---

[1] WiAutomation relies on *XCoal*, which in turn relies on *Dow Chem. Canada, Inc. v. HRD Corp.*, 287 F.R.D. 268, 270 (D. Del. 2012), for its assertion that prejudice to WiAutomation is a significant factor in the good cause analysis. But WiAutomation fails to address the contradiction in *XCoal* where the Court cited to caselaw within the District of Delaware for the proposition that a "good cause standard under Rule 16(b) hinges on the diligence of the movant, and not on prejudice to the non-moving party." *Xcoal Energy & Res. v. Bluestone Energy Sales Corp.*, No. 18-819-LPS, 2020 U.S. Dist. LEXIS 165113, at *14 (D. Del. Sept. 8, 2020). WiAutomation also does not reveal that *Dow* relied on the Ninth Circuit's interpretation of Rule 16(b) (it cited *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)), not Third Circuit precedent. And the one Third Circuit decision cited in *Dow*, *Redhead*, did not deal with Rule 16(b). In any event, neither *XCoal* nor *Dow* dealt with new facts that developed after the close of fact discovery at the behest of the non-moving party. *See Xcoal Energy & Res. v. Bluestone Energy Sales Corp.*, No. 18-819-LPS, 2020 U.S. Dist. LEXIS 165113, at *13 (D. Del. Sept. 8, 2020) (dealing with a motion to reopen discovery after trial began); *see also Dow Chem. Can., Inc. v. HRD Corp.*, 287 F.R.D. 268, 269 (D. Del. 2012) (dealing with a motion to reopen discovery regarding documents that existed and which were not produced before the close of discovery).

over to Rockwell, and all of the Rockwell's materials about Syntegon). It is thus unclear why additional discovery would be needed and how WiAutomation could be prejudiced with evidence that it already possesses.

## I.   **WiAutomation Failed to Contest the Following Facts.**

In addition to the aforementioned facts that WiAutomation failed to contest, WiAutomation does not seriously contest that Rockwell was diligent in bringing this motion or acknowledge its own delays in refusing to meet and confer until May 15 (D.I. 267 at ¶¶1-11) or that it was WiAutomation that made the sale in late March of this year. WiAutomation also does not acknowledge that Rockwell began producing materials from Syntegon as near real-time as possible, *e.g.*, on April 27, 2023. D.I. 266 at Ex. D (4/27/23 N. McLaughlin Service E-mail). Rockwell continued producing relevant materials as they were received from Syntegon and Rockwell employees investigating the matter and retrieved from Rockwell's email systems and made subsequent productions on May 8 and May 24, 2023.

## II.   **Syntegon is an Independent Customer.**

Syntegon is not controlled by Rockwell. Tellingly, WiAutomation cites to no evidence that shows Rockwell directed Syntegon to purchase Rockwell-branded products from WiAutomation; nor can it. WiAutomation instead relies on insinuation and innuendo. *See, e.g.*, D.I. 275 at 4-7. For example, the fact that Syntegon was formerly known as Bosch Packaging Technology ("Bosch") before 2020, or that Rockwell sold high end automation equipment to Bosch before the name change for a project in India on customized line solutions for horizontal form fill and seal machines in the bakery industry (D.I. 276 at Ex. A, B) or made sales to Bosch over twenty years ago (*id.*, Ex. C), does not support the notion that Rockwell nefariously controlled Syntegon.

In reality, as the documents show, Syntegon first contacted Rockwell regarding Syntegon's purchase of Rockwell-branded products from WiAutomation after Syntegon had already

2

purchased and received the products. D.I. 266 at 2-3. And Syntegon only reached out to Rockwell because it had concerns regarding the authenticity of the products it had purchased from WiAutomation. *Id.* Syntegon's concerns turned out to be valid as Rockwell confirmed the Rockwell-branded products from WiAutomation were indeed counterfeit. *Id.* This relationship, between Syntegon and Rockwell, evinces a typical Rockwell-customer relationship as Rockwell-branded automation equipment is used in high end applications and must be reliable as breakdowns are extremely costly and can be very dangerous. As such, it is not out of the ordinary for a customer to confirm the authenticity of Rockwell-branded products obtained outside of authorized channels. Accordingly, WiAutomation's insinuation that Rockwell directed Syntegon's purchase is unfounded, especially considering that Syntegon only contacted Rockwell regarding its purchase from WiAutomation *after* the purchase was made.

### III. The Syntegon-Related Evidence is Admissible.

The Syntegon-related evidence is admissible. WiAutomation argues that the authenticity of the evidence is somehow "dubious" because no declaration was filed in support. D.I. at 275. But WiAutomation fails to acknowledge the other supporting evidence Rockwell provided and the related testimony that will be offered at trial. First, Rockwell provided the customer invoice from WiAutomation to Syntegon for the sale of Rockwell-branded counterfeit goods. D.I. 266-2. The customer invoice evidencing Syntegon's purchase of the counterfeit Rockwell-branded products is admissible as both a party admission and a business record, regardless of a supporting declaration. *Row Equip., Inc. v. Terex USA, LLC*, No. 5:16-cv-60, 2019 U.S. Dist. LEXIS 202406, at *6 (S.D. Ga. Nov. 21, 2019) ("The invoice is non-hearsay because it is a statement of an opposing party . . . .") (citing *U.S. v. Williams*, 837 F.2d 1009, 1013-14 (11th Cir. 1988)); *Alpha Prime Dev. Corp. v. Holland Loader Co., LLC*, No. 09-cv-01763-WYD-KMT, 2010 U.S. Dist. LEXIS 67591, at *4-5 (D. Colo. July 6, 2010) ("I agree with APDC that this invoice appears to be

3

admissible both as a party admission and business record . . . ."). Second, Rockwell identified Christoph Bank in its witness list as a witness that could testify at trial who has personal knowledge as to the complaint from Syntegon that Rockwell received and how Rockwell came into possession of the counterfeit goods. Rockwell also offered Mr. Bank for deposition to WiAutomation. WiAutomation's "missing declaration" argument is thus without merit.

### IV. WiAutomation has all of the Syntegon-Related Discovery and will not be Prejudiced by this Evidence.

WiAutomation's contention that additional discovery is needed to prevent prejudice is unfounded. D.I. 275 at 11. WiAutomation does not deny that it already has all of the Syntegon transaction data in its possession. In fact, WiAutomation had the Syntegon transaction data before Rockwell because WiAutomation is the one that transacted with Syntegon. Regardless, Rockwell has produced the Syntegon-related discovery in its possession. D.I. 266 at 5. Moreover, WiAutomation has all the information it needs to prove whether the products it sold to Syntegon were legitimate or counterfeit. WiAutomation has the sales records and customer invoices for the 500 Rockwell-branded products it sold to Syntegon, and WiAutomation knows the source of these products. D.I. 268-1 at ¶2 (WiAutomation's corporate representative confirmed that "WiAutomation has the practice of saving its invoices electronically for tax purposes, in an electronic database that we call the 'fiscal drawer.'"). Nevertheless, WiAutomation has failed to list the exact evidence it is looking to gain that is not already in its possession and that is relevant to a claim at issue. Instead of explaining the evidence it needs and does not already have, WiAutomation instead argues about a corrected declaration from a third-party in an unrelated discovery issue.[2] Again, this is irrelevant to the issue at hand and unfounded.

---

[2] On May 24, 2023, Rockwell submitted a corrected declaration of Mr. Paliszewski, the director of Recon Management Group, LLC ("Recon"), regarding purchases of counterfeit products from WiAutomation that are unrelated to the Syntegon products. D.I. 264. Rockwell explained:

WiAutomation also asserts that it has too many tasks to do in too little time. But much of this is of WiAutomation's own making. Rockwell offered to facilitate the deposition of Mr. Bank weeks ago. But rather than prepare its case, WiAutomation has done nothing. *See Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 903-05 (3d Cir. 1977) (determining that the district court abused its discretion in excluding testimony of two experts disclosed three weeks before trial, in part because the non-movant "had some obligation to take steps to minimize its alleged prejudice and surprise").

Regardless of WiAutomation's unfounded arguments on unrelated issues and alleged prejudice, the issue here is simple—WiAutomation cannot be prejudiced with information already in its possession. Moreover, an additional discovery period is unnecessary as WiAutomation has all the information (including the Syntegon-related evidence) needed to prove the source of the products and whether the products it sold Syntegon were counterfeit.

The parties have met and conferred, pursuant to Local Rule 7.1.1, in an effort to resolve this dispute, but remain at an impasse.

---

Mr. Paliszewski's February 17 declaration stated that he had purchased these products from the defendant; the documents, however, showed that Mr. Paliszewski instructed two third parties to purchase the products from defendant. In addition, with regards to the 2020 purchase, Mr. Paliszewski stated he had photographed the products; the documents showed that he instructed the third party purchaser to photograph the products.

*Id.* at 1. WiAutomation's attempt to feign prejudice and its mischaracterization of the minor corrections as "misrepresentations" fail to address, and are wholly unrelated, to the underlying issue—whether WiAutomation will be prejudiced by the Syntegon-related evidence. WiAutomation also alleges that Rockwell admitted the counterfeit products Mr. Paliszewski caused to be purchased from WiAutomation were obtained from a legitimate source. D.I. 275 at 10. This is not true. WiAutomation's product source, SY.EL, is not authorized to sell products to WiAutomation (or anyone else) for resale as will be proven at trial.

| | |
|---|---|
| OF COUNSEL:<br>Paul Tanck<br>Neal J. McLaughlin<br>Christopher L. McArdle<br>Andrew J. Ligotti<br>ALSTON & BIRD LLP<br>90 Park Avenue<br>New York, NY 10016<br>(212) 210-9400<br><br>Matthew M. Welch<br>ALSTON & BIRD LLP<br>One South at The Plaza<br>101 South Tryon Street<br>Suite 4000<br>Charlotte, NC 28280-4000<br>(704) 444-1000<br><br>Joshua M. Weeks<br>ALSTON & BIRD LLP<br>One Atlantic Center<br>1201 West Peachtree Street<br>Suite 4900<br>Atlanta, GA 30309-3424<br>(404) 881-7000<br><br>Dated: June 16, 2023 | /s/ John W. Shaw<br>John W. Shaw (No. 3362)<br>Andrew E. Russell (No. 5382)<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>jshaw@shawkeller.com<br>arussell@shawkeller.com<br><br>-and-<br><br>Dominick T. Gattuso (No. 3630)<br>HEYMAN ENERIO GATTUSO & HIRZEL LLP<br>300 Delaware Avenue, Suite 200<br>Wilmington, DE 19801<br>(302) 472-7311<br>dgattuso@hegh.law<br><br>*Attorneys for Rockwell Automation, Inc.* |

## **CERTIFICATE OF SERVICE**

I, John W. Shaw, hereby certify that on June 16, 2023, this document was served on the persons listed below in the manner indicated:

**BY EMAIL**

Pilar G. Kraman
Alexis N. Stombaugh
YOUNG, CONAWAY, STARGATT
 & TAYLOR LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
pkraman@ycst.com
astombaugh@ycst.com

Bob Kasolas
Eric J. Boden
Eric Alvarez
BRACH EICHLER, LLC
101 Eisenhower Parkway
Roseland, NJ 07068
(973) 228-5700
bkasolas@bracheichler.com
eboden@bracheichler.com
ealvarez@bracheichler.com

/s/ *John W. Shaw*
John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com

*-and-*

Dominick T. Gattuso (No. 3630)
HEYMAN ENERIO GATTUSO & HIRZEL LLP
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7311
dgattuso@hegh.law

*Attorneys for Rockwell Automation, Inc.*