IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCKWELL AUTOMATION, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-1238-GBW-JLH |
| | ) |
| PARCOP S.R.L. d/b/a WIAUTOMATION, | ) |
| | ) |
| Defendant. | ) |

**<u>PRELIMINARY JURY INSTRUCTIONS</u>**

**I.     <u>INTRODUCTION</u>**

Members of the jury:

Now that you have been sworn, I have the following preliminary instructions for your guidance on the nature of the case and on your role as jurors.

These instructions are intended to introduce you to the case and the law that you will apply to the evidence that you will hear. I will give you more detailed instructions on the law at the end of the trial. Also, because this is a trial that will deal with subject matter that is not within the everyday experience of most of us, I will additionally give you some preliminary instructions to assist you in discharging your duties as jurors.

## II. THE PARTIES AND THEIR CONTENTIONS

The plaintiff in this case is Rockwell Automation, Inc. I will refer to the plaintiff as "Rockwell" or "plaintiff."

The defendant in this case is Parcop S.R.L., which does business as "WiAutomation." I will refer to the defendant as "WiAutomation" or defendant.

Rockwell claims that WiAutomation has violated laws relating to trademark infringement, false designation of origin, false advertising, deceptive trade practices, and unfair competition in connection with its advertising and sale of products bearing Rockwell's trademarks. WiAutomation denies all of Rockwell's claims. The jury will be asked to decide whether WiAutomation has violated any of these laws and damages, if any, suffered by Rockwell.

### A. DUTIES OF THE JURY

Let me now turn to the general rules that will govern the discharge of your duties as jurors in this case.

It will be your duty to find what the facts are from the evidence as presented at the trial. You and you alone will be the judges of the facts. You will have to apply the law to those facts as I will instruct you at the close of the evidence. You must follow that law whether you agree with it or not.

You are the judges of the facts. I will decide which rules of law apply to this case. You are bound by your oath as jurors to follow these and all the instructions

that I give you, even if you personally disagree with them. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. Do not let anything I say or do during the course of the trial influence you. Nothing I say or do is intended to indicate, or should be taken by you as indicating, what your verdict should be.

B.   **EVIDENCE**

The evidence from which you will find the facts will consist of the testimony of witnesses, and the documents and other things admitted into evidence. The evidence may also include certain facts agreed to by the parties or that I may instruct you to find. Certain things are not evidence and must not be considered by you. I will list them for you now:

1. Statements, arguments, and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make an objection when they believe testimony or exhibits being offered are not admissible under the rules of evidence. You should not be influenced by a lawyer's objection or by my ruling on the objection. If I sustain or uphold the objection and find the matter is not admissible, you should ignore the question, testimony, or document. If I overrule an objection and allow the matter in

3

evidence, you should treat the testimony or document like any other evidence. If I instruct you during the trial that some item of evidence is admitted for a limited purpose, you must follow that instruction and consider that evidence for that purpose only. If this occurs during the trial, I will try to clarify this for you at that time.

      3.      Testimony and exhibits that I have the excluded or told you to disregard are not evidence and must not be considered.

      4.      During trial you will be shown charts and graphics to help illustrate the testimony of the witnesses. Illustrative exhibits, called "demonstrative exhibits," are not admitted into evidence and should not be considered as evidence. Rather, it is the testimony about the demonstrative exhibits that is evidence. Similarly, exhibits that are identified by a party but are not offered or received into evidence are not evidence.

      5.      Anything you see or hear outside the Courtroom is not evidence and must be disregarded. You are to decide this case solely on the evidence presented here in the Courtroom.

## III.   DIRECT AND CIRCUMSTANTIAL EVIDENCE

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it

raining outside, and you believe him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. As a general rule, the law makes no distinction between these two types of evidence but simply requires that you find facts from all the evidence in the case, whether direct or circumstantial or a combination of the two.

## IV. **CREDIBILITY OF WITNESSES**

You are the sole judges of each witness's credibility. In judging the facts, it will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable. This instruction applies to the testimony of all witnesses, including expert witnesses.

## V. **EXPERT TESTIMONY**

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business. This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience. In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing testimony of any other witness. Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case. You are free to accept or reject the testimony of experts, just as with any other witness.

## VI. **BURDEN OF PROOF**

In any legal action, facts must be proven by a required standard of evidence, known as the "burden of proof." In a case such as this, there are two different

burdens of proof that are used. The first is called "preponderance of the evidence." The second is called "clear and convincing evidence."

Rockwell has the burden of proving its claims and the amount of its money damages, if any, by what is called a preponderance of evidence. That means that you have to find that Rockwell has been able to show you evidence that, when considered in light of all of the facts, leads you to believe that what Rockwell claims is more likely true than not. To put it differently, if you were to put the evidence of Rockwell and WiAutomation on opposite sides of a scale, the evidence supporting Rockwell's claims would make the scales tip somewhat on Rockwell's side. If the scale should remain equal or tip in favor of WiAutomation, you should find for WiAutomation.

Some of you may have heard the phrase "proof beyond a reasonable doubt." That burden of proof applies only in criminal cases and has nothing to do with a civil case like this one. You should therefore not consider it in this case.

## VII. **CONDUCT OF THE JURY**

Now a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case. If any lawyer, party, or witness does not speak to you when you pass in

7

the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you, nor you with them. In this way, any unwarranted and unnecessary suspicion about your fairness can be avoided. If anyone should try to talk to you about it, bring this to the Court's attention promptly.

I know that many of you use cell phones, iPhones, Blackberries, the internet, and other tools of technology. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, your Blackberry or iPhone, text messaging, on Twitter, through any blog or website, through any internet chat room, or by way of any other social networking websites, including Facebook, LinkedIn, YouTube, Instagram, Snapchat, and Twitter.

Second, do not read or listen to anything touching on this case in any way. Again, this includes any electronic tools or communications.

Third, do not try to do any research or make any investigation about the case on your own. During the course of the trial, you must not conduct any independent research about the case, the matters in the case, and the individuals or entities involved in the case. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or any other electronic means. Also, should there happen to be a newspaper article or radio or television

8

report relating to this case, do not read the article or watch or listen to the report. It is important that you decide this case based solely on the evidence presented in the Courtroom. Please do not try to find out information from any other sources.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

During the trial, you may, but are not required to, take notes regarding testimony; for example, exhibit numbers, impressions of witnesses, or other things related to the proceedings.

A word of caution is in order. There is generally I think a tendency to attach undue importance to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Also, keep in mind that you will not have a transcript of the testimony to review. So, above all, your memory will be your greatest asset when it comes time to deliberate and render a decision in this case.

In addition, please make sure that note-taking does not distract you from your tasks as jurors. You must listen to all the testimony of each witness. You also need to decide whether and how much to believe each witness. That will require you to watch the appearance, behavior, and manner of each witness while he or she is testifying. You cannot write down everything that is said and there is always a fear that a juror will focus so much on note-taking that he or she will miss the opportunity to make important observations. If you do take notes, you must leave them in the jury deliberation room, which is secured at the end of each day. And, remember that they are for your own personal use.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. I also ask that you wear your juror identification tags where people can see them, so persons involved in the case don't accidentally engage you in conversation. Even if it is innocent conversation, it might draw into question your impartiality. So please make sure that people can identify you as jurors in the case.

## VIII. **COURSE OF THE TRIAL**

The trial will now begin. First, Rockwell may make an opening statement outlining its case. Then WiAutomation may make an opening statement outlining its case. An opening statement is neither evidence nor argument. It is an outline of

what that party intends to prove, and is presented to help you follow the evidence as it is offered.

After the opening statements, Rockwell will present its witnesses, and WiAutomation may cross-examine them. WiAutomation then will present its witnesses, and Rockwell may cross-examine them. Rockwell also may present rebuttal witnesses, and if Rockwell does so, then WiAutomation may cross-examine them.

After all of the evidence is in, the attorneys will offer closing arguments. The closing arguments are not evidence. Their purpose is to summarize and interpret the evidence for you, and to tie the evidence to their story. I will also give you detailed final instructions on the law and a verdict sheet and will describe for you the matters you must resolve. You will then retire to the jury room to deliberate on your verdict.

## IX. **SIDEBARS**

During the trial it may be necessary for me to talk with the attorneys out of your hearing by having a bench conference, which is also called a sidebar. If that happens, please be patient. We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. If you would like to stand or stretch or walk around the jury box while we are at sidebar, you should feel free to do so.

I may not always grant an attorney's request for a sidebar. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**X.**     **CONFIDENTIAL LABELS AND REDACTIONS**

In the course of this case, the parties entered into an agreement that would protect each party's confidential business information from disclosure to the public or third parties. Under that agreement, the parties have added confidentiality labels to their documents, and in some cases, have redacted information from documents to protect the confidential nature of the information. You may see documents with confidentiality labels or redactions during the course of the trial. The use of confidentiality labels and redactions has no bearing on the evidence, and should not be construed in any way against any party.

**XI.**    **TRIAL SCHEDULE**

Though you have heard me say this during the jury selection process, I want to again outline the schedule I expect to maintain during the course of this trial.

This case is expected to take 5 business days to try, between now and Friday, July 28th.

We will normally begin the day at 9:30 a m. There will be a lunch break and at least one break every morning and at least one break every afternoon. We will conclude each day by 5:30 p.m.

What I have just outlined is the general schedule. It is possible there will be some interruptions as I have to attend to other matters.

The only significant exception to this schedule may occur when the case is submitted to you for your deliberations. At that point, you will be permitted to deliberate as late as you wish.

Finally, please understand that this is a timed trial. That means I have allocated each party a maximum number of hours in which to present all portions of its case. This allows me to assure you that we expect to be completed with this case by Friday, July 28. Of course, you can help me keep on schedule by being here promptly each morning and being ready to proceed at the end of each break.