# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCKWELL AUTOMATION, INC., | |
| Plaintiff, | |
| v. | C.A. No. 21-1238-GBW-JLH |
| PARCOP S.R.L. d/b/a WIAUTOMATION, | |
| Defendant. | |

## MEMORANDUM ORDER[1]

Pending before the Court are Defendant Parcop S.R.L. d/b/a WiAutomation's ("WiAutomation" or "Defendant") Objections to Magistrate Judge Hall's May 3, 2023 Order (D.I. 261), Plaintiff Rockwell Automation, Inc.'s ("Rockwell" or "Plaintiff") Motion to Amend the Scheduling Order (D.I. 266), WiAutomation's Motion for Leave to File a Sur-Reply Brief in Opposition to Rockwell's Motion for Summary Judgment (D.I. 247), and WiAutomation's Motion for Leave to File Supplemental Briefing in Support of its Motion for Summary Judgment (D.I. 281). The Court will address each issue in turn and set forth the relevant legal standards when necessary.

## I. WIAUTOMATION'S OBJECTIONS TO MAGISTRATE JUDGE HALL'S MAY 3, 2023 ORAL ORDER

WiAutomation objects to Magistrate Judge Hall's May 3, 2023 Oral Order (the "Order"). D.I. 261. The Court has reviewed the relevant briefing and overrules WiAutomation's objections and adopts the Magistrate Judge's Order.

---

[1] The Court writes for the benefit of the parties and assumes their familiarity with this action.

1

The Magistrate Judge denied striking photographs that were attached to the Declaration of Mark Paliszewski because "those were produced during discovery." Transcript of the May 3, 2023 Hearing ("Tr.") at 99:15-18. The Magistrate Judge struck "late-produced documents that were not attached" to Mr. Paliszewski's declaration "because [Rockwell] said they're not going to use them." *Id.* at 102:21-24. Finally, the Magistrate Judge ruled that Mr. Paliszewski could testify at trial, but with several caveats to cure WiAutomation's claims of prejudice as follows: (1) WiAutomation could depose Mr. Paliszewski; (2) WiAutomation could depose Doug Bucher, Laura Juliana Chacon Acevedo, and Stacy Melichar, who are individuals that appeared in Mr. Paliszewski's emails;[2] (3) WiAutomation could use the late-produced documents that were not attached to Mr. Paliszewski's declaration but Rockwell could not; and (4) Rockwell will have to pay WiAutomation's fees and costs in connection with WiAutomation's motion to strike, the hearing, and the additional depositions. *Id.* at 99:2-14, 100:2-12, 100:17-24, 102:7-10, 102:21-24.

The Court reviews objections to a magistrate judge's non-dispositive rulings under a "clearly erroneous or contrary to law" standard of review. *Leader Techs., Inc. v. Facebook, Inc.*, 719 F. Supp. 2d 373, 375 (D. Del. 2010); *see also* 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a). "A finding is clearly erroneous if the determination '(1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data.'" *Id.* (citing *Haines v. Liggett Group Inc.*, 975 F.2d 81, 92 (3d Cir. 1992) (citations omitted)). "A magistrate judge's decision is contrary to law when the magistrate judge has misinterpreted or misapplied the applicable law." *Smith Int'l Inc. v. Baker Hughes Inc.*,

---

[2] On June 5, 2023, WiAutomation withdrew its Notice to Take Deposition of Laura Juliana Chacon Acevedo (D.I. 255), Notice of Deposition of Stacey Melichar (D.I. 256), and subpoena *duces tecum* and *ad testificandum* directed to Douglas Bucher (D.I. 259). D.I. 273. The parties' letters regarding this withdrawal do not alter the Court's decision to overrule WiAutomation's objections. *See* D.I. 277; D.I. 279.

CA. No. 16-56-SLR-SRF, 2016 WL 6122927, at *1 (D. Del. Oct. 19, 2016) (internal quotation marks and citation omitted).

WiAutomation argues that the Magistrate Judge's Order "is clearly erroneous and contrary to the law because it fails to consider the extreme prejudice to WiAutomation and Rockwell's bad faith." D.I. 261 at 6; *see also id.* at 7-10. The Court disagrees and finds that the Order is not clearly erroneous or contrary to law. In fact, WiAutomation admits that the Magistrate Judge "properly analyzed WiAutomation's Motion using the framework set forth in Rule 37(c) and the Third Circuit's *Pennypack* factors." *Id.* at 5; *see also* Tr. at 95:7-100:5. WiAutomation has also failed to show that the Magistrate Judge's Order is completely devoid of minimum evidentiary support displaying some hue of credibility or bears no rational relationship to the supportive evidentiary data. *See generally* D.I. 261.

For the reasons stated above, WiAutomation's objections (D.I. 261) are overruled. WiAutomation has failed to identify any clear error of law or fact, as would be required for the Court to overturn the Order. 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a).

## II. ROCKWELL'S MOTION TO AMEND THE SCHEDULING ORDER

Rockwell moves to amend the Scheduling Order to supplement the discovery record to include WiAutomation's sale of allegedly counterfeit Rockwell-branded goods to Syntegon Packaging Systems AG ("Syntegon"). D.I. 266. WiAutomation opposes Rockwell's motion. D.I. 275. For the reasons set forth below, the Court finds that Rockwell has shown good cause under Federal Rule of Civil Procedure 16(b)(4).

Applications for amendments to scheduling order deadlines are governed by Rule 16(b)(4), which provides that "[a] schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "Good cause is present when the schedule cannot be met despite the moving party's diligence." *Meda Pharm. Inc. v. Teva Pharm. USA, Inc.*, C.A. No. 15-

785-LPS, 2016 WL 6693113, at *1 (D. Del. Nov. 14, 2016). "The good cause standard hinges on the diligence of the moving party; in order to show good cause, a movant must first meet the threshold requirement that it demonstrate that, despite diligence, the proposed new filing could not have reasonably been made in a timely manner." *Vaxel Int'l Co., Ltd v. HealthCo LLC*, C.A. No. 20-224-CJB, D.I. 226 (D. Del. June 28, 2022); *see also Venetec Int'l v. Nexus Med., LLC*, 541 F. Supp. 2d 612, 618 (D. Del. 2010). "The good cause standard under Rule 16(b) hinges on diligence of the movant and not on prejudice to the non-moving party." *Venetec*, 541 F. Supp. 2d at 618.

Here, Rockwell has acted diligently. Fact discovery in this case closed on December 31, 2022. D.I. 118. The sales that Rockwell seeks to supplement the discovery record with occurred in late March 2023, when WiAutomation delivered 500 Rockwell products to Syntegon. D.I. 266-3, Exs. A & B. On April 4, 2023, Syntegon notified Rockwell of its purchase of allegedly counterfeit Rockwell products purchased from WiAutomation. D.I. 224-1, Ex. 10 at 1. Rockwell first disclosed this information to WiAutomation on April 10, 2023 in Rockwell's reply brief in support of its summary judgment. *See, e.g.*, D.I. 222 at 11. On April 27, 2023, Rockwell served its Fifth Supplemental and Amended Objections and Responses to Defendant WiAutomation's Interrogatories (Nos. 1-25) and its Second Supplemental Initial Disclosures on WiAutomation (D.I. 249), which incorporated WiAutomation's sale of Rockwell-branded goods to Syntegon. D.I. 267 ¶ 3; D.I. 249. On that same day, Rockwell's counsel emailed WiAutomation's counsel asking whether WiAutomation objects to service of the supplemental responses and, if WiAutomation does object, whether WiAutomation would be willing to meet and confer on May 3, 2023. D.I. 267-1, Ex. A. On May 12, 2023, Rockwell again requested a meet and confer with WiAutomation regarding the supplementation of the discovery record. D.I. 267 ¶ 10. The parties met and conferred on May 15, 2023, and WiAutomation notified Rockwell that it would oppose any

reference to the Syntegon sales at trial. *Id.* ¶ 11. Rockwell filed its Motion to Amend the Scheduling Order on May 26, 2023. D.I. 266. Of note, Rockwell produced documents relating to the Syntegon sale to WiAutomation as it received them. *See, e.g.*, D.I. 267-1, Ex. B (producing documents on April 27, 2023); *id.* at Ex. D (producing documents on May 8, 2023); D.I. 282 at 2 (producing documents on May 24, 2023).

WiAutomation's answering brief fails to establish that Rockwell was not diligent in bringing its Motion to Amend the Scheduling Order. *See generally* D.I. 275. Instead, WiAutomation argues that allowing Rockwell to rely on the Syntegon sales will "severely prejudice[]" WiAutomtion. *Id.* at 3-12.[3] WiAutomation contends that additional discovery is "imperative due to numerous suspicious factors surrounding Rockwell's proofs from Syntegon . . . and Rockwell's general approach to discovery in this matter." *Id.* at 2. WiAutomation, however, fails to specify exactly what type of additional discovery it needs that it does not already have, as WiAutomation was the one that transacted with Syntegon, and how additional discovery is relevant to the claim at issue. *See generally id.* The Court has considered WiAutomation's other arguments and finds them unpersuasive.

Accordingly, Rockwell's Motion to Amend the Scheduling Order (D.I. 266) is granted.

## III. WIAUTOMATION'S MOTION FOR LEAVE TO FILE A SUR-REPLY BRIEF IN OPPOSITION TO ROCKWELL'S MOTION FOR SUMMARY JUDGMENT AND SUPPLEMENTAL BRIEFING IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Pending before the Court are WiAutomation's Motion for Leave to File a Sur-Reply Brief in Opposition to Rockwell's Motion for Summary Judgment (D.I. 247) and WiAutomation's

---

[3] As discussed below, to cure WiAutomation's alleged prejudice by this new discovery, the Court will grant WiAutomation's Motion for Leave to File a Sur-Reply Brief in Opposition to Rockwell's Motion for Summary Judgment (D.I. 247) and WiAutomation's Motion for Leave to File Supplemental Briefing in Support of its Motion for Summary Judgment (D.I. 281).

Motion for Leave to File Supplemental Briefing in Support of its Motion for Summary Judgment (D.I. 281). Here, WiAutomation received new discovery after summary judgment briefing was completed in this case and contends supplemental briefing is warranted. Rockwell does not oppose WiAutomation's Motion for Leave to File Supplemental Briefing in Support of its Motion for Summary Judgment (D.I. 281) "as long as the Court also considers Rockwell's response," D.I. 288, and "does not object to the Court considering Sections I-III of Defendant's sur-reply [D.I. 247] regarding the merits of this new evidence," D.I. 252 at 1.

"Local Rule 7.1.2 provides that parties may submit additional papers after briefing is complete only with the Court's approval. The Court may grant leave to file a surreply if it responds to new evidence, facts, or arguments." *Novartis AG v. Actavis, Inc.*, 243 F. Supp. 3d 534, 540 (D. Del. 2017) (citing *St. Clair Intellectual Prop. Consultants, Inc. v. Samsung Elecs. Co.*, 291 F.R.D. 75, 80 (D. Del. 2013)).

Although "[c]ourts in this district disfavor sur-replies," the Court finds that there has been substantial discovery produced after summary judgment briefing that warrants the parties' ability to supplement their respective briefing to address this new evidence. *EMC Corp. v. Pure Storage, Inc.*, 154 F. Supp. 3d 81, 103 (D. Del. 2016) (citing D. Del. Loc. R. 7.1.2(b)). Accordingly, the Court will grant WiAutomation's Motion for Leave to File a Sur-Reply Brief in Opposition to Rockwell's Motion for Summary Judgment (D.I. 247), WiAutomation's Motion for Leave to File Supplement Briefing in Support of its Motion for Summary Judgment (D.I. 281) and will also consider Rockwell's response (D.I. 288-1, Ex. A).[4]

---

[4] The Court is concerned by the parties' history and nature of the discovery disputes in this case and the parties are reminded of the Magistrate Judge's Order (D.I. 132). The Court will reiterate that the parties should have "good faith participation in the meet and confer process." D.I. 132.

## IV. CONCLUSION

For the reasons discussed above, the Court overrules WiAutomation's objections, grants Rockwell's motion for leave to amend the scheduling order, grants WiAutomation's motion for leave to file a sur-reply brief in opposition to Rockwell's motion for summary judgment, and grants WiAutomation's motion for leave to file supplemental briefing in support of its motion for summary judgment.

\*\*\*

WHEREFORE, on this 7th day of July, 2023, IT IS HEREBY ORDERED that:

1. WiAutomation's Objections to the Magistrate Judge's May 3, 2023 Order (D.I. 261) are **OVERRULED** and the Magistrate Judge's May 3, 2023 Order is **ADOPTED**.

2. Rockwell's Motion for Leave to Amend the Scheduling Order (D.I. 266) is **GRANTED**.

3. WiAutomation's Motion for Leave to File a Sur-Reply Brief in Opposition to Rockwell's Motion for Summary Judgment (D.I. 247) and WiAutomation's Motion for Leave to File Supplemental Briefing in Support of its Motion for Summary Judgment (D.I. 281) are **GRANTED**.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE