IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCKWELL AUTOMATION, INC., | |
| Plaintiff, | |
| v. | C.A. No. 21-1238-GBW-JLH |
| PARCOP S.R.L. d/b/a WIAUTOMATION, | UNSEALED 7/25/2023 |
| Defendant. | |

## ORDER

Having reviewed the Proposed Final Pretrial Order (D.I. 294) submitted by Plaintiff Rockwell Automation, Inc. ("Rockwell" or "Plaintiff") and Defendant Parcop S.R.L. d/b/a WiAutomation ("WiAutomation" or "Defendant") regarding the jury trial scheduled to begin on July 24, 2023, **IT IS HEREBY ORDERED** that:

1. With respect to Rockwell's motion *in limine* No. 1, Rockwell "moves to preclude evidence of any criminal background or indictment of Gary Monroe." D.I. 294-15, Ex. 15A at 4. In March 2022, Mr. Mark Paliszewksi directed Mr. Monroe and his company Image-Tek Displays & Graphics ("Image-Tek") to purchase Rockwell products from Defendant. D.I. 263 ¶ 7. The parties agree that Mr. Monroe will not be testifying at trial. D.I. 294-15, Ex. 15A at 4, 39. According to Defendant, "Rockwell intends to offer [Mr.] Monroe's hearsay statements via the testimony of Mark Paliszewski." *Id.* at 39.[1] Defendant seeks to use Mr. Monroe's 2006 guilty plea for aiding and abetting the making of false revenue statements in a 10-Q filing, *see id.* at 26-27, to impeach the credibility of Mr. Monroe's hearsay statements. *Id.* at 39. Federal Rule of Evidence 403 states that "[t]he court may exclude

---

[1] This Court's ruling does not preclude Defendant from making timely hearsay objections.

relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. The Court finds that any probative value would be substantially outweighed by the risk of unfair prejudice, confusion of the issues, and misleading the jury. *See id.* This is a trademark infringement case and evidence of Mr. Monroe's indictment or criminal record, which occurred nearly 20 years ago, would only confuse the issues for the jury. Accordingly, Rockwell's motion *in limine* No. 1 is **GRANTED**. Defendant is precluded from offering testimony, evidence, or argument regarding any alleged criminal background of Gary Monroe, including but not limited to (1) his 2003 indictment in *U.S. v. Monroe*, C.A. No. 03-80474 (E.D. Mich.); (2) his guilty plea, judgment, or sentencing following that indictment; and (3) any related conduct or actions.

2. With respect to Rockwell's motion *in limine* No. 2, Rockwell moves "to preclude Defendant WiAutomation from presenting argument or evidence regarding the ongoing Italian litigation and other enforcement actions taken by Rockwell." D.I. 294-16, Ex. 15B at 4. Defendant argues that "[t]he Italian Court made several factual findings that are relevant to the facts in this case and were subject to discovery in this litigation." *Id.* at 18. The Court agrees with Rockwell that Defendant is essentially "ask[ing] the jury to credit factual findings by an Italian court rather than independently evaluate the evidence presented in this case." *Id.* at 80. Here, "there is a substantial risk of prejudice to [Rockwell] given the strong likelihood that the jury would be confused and give undue deference to the foreign decisions and proceedings." *Edwards Lifesciences LLC v. Medtronic CoreValve LLC*, C.A. No. 12-23-GMS, 2014 WL 12927825, at *1 (D. Del. Jan.

2

2, 2014); *see also* FED. R. EVID. 403. Defendant also argues that "[s]hould the Court be inclined to grant Rockwell's motion (in whole or in part), any order barring the use of information concerning the Italian litigation should apply to both Rockwell and WiAutomation." D.I. 294-16, Ex. 15B at 18. The Court agrees that neither party should be able to refer to the ongoing Italian litigation during trial. The Italian court applied different legal standards than the legal standards applied in this case. Thus, any mention of the Italian proceeding "is appropriately excluded pursuant to Federal Rule of Evidence 403 ('Rule 403') as the risks of confusion, waste of time, and unfair prejudice far outweigh whatever minimal probative value such evidence may have." *Wasica Fin. GmbH v. Schrader Int'l, Inc.*, C.A. No. 13-1353-LPS, 2020 WL 509182, at *1 (D. Del. Jan. 31, 2020). Accordingly, Rockwell's motion *in limine* No. 2 is **GRANTED**—that is, both Rockwell and Defendant are precluded from offering testimony, evidence, or argument regarding the Italian litigation and other enforcement actions taken by Rockwell in Italy.

3. With respect to Rockwell's motion *in limine* No. 3, Rockwell moves "to preclude WiAutomation from introducing documentary and testimonial evidence relating to invoices and purchase orders for Rockwell-branded products that were responsive to Rockwell's interrogatories, requests for production, and 30(b)(6) topics but were not produced, and to preclude WiAutomation from introducing secondary evidence regarding that withheld material." D.I. 294-17, Ex. 15C at 4. For the reasons stated below, Rockwell's motion *in limine* No. 3 is **GRANTED-IN-PART** and **DENIED-IN-PART**. As Rockwell notes, during fact discovery, it "requested (i) a prepared 30(b)(6) witness regarding WiAutomation's purchases and invoices; (ii) sales invoices to understand the proportion of relevant U.S. sales; and (iii) supplier invoices to show its sources and costs

3

for Rockwell-branded products." *Id.* (citing D.I. 87; D.I. 294-17, Ex. 15C at Exs. 1 & 2). Documentary evidence relating to invoices and purchase orders for Rockwell-branded products that were not produced during fact discovery is an untimely disclosure under Federal Rule of Civil Procedure 37(c)(1). Defendant "will not be permitted to sandbag [Rockwell] with evidence [Rockwell] properly requested but which [D]efendant[] never produced." *FUJIFILM N. Am. Corp. v. Big Value Inc.*, C.A. No. 16-CV-5677-BMC, 2018 WL 4210132, at *6 (E.D.N.Y. Sept. 4, 2018). Pursuant to *Meyers v. Pennypack Woods Home Ownership Association*, 559 F.2d 894, 904-05 (3d Cir. 1977), Defendant is prohibited from relying on documentary evidence relating to invoices and purchase orders for Rockwell-branded products that were responsive to Rockwell's discovery requests but never produced. As to Rockwell's motion *in limine* as to the testimonial evidence, Defendant's witnesses can testify about where they purchased the Rockwell products and its customer invoices. This Court's ruling does not preclude Rockwell from raising timely objections related to the subject matter of this motion *in limine* during trial.

4. With respect to Defendant's motion *in limine* No. 1, Defendant moves "to preclude Rockwell from introducing evidence obtained from test purchases that Rockwell cannot authenticate under the Federal Rules of Evidence ('FRE')." D.I. 294-18, Ex. 15D at 3. The Court will defer ruling on this motion *in limine* until trial when the Court and the parties will have a better understanding of how Rockwell intends to authenticate the photos at issue.[2]

---

[2] The Court is aware that the issue of authentication was discussed at the May 3, 2023 discovery dispute conference.

4

5. With respect to Defendant's motion *in limine* No. 2, Defendant moves "to preclude Rockwell from using a fact witness, Ryan Smaglik, to present hearsay evidence under the guise of lay witness testimony under Federal Rule of Evidence ('FRE') 701." D.I. 294-19, Ex. 15E at 3. At this time, "exclusion based on potential hearsay is premature[.]" *Newmark Realty Cap., Inc. v. BGC Partners, Inc.*, C.A. No. 16-01702-BLF, 2018 WL 6439133, at *2 (N.D. Cal. Dec. 7, 2018). Whether this evidence "is inadmissible hearsay will depend on the precise testimony offered at trial, the context and purpose for which it is offered, and the foundation laid for it." *Finjan, Inc. v. Cisco Sys. Inc.*, C.A. No. 17-00072-BLF, 2020 WL 13180008, at *8 (N.D. Cal. June 5, 2020). The Court agrees with Defendant that "Rockwell cannot use FRE 701 as a backdoor to insert inadmissible hearsay and unauthenticated documents into the evidentiary record." D.I. 294-19, Ex. 15E at 3. If Rockwell tries to do so, nothing in this Court's ruling precludes Defendant from raising timely objections at trial. Accordingly, Defendant's motion *in limine* No. 2 is denied as premature without prejudice to raise a timely objection at trial.

6. With respect to Defendant's motion *in limine* No. 3, Defendant moves "to preclude Rockwell from introducing testimony concerning its serial number database ('Database'),"  under Federal Rules of Evidence 1002 and 802. D.I. 294-20, Ex. 15F at 3. A key question for the Court to decide is whether the entries in Rockwell's database qualify as a business record. The Court in *IOENGINE, LLC v. PayPal Holdings, Inc.*, C.A. No. 18-452-WCB, 2022 WL 2801204 (D. Del. June 22, 2022) provided a helpful summary of Rule 803(6):

> Under Rule 803(6), a business record is not excludable as hearsay if (1) "the record was made at or near the time by—or from information transmitted by—someone with knowledge"; (2) "the record was kept in the course of a regularly conducted activity of a business"; (3) "making the record was a regular practice of that activity"; and (4) "the opponent does not show that the source of information or the method or circumstances of preparation

5

indicate a lack of trustworthiness." Fed. R. Evid. 803(6). The first three prongs may be established through the "the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification." *Id.* Rule 902(11) provides that a business record is self-authenticating if "a certification of the custodian or another qualified person" shows that the requirements of Rule 803(6) are satisfied. Fed. R. Evid. 902(11).

*Id.* at *1.

Here, the question is whether one of Rockwell's witnesses qualifies as "another qualified witness" for purposes of Rule 803(6). "The Third Circuit has held that the phrase 'other qualified witness' should be 'construed broadly, and that a qualified witness need not be an employee of the [record-keeping] entity so long as he understands the system.' *United States v. Console*, 13 F.3d 641, 657 (3d Cir. 1993) (citations and quotations omitted); *see also United States v. Pellulo*, 964 F.2d 193, 201 (3d Cir. 1992) ('other qualified witness' should be given 'the broadest interpretation'); *Falco v. Alpha Affiliates, Inc.*, No. 97-cv-494, 2000 WL 727116, at *15 (D. Del. Feb. 9, 2000) (same)." *Id.* at *2.[3] The Court finds, on the current record, that Mr. Smaglik qualifies as "another qualified witness" and can testify that the database qualifies as a business record. *See* D.I. 294-20, Ex. 15F at 75-77; *see also* D.I. 294-20, Ex. 15F at 82-90. Mr. Smaglik "'ha[s] familiarity with the record-keeping system'" and "'understand[s] the system.'" *U.S. v. Muhammad*, 512 F. App'x 154, 159-60 (3d Cir. 2013) (quoting *Console*, 13 F.3d at 657). For the foregoing reasons, Defendant's motion *in limine* No. 3 is **DENIED**.

---

[3] "The language of Rule 803(6) was changed from 'or other qualified witness' to 'or another qualified witness' in the 2011 amendments to the Federal Rules of Evidence, as part of the 'general restyling of the Evidence Rules.' *See United States v. Whaley*, 860 F. Supp. 2d 584, 587 n.2 (E.D. Tenn. 2012). The Advisory Committee Notes on the 2011 amendments explained that those amendments were 'intended to be stylistic only,' and that there was 'no intention to change any result in any ruling on evidence admissibility.' *See id.*; *United States v. Ruan*, 966 F.3d 1101, 1151 n.17 (11th Cir. 2020); *In re Oil Spill by the Oil Rig 'Deepwater Horizon,'* MDL No. 2179, 2012 WL 85447, at *2 n.3 (E.D. La. Jan. 11, 2012)." *IOENGINE*, 2022 WL 2801204, at *2 n.2.

7. Because this Order is filed under seal, the parties shall meet and confer and submit a joint proposed redacted version no later than seven (7) days after the date of this Order. In the absence of a timely request compliant with applicable standards, the Court will unseal the entire Order.

Date: July 13, 2023

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE