# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCKWELL AUTOMATION, INC., ) ) Plaintiff, ) ) v. ) ) PARCOP S.R.L. d/b/a ) WIAUTOMATION, ) ) Defendant. ) | C.A. No. 21-1238-GBW-JLH |

## DEFENDANT'S BRIEF ON THE IMPACT OF THE UNITED STATES SUPREME COURT'S OPINION IN *ABITRON AUSTRIA GMBH V. HETRONIC INTERNATIONAL, INC.* ON THE CURRENT LITIGATION

Dated: July 14, 2023

*Of Counsel*:

Bob Kasolas
Eric J. Boden
BRACH EICHLER, LLC
101 Eisenhower Parkway
Roseland, NJ 07068
(973) 403-3139
bkasolas@bracheichler.com
eboden@bracheichler.com

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

Pilar G. Kraman (No. 5199)
Alexis N. Stombaugh (No. 6702)
Maliheh Zare (No. 7133)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
pkraman@ycst.com
astombaugh@ycst.com
mzare@ycst.com

*Attorneys for Defendant*

## PRELIMINARY STATEMENT

In *Abitron Austria GmbH v. Hetronic Int'l. Inc.*, No 21-1043, 2023 WL 4239255, at *9 (U.S. June 29, 2023) ("*Hetronic*"), the U.S. Supreme Court held that §1114(1)(A) and §1125(a)(1) ("Infringement Provisions") of the Lanham Act "are **not** extraterritorial[.]"[1]  A claim based on conduct that "occurred in a foreign country . . . involves an **im**permissible extraterritorial application regardless of any other conduct that occurred in U.S. territory." *Id.* at *7. Consequently, foreign conduct cannot be introduced at trial to establish a Lanham Act claim under the Infringement Provisions. *Id.* at *6-9.

*Hetronic* further held that the Infringement Provisions do **not** reach foreign conduct that is likely to cause confusion in the U.S. *Id.* at *7-9. Nevertheless, Rockwell attempts to pursue this extinguished legal theory at trial. (D.I. 298 at p. 1.)  Rockwell claims that WiAutomation's alleged infringing foreign sales demonstrate that U.S. infringement is likely because WiAutomation allegedly has one inventory pool. *Id.* *Hetronic* though holds that using foreign conduct to show a likelihood of confusion in the U.S. is "wrong," "involves an impermissible extraterritorial application," and "threatens international discord." *Hetronic*, at *7, *9. Rockwell must therefore be barred from offering any evidence about foreign

---

[1] All emphasis added, unless otherwise specified.

conduct concerning its infringement claims. Such irrelevant evidence is unduly prejudicial, confuses the issues, and misleads the jury.

## ARGUMENT

### I. Trademark Infringement Claims Cannot be Based on Foreign Conduct

The U.S. Supreme Court "granted certiorari to resolve a Circuit split over the extraterritorial reach of the Lanham Act." *Id.* at *3. Per the Petition for Certification, this split concerned various standards for determining whether Lanham Act claims can be based on foreign conduct. (*See* Ex. A at pp. 17-20.) The scope of *Hetronic* therefore extends beyond whether a party can seek damages for foreign sales.

The Court held the Infringement Provisions "are not extraterritorial and . . . only extend to claims where the claimed infringing use in commerce is **domestic**." *Id.* at *2. Determining whether a statute is extraterritorial involves a two-step framework. *Id.* at *4. First, the Court determines whether Congress "affirmatively and unmistakably instructed" that the Infringement Provisions should "apply to foreign conduct." *Id.* Here, the Court held that Congress did **not** instruct that. *Id.* at *5. Second, the Court examines the Infringement Provisions' "focus and . . . whether the conduct relevant to that focus occurred in United States territory." *Id.* at *4. The Court found the Infringement Provisions' "focus" is the "use in commerce." *Id.* at *6-7. Thus, the Infringement Provisions only reach conduct that occurred in U.S. commerce. *Id.* at *6-9.

2

The Court made it abundantly clear that foreign conduct **cannot** be used to prove a likelihood of confusion in the U.S. *Id.* at *7-9. In fact, the Court's Majority thoroughly rejected a minority opinion on this exact issue. *Id.* The rejected minority opinion states that the Infringement Provisions "cover[] foreign infringement activities if there is a likelihood of confusion in the U.S. and all other conditions for liability are established." *Id.* at *13 (Sotomayor, J. Concurring). The Court's Majority though comprehensively rejected this theory with in-depth analysis holding that using foreign conduct to prove liability under the Infringement Provisions for likelihood of conclusion in the U.S. "is wrong, and . . . would give the Lanham Act an untenably broad reach that undermines our extraterritoriality framework." *Id.* at *7. Further, "if the conduct relevant to the focus occurred in a **foreign** country, then the case involves an **im**permissible extraterritorial application **regardless** of any other conduct that occurred in U.S. territory." *Id.*

The minority opinion was also rejected because if a claim under the Infringement Provisions could "involve a domestic application whenever particular effects are likely to occur in the United States," the presumption against extraterritorial application would be a "craven watchdog" and "nothing more than a muzzled Chihuahua." *Id.* at *8. The Court further highlighted that the minority's theory "threatens international discord." *Id.* "Because of the territorial nature of trademarks, the probability of incompatibility with the applicable laws of other

3

countries is so obvious that, if Congress intended such foreign application, it would have addressed the subject of conflicts with foreign laws and procedures." *Id.*

Rockwell concedes that foreign laws are incompatible with the Infringement Provisions in the opening brief in support of its motion *in limine* based on this argument. (D.I. 294, Ex. 15B, Opening Brief at pp. 1-4.) *Hetronic* also acknowledged the European Commission's position on this issue: "to police allegations of infringement occurring in [Europe] would be an unseemly act of meddling in extraterritorial affairs given international treaty obligations that equally bind the United States." *Id.* at *9.

## II. Rockwell Improperly Relies On Foreign Conduct

Rockwell's Lanham Act claims are brought under the Infringement Provisions. (D.I. 1 at ¶¶ 141-161.) Rockwell can only rely on U.S. conduct to support these claims. *Hetronic*, at *6-9. Allowing Rockwell to support these claims with evidence of foreign conduct is an impermissible extraterritorial application of the Lanham Act expressly prohibited under *Hetronic*. Rockwell nonetheless continues supporting its claims with alleged evidence of foreign conduct. (D.I. 298.) But the Supreme Court went to great lengths to explain that such foreign conduct evidence is improper and cannot establish Lanham Act claims as a matter of law. *Hetronic*, at *6-9.

Rockwell seeks to use "evidence" of allegedly infringing and counterfeit sales abroad to prove that WiAutomation likely sold counterfeit products in the United States. (D.I. 298 at p. 1.) Rockwell claims the "foreign counterfeit sales" are "probative" and "strong circumstantial evidence" of infringement in the United States. (*Id.*). This is the **exact** theory that the Supreme Court thoroughly rejected by unequivocally holding that a party cannot use foreign conduct to show that infringement was likely in in the United States. *Hetronic*, at *7-9.

Rockwell also cannot use foreign conduct to support its belated claims that WiAutomation sold counterfeit products in the United States. *Id.* Rockwell's "counterfeit" claim is based on 15 U.S.C. 1114(1)(a) – one of the Infringement Provisions. (D.I. 1 at ¶¶ 141-48). This provision proscribes a "use in commerce of" any counterfeit of a registered mark "**which such use is likely to cause confusion**[.]" (15 U.S.C. 1114(1)(a)). Put differently, infringement based on counterfeiting is premised on the confusion that the counterfeit product causes. *Id.* Accordingly, Rockwell cannot use foreign conduct to support any of its claims under the Infringement Provisions, including its belatedly-asserted alleged "counterfeit" claim. *Hetronic*, at *7-9.

Accordingly, because any of WiAutomation's alleged conduct outside of the U.S. lacks probative value, such evidence cannot be used to support Rockwell's claims under the Infringement Provisions. Such irrelevant "evidence" will cause

5

unfair prejudice, confuse the issues, and mislead the jury. Rockwell should thus be barred from offering any "evidence" concerning WiAutomation's foreign conduct.

### III. Rockwell Improperly Relies on Foreign Conduct to Support its Damages Calculation

Since Rockwell cannot use evidence of foreign conduct to support a claim that WiAutomation violated the Infringement Provisions, it is axiomatic that Rockwell cannot rely on foreign conduct to calculate damages for claims under the Infringement Provisions either. Since the Lanham Act has no extraterritorial application, any evidence of foreign sales is irrelevant and will confuse the jury. Thus, should Rockwell prevail on any of its claims, Rockwell must be barred from offering or using evidence of foreign sales to establish its damage calculation(s).

## CONCLUSION

Accordingly, Rockwell must be barred from relying on any evidence of foreign conduct in support of its claims under the Infringement Provisions.

| | |
|---|---|
| Dated:  July 14, 2023 | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| *Of Counsel*: | |
| | /s/  *Pilar G. Kraman* |
| Bob Kasolas | Pilar G. Kraman (No. 5199) |
| Eric J. Boden | Alexis N. Stombaugh (No. 6702) |
| BRACH EICHLER, LLC | Maliheh Zare (No. 7133) |
| 101 Eisenhower Parkway | Rodney Square |
| Roseland, NJ 07068 | 1000 North King Street |
| (973) 403-3139 | Wilmington, DE 19801 |
| bkasolas@bracheichler.com | (302) 571-6600 |
| eboden@bracheichler.com | pkraman@ycst.com |
| | astombaugh@ycst.com |
| | mzare@ycst.com |
| | |
| | *Attorneys for Defendant* |

## **CERTIFICATE OF COMPLIANCE**

The undersigned certifies Defendant's Brief on the Impact of the United States Supreme Court's Opinion in *Abitron Austria GmbH v. Hetronic International, Inc.* on the Current Litigation is in Times New Roman 14-point font and contains 1,239 words, exclusive of caption, tables, and signature block, counted using Microsoft Word's word count feature.

Dated: July 14, 2023

*Of Counsel*:

Bob Kasolas
Eric J. Boden
BRACH EICHLER, LLC
101 Eisenhower Parkway
Roseland, NJ 07068
(973) 403-3139
bkasolas@bracheichler.com
eboden@bracheichler.com

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

/s/ *Pilar G. Kraman*
Pilar G. Kraman (No. 5199)
Alexis N. Stombaugh (No. 6702)
Maliheh Zare (No. 7133)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
pkraman@ycst.com
astombaugh@ycst.com
mzare@ycst.com

*Attorneys for Defendant*