# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCKWELL AUTOMATION, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) C.A. No. 21-1238-GBW-JLH<br>PARCOP S.R.L. d/b/a )<br>WIAUTOMATION, )<br>)<br>Defendant. ) | |

## DEFENDANT'S MOTION FOR REARGUMENT OR CLARIFICATION

Dated: July 19, 2023

*Of Counsel*:

Bob Kasolas
Eric J. Boden
BRACH EICHLER, LLC
101 Eisenhower Parkway
Roseland, NJ 07068
(973) 403-3139
bkasolas@bracheichler.com
eboden@bracheichler.com

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

Pilar G. Kraman (No. 5199)
Alexis N. Stombaugh (No. 6702)
Maliheh Zare (No. 7133)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
pkraman@ycst.com
astombaugh@ycst.com
mzare@ycst.com

*Attorneys for Defendant*

WiAutomation files this motion for reargument under Local Rule 7.1.5 and for clarification of the Court's July 18, 2023 Order (D.I. 312) ("Order"). The Court respectfully appears to have overlooked a significant portion of the Supreme Court's opinion in *Abitron Austria GmbH v. Hetronic Int'l Inc.*, C.A. No. 21-1043, 2023 WL 4239255 (U.S. June 29, 2023) ("*Hetronic*"), and WiAutomation's arguments concerning same. Additionally, questions remain about what Rockwell is permitted to use to support its Lanham Act claims, regardless of whether the Court reconsiders the Order.

After extensive analysis, the *Hetronic* decision held that a plaintiff cannot use foreign conduct to show a likelihood of confusion in the United States. *Id*. at *7-9. Nothing suggests that *Hetronic* is limited to the issue of whether litigants can seek damages for foreign conduct. To the contrary, the Supreme Court's strong rebuke of Justice Sotomayor's minority opinion confirms that *Hetronic* was meant to provide a clear directive to all lower federal courts concerning what conduct can be used to demonstrate a violation of the Lanham Act. The Supreme Court's analysis therefore extends beyond the circumstances of the underlying dispute in the case below.

Justice Sotomayor "agree[d] with the result" of the Majority opinion, *i.e.*, that Hetronic cannot collect damages for foreign sales, *id.* at *12 (Sotomayor, J., concurring), but believed that "where such effects [*i.e.*, consumer confusion] are

likely to occur in the United States, application of Sections 32(1)(a) and 43(a)(1)(A) is a permissible domestic application of the Act, even if the defendant's conduct occurred elsewhere." *Id.* at *13. The Majority though unequivocally held that this application was "**wrong**," *id.* at *7, and thoroughly explained the reasons why. *Id.* at *7-9 (emphasis added). The Order did not reference any of the Majority's analysis on whether foreign conduct can be used to show a likelihood of confusion in the United States (D.I. 312 at pp 1-5) even though it was thoroughly discussed in WiAutomation's brief (D.I. 309 at pp. 1-5.)

All Justices agreed that no party can seek damages for foreign sales. But the Justices disputed theoretical applications of the Lanham Act that extended beyond the factual circumstances of the *Hetronic* case. *Hetronic*, at *7-9. The Supreme Court's analysis of whether foreign conduct can be used to show a likelihood of confusion, which is not discussed in this Court's Order, demonstrates that *Hetronic* extends beyond whether damages can be collected for foreign sales. Thus, the Order's reliance on differences between this case and the underlying factual dispute in *Hetronic* is respectfully misplaced. (D.I. 312 at p. 4.)

That *Hetronic* does not discuss the Federal Rules of Evidence is irrelevant since *Hetronic* bars any use of foreign conduct to show a likelihood of confusion in the United States as a matter of law. Rockwell intends to use foreign conduct to show a likelihood of confusion in the United States. (*Id.* at p. 5.) Since this theory

is impermissible, *Hetronic*, at *7-9, evidence of foreign conduct of alleged infringing activity used to show a likelihood of infringing activity is irrelevant and will mislead and confuse the jury in a manner that is unduly prejudicial to WiAutomation. This is consistent with the Court's decision that the parties cannot rely on foreign proceedings that "applied different legal standards than the legal standards applied in this case." (D.I. 306 at p. 3.)

This Court's Order does not reference any of the Supreme Court's analysis of whether conduct of alleged foreign infringing activity can be used to show a likelihood of confusion in the United States. *Hetronic*, at *7-9. Similarly, the Order respectfully does not explain how WiAutomation's interpretation of *Hetronic* was incorrect or inaccurate. Additionally, the Order contains no explanation for how or why Rockwell's proposed use of foreign conduct to show likelihood of confusion in the United States is not "conduct relevant to the focus [that] occurred in a foreign country," *Hetronic*, at *7. Therefore, WiAutomation respectfully has good reason to believe that the Court overlooked this critical part of *Hetronic*, *id.* at *7-9, and WiAutomation's arguments (D.I. 309 at pp 1-5.) WiAutomation therefore respectfully requests that the Court reconsider the Order in light of the holding in *Hetronic* about whether foreign conduct can be used to show a likelihood of confusion in the United States.

Moreover, WiAutomation seeks clarification of the Order, regardless of whether the Court reconsiders its Opinion. First, WiAutomation seeks clarification of whether Rockwell can seek monetary remedies besides for damages based on WiAutomation's foreign conduct. The Order relies on the fact that Rockwell is not seeking *damages* for WiAutomation's foreign conduct. (D.I. 312 at p. 4.) But the Order does not explain whether Rockwell can seek other monetary remedies under the Lanham Act based on WiAutomation's foreign conduct, such as disgorgement of WiAutomation's profits or Rockwell's lost profits.

Second, can Rockwell entirely rely on foreign conduct as circumstantial evidence even if Rockwell is unable to admit any evidence of "counterfeit" sales in the United States? Third, can Rockwell rely on evidence of foreign sales in its attempt to show that WiAutomation caused a likelihood of confusion in the United States? WiAutomation submits that per *Hetronic*, the answers to these legal issues are no.

WiAutomation respectfully requests reconsideration or clarification on the above-referenced issues before trial. Since each of these issues has significant evidentiary implications that will arise starting from the first day of trial, resolution of these issues is critical to both parties.

| | |
|---|---|
| Dated: July 19, 2023<br><br>*Of Counsel*:<br><br>Bob Kasolas<br>Eric J. Boden<br>BRACH EICHLER, LLC<br>101 Eisenhower Parkway<br>Roseland, NJ 07068<br>(973) 403-3139<br>bkasolas@bracheichler.com<br>eboden@bracheichler.com | YOUNG CONAWAY STARGATT<br>& TAYLOR, LLP<br><br>/s/ *Pilar G. Kraman*<br>Pilar G. Kraman (No. 5199)<br>Alexis N. Stombaugh (No. 6702)<br>Maliheh Zare (No. 7133)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6600<br>pkraman@ycst.com<br>astombaugh@ycst.com<br>mzare@ycst.com<br><br>*Attorneys for Defendant* |

5

# **CERTIFICATE OF COMPLIANCE**

The undersigned certifies Defendant's Motion for Reargument and Clarification is in Times New Roman 14-point font and contains 900 words, exclusive of caption, tables, and signature block, counted using Microsoft Word's word count feature.

Dated: July 19, 2023

*Of Counsel*:

Bob Kasolas
Eric J. Boden
BRACH EICHLER, LLC
101 Eisenhower Parkway
Roseland, NJ 07068
(973) 403-3139
bkasolas@bracheichler.com
eboden@bracheichler.com

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

/s/ *Pilar G. Kraman*
Pilar G. Kraman (No. 5199)
Alexis N. Stombaugh (No. 6702)
Maliheh Zare (No. 7133)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
pkraman@ycst.com
astombaugh@ycst.com
mzare@ycst.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 19, 2023, a copy of the foregoing document was served on the counsel listed below in the manner indicated:

**BY E-MAIL**

Dominick T. Gattuso
HEYMAN ENERIO GATTUSO
& HIRZEL LLP
300 Delaware Ave., Suite 200
Wilmington, DE 19801
dgattuso@hegh.law

John W. Shaw
Andrew E. Russell
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
jshaw@shawkeller.com
arussell@shawkeller.com
skRockwell@shawkeller.com

Matthew M. Welch
ALSTON & BIRD LLP
One South at The Plaza
101 South Tryon Street
Suite 4000
Charlotte, NC 28280
matt.welch@alston.com

Neal J. McLaughlin
Paul Tanck
Christopher L. McArdle
Andrew J. Ligotti
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
neal.mclaughlin@alston.com
paul.tanck@alston.com
chris.mcardle@alston.com
andy.ligotti@alston.com

Joshua M. Weeks
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Suite 4900
Atlanta, GA 30309
joshua.weeks@alston.com


YOUNG CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Pilar G. Kraman*
Pilar G. Kraman (No. 5199)
Alexis N. Stombaugh (No. 6702)
Maliheh Zare (No. 7133)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
pkraman@ycst.com
astombaugh@ycst.com
mzare@ycst.com
*Attorneys for Defendant*