IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCKWELL AUTOMATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> PARCOP S.R.L. d/b/a WIAUTOMATION, <br><br> Defendant. | C.A. No. 21-1238-GBW-JLH |

# ORDER

Presently before the Court is Parcop S.R.L. d/b/a WiAutomation's ("WiAutomation" or "Defendant") Motion for Reargument or Clarification (D.I. 316, "Defendant's Motion"). After careful consideration of Defendant's Motion and the accompanying briefing (D.I. 316; D.I. 320), the Court denies Defendant's Motion.

## I. LEGAL STANDARDS

Motions for reconsideration are governed by Delaware Local Rule 7.1.5. *See, e.g., Helios Software, LLC v. Awareness Techs., Inc.*, C.A. Nos. 11-1259-LPS & 12-081-LPS, 2014 WL 906346, at *1 (D. Del. Mar. 5, 2014). The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (internal quotation marks and citation omitted). While the decision to grant a motion for reconsideration is within the discretion of the district court, *see Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990), such motions are "sparingly granted." D. Del. L.R. 7.1.5; *see also TQ Delta LLC v. Time Warner Cable Inc.*, C.A. No. 15-615-RGA, D.I. 540 (D. Del. Nov. 22, 2022). "These types of motions are granted only if

1

the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension." *AgroFresh Inc. v. Essentiv LLC*, C.A. No. 16-662-MN, 2019 WL 2745723, at *1 (D. Del. July 1, 2019) (citations omitted). "A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." *Smith v. Meyers*, C.A. No. 9-814-JJF, 2009 WL 5195928, at * 1 (D. Del. Dec. 30, 2009) (citation omitted). "A party may seek reconsideration only if it can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice." *AgroFresh*, 2019 WL 2745723, at *1 (citing *Max's Seafood Café*, 176 F.3d at 677).

## II.  DISCUSSION

Defendant argues that the Court should reconsider its July 18, 2023 Order (D.I. 312) discussing the impact of *Abitron Austria GmbH v. Hetronic International, Inc.*, C.A. No. 21-1043, 2023 WL 4239255 (U.S. June 29, 2023) ("*Hetronic*") on the present litigation, because the Court "appears to have overlooked a significant portion of the Supreme Court's opinion in [*Hetronic*], and WiAutomation's arguments concerning same." D.I. 316 at 1.

Reconsideration is not warranted here. First, Defendant's Motion rehashes arguments raised previously. *Compare* D.I. 309 at 3 ("The [Supreme] Court made it abundantly clear that foreign conduct **cannot** be used to prove a likelihood of confusion in the U.S.") (emphases in original) (citing *Hetronic*, at *7-9), *with* D.I. 316 at 1 ("the *Hetronic* decision held that a plaintiff cannot use foreign conduct to show a likelihood of confusion in the United States") (citing *Hetronic*, at *7-9). This alone is grounds to deny Defendant's Motion. *Shering Corp. v. Amgen*,

*Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998) (holding the "grant of reargument should be denied where the proponent simply rehashes materials and theories already briefed, argued and decided.").

Second, Defendant (again) misreads the holding of *Hetronic*. Defendant takes issue with the Court not addressing the "Supreme Court's analysis of whether foreign conduct can be used to show a likelihood of confusion." D.I. 316 at 2. Defendant appears to be confusing the majority and concurrence's opinions. The majority and concurrence in *Hetronic* dispute the proper "focus" of the Lanham act: use in commerce, as the majority concludes, or likelihood of confusion, as the concurrence proposes. The majority opinion stated that the concurrence's approach regarding the proper "focus" analysis—that "the Lanham Act extends to activities carried out abroad when there is a likelihood of consumer confusion in the United States," *Hetronic*, at *11—"is wrong, and it would give the Lanham Act an untenably broad reach that undermines our extraterritoriality framework" and concluded that the "'use in commerce' is the conduct relevant to any potential focus of" the Lanham Act, *id.* at *7. To reiterate and as this Court previously found, the majority in *Hetronic* concluded that the Lanham Act "extend[s] only to claims where the claimed infringing *use in commerce* is domestic." *Id.* at *2 (emphasis added); *see also* D.I. 312 at 3-4.[1] It is also worth noting that the majority and concurrence agreed that "a permissible domestic application can occur even when some foreign activity is involved in the case." *Hetronic*, at *7 (internal quotation marks and citation omitted).

Third, again, the Court finds that *Hetronic* does not bar Rockwell's intended use of the foreign conduct in the present litigation. *See id.* at *7 ("When a claim involves both domestic and foreign activity, the question is whether 'the conduct relevant to the statute's focus occurred in the

---

[1] Moreover and as noted by Plaintiff Rockwell Automation, Inc. ("Rockwell" or "Plaintiff"), it appears that Defendant's argument primarily relies "on the *Hetronic* majority's response to the concurring opinion." D.I. 320 at 2 (citing D.I. 316 at 3).

3

United States. If that conduct . . . occurred in the United States, then the case involves a permissible domestic application of the statute even if other conduct occurred abroad.'") (citation omitted). Rockwell claims that WiAutomation has admitted that its U.S. and foreign inventory pools "are all together." D.I. 311 at 4 (citing D.I. 311-2, Ex. 2 at 8:16-19, 34:4-35:2); *see also* D.I. 312 at 5; D.I. 320 at 3-4. As a result, Rockwell intends to introduce evidence of Defendant's sales in Europe of Rockwell-branded products as "circumstantial evidence of WiAutomation's counterfeit sales to U.S. customers." D.I. 311 at 4; *see also* D.I. 312 at 5; D.I. 320 at 3-4.

Defendant opposes Rockwell's intended use of the European sales as "circumstantial evidence" and claims that *Hetronic* bars Rockwell from relying on the foreign conduct as circumstantial evidence in the present action for any conduct in the United States. The Court finds that *Hetronic* does not go so far as to bar Rockwell from introducing evidence of the European sales for the limited evidentiary purpose of attempting to prove that the characteristics or marks on the goods sold by Defendant in Europe have the same characteristics or marks as those sold by Defendant in the United States given, as Defendant has allegedly admitted, the sales in the United States come from the same inventory as the sales made by Defendant in Europe. Under the circumstances of this case, the fact of commonality of inventory is probative and can be determined irrespective of the separate question of whether the sales made by Defendant in Europe are/were infringing, likely to cause confusion in the United States, or otherwise improper. If need be, the Court can properly instruct the jury to avoid any improper findings or other dangers given *Hetronic*.[2]

---

[2] Given that the issue involves potential evidence that Rockwell may decide to use or not use during trial, the specifics of any potential limiting instruction cannot be determined until the actual evidence is proffered.

4

Fourth, Defendant's request for clarification regarding damages, D.I. 316 at 4, is moot as Rockwell states that it is not seeking monetary damages for any of Defendant's alleged European counterfeit sales nor is it seeking disgorgement based on foreign conduct. D.I. 320 at 4.

Defendant's Motion is a classic attempt at a "second bite at the apple." Defendant's Motion simply rehashes previously briefed and decided issues. Furthermore, Defendant has failed to show an intervening change in controlling law, any new evidence that was not previously available, or a clear error of law that would result in a manifest injustice. *See Max's Seafood Café*, 176 F.3d at 677.

### III. CONCLUSION

For the foregoing reasons, the Court denies Defendant's Motion.

\*\*\*

WHEREFORE, at Wilmington this 21st day of July, 2023, **IT IS HEREBY ORDERED** that Defendant's Motion for Reargument or Clarification (D.I. 316) is **DENIED**.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE