IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCKWELL AUTOMATION, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PARCOP S.R.L. d/b/a )<br>WIAUTOMATION, )<br>)<br>Defendant. ) | C.A. No. 21-1238-GBW-JLH |

# JOINT STATUS REPORT

Pursuant to the Court's July 31, 2023 Oral Order (D.I. 337), the parties hereby submit a proposed form of judgment, with any disputes identified, and set forth below their proposals regarding how the case should proceed and identify the post-trial motions each party intends to file.

**I.      Proposed Form of Judgment**

A proposed form of judgment is attached as Exhibit A. The parties' disputes are summarized below.

**Rockwell's Position:**

The jury rendered its verdict after having been appropriately instructed regarding all of the claims at issue and the damages available in connection with each. The form of the attached judgment tracks that used by Judge Noreika in

*Gavrieli Brands LLC v. Soto Massini (USA) Corp., et al.*, C.A. No. 18-462-MN, D.I. 149 (D. Del. May 13, 2019).

The jury found for Rockwell on a mixture of Federal and Delaware state claims based on different conduct with regard to different products. For example, Rockwell presented substantial evidence of gray market trademark infringement (and thus false designation of origin, unfair competition, and deceptive trade practices) based on non-counterfeit sales by WiAutomation of goods bearing Rockwell's trademarks that were used, decades old and otherwise materially different from Rockwell's authorized goods. As another example, the jury was instructed that WiAutomation's "represent[ation] that goods are original or new if they are deteriorated, altered, reconditioned, reclaimed, used, or secondhand" established liability under the Delaware Deceptive Trade Practices Act. D.I. 335 at §2.6(6). WiAutomation's willful counterfeiting was a separate illegal act. *See also Brookfield Communs., Inc. v. W. Coast Entm't Corp.*, 1999 U.S. Dist. LEXIS 23244, *8-9 (C.D. Cal. Nov. 12, 1999) (Permitting plaintiff "to receive damages awards for both federal trademark infringement and unfair competition under state or federal law."). The jury's monetary awards do not constitute double recovery.

WiAutomation's new objections to awards given to Rockwell by the jury should have been raised in connection with the instructions given to the jury, but were not. Nevertheless, the post-trial motion process is the appropriate avenue for

WiAutomation to argue that it did not waive its objections and that the jury's verdict and accompanying monetary awards should be modified in some way.

**WiAutomation's Position:**

Paragraph 6 of Rockwell's Proposed Judgment should not be entered in full because [i] the Court will decide whether disgorgement of profits is appropriate as part of post-trial motions; [ii] Rockwell cannot recover both compensatory damages and statutory damages under the Lanham Act; and [iii] Rockwell cannot obtain a double recovery through an award of both statutory damages under the Lanham Act and punitive damages under state law.

WiAutomation is not raising any dispute that it should have, or could have, raised in connection with the final jury instructions. The Lanham Act provides that "the plaintiff may elect" to recover either compensatory damages or statutory damages "at any time before final judgment is rendered by the trial court." 15 U.S.C. § 1117(c). This involves a question for Rockwell, not the jury. Since the jury is not permitted to elect which damages Rockwell receives, there was no need to instruct the jury on these issues. Further, Rockwell was not required to make this damages election before the jury rendered its verdict; it must make the election before judgment is entered. Thus, WiAutomation is appropriately raising these issues now, when Rockwell's time to make its damages election is coming to a close.

   i. **<u>Disgorgement of profits</u>**: Per the Court's order on July 26, 2023 (Tr. 203:4-19), the Court allowed disgorgement to go to the jury in an advisory capacity under Fed. R. Civ. P. 39(c).  The Court will decide whether disgorgement should be granted to Rockwell, not merely what amount should be awarded, upon the filing of a post-trial motion.  Rockwell's proposed judgment on disgorgement of profits (¶ 6) should be deleted.

   ii. **<u>Statutory damages and compensatory damages</u>**: Rockwell cannot recover both compensatory damages and statutory damages under the Lanham Act.  A prevailing plaintiff can recover either compensatory damages under § 1117(a) **or** statutory damages under § 1117(c).  *See* 15 U.S.C. § 1117(a), (c).  Indeed, § 1117(c) explicitly states that "a plaintiff may elect . . . **instead of actual damages and profits under subsection(a), an award of statutory damages . . . .**" 15 U.S.C. § 1117(c) (emphasis added).

  Courts have repeatedly held that a plaintiff cannot recover both compensatory damages and statutory damages under the Lanham Act.  *Covertech Fabricating, Inc. v. TVM Bldg. Prod., Inc.*, 855 F.3d 163, 176 (3d Cir. 2017) ("The Lanham Act provides two alternatives for calculating damages: either an award subject to principles of equity that turns on evidence of the defendant's sales and profits or, alternatively, statutory damages . . . , as the court considers just.") (first citing 15 U.S.C. § 1117(a), then citing *id.* § 1117(c)).  *See also Chanel, Inc. v. Matos*, 133

F.Supp.3d 678, 687 (D.N.J. 2015) ("In actions involving the use of counterfeit marks, the Lanham Act permits the plaintiff, as here, to elect to recover an award of statutory damages, rather than actual damages and profits."); *Luxottica Grp., S.p.A. v. Shore Enuff*, 2019 WL 4027547, at *6 (D.N.J. Aug. 27, 2019) ("plaintiff cannot recover under both 15 U.S.C. § 1117(a) and § 1117(c)."); *Nike Inc. v. Variety Wholesalers, Inc.*, 274 F.Supp.2d 1352, 1374 (S.D. Ga. 2003), *aff'd*, 107 F. App'x 183 (11th Cir. 2004) (giving the plaintiff deadline to elect the award of statutory damages under § 1117(c) or the award of compensatory damages under § 1117(a)).

Rockwell must choose between statutory and compensatory damages even though its claims were based on different theories of infringement. The statutory damages provision applies to "a **case** involving the use of a counterfeit mark," not solely to a claim involving a counterfeit mark. 15 U.S.C. § 1117(c). Rockwell, therefore, cannot pursue statutory damages for one theory on infringement, and compensatory damages for other theories. *See Coach, Inc. v. Cosm. House*, 2011 WL 1211390, at *7 (D.N.J. Mar. 29, 2011). In *Coach*, the Court declined to award additional damages after the plaintiff elected to receive statutory damages for "trademark counterfeiting **and infringement**." *Id.* at *7 (emphasis added) ("Coach is not entitled to a double recovery on its claims.")

Rockwell does not cite a single case where the Court awarded both statutory damages and compensatory damages. Further, even assuming Rockwell is entitled

5

to compensatory damages for infringement in addition to statutory damages (it is not), the jury did not specify that it found WiAutomation liable for infringement based on any theory besides counterfeiting. To the contrary, the jury's finding that WiAutomation was not liable for false advertising demonstrates that the other findings were tied to counterfeiting.

Rockwell's proposed order does not track the order entered by Judge Noreika in *Gavrieli Brands LLC v. Soto Massini (USA) Corp., et al.*, C.A. No. 18-462-MN, D.I. 149 (D. Del. May 13, 2019), contrary to Rockwell's assertions above. The *Gavrieli* order solely awarded compensatory damages and the disgorgement of profits, and did not include any statutory damages under the Lanham Act or punitive damages under state law. Rockwell's proposed judgment, on the other hand, includes compensatory damages, statutory damages, and punitive damages. As explained above and below, Rockwell is not entitled to this cumulative, double recovery.

Accordingly, the Court should require Rockwell to elect an award of statutory damages **or** compensatory damages in the judgment.

iii. **Recovery of statutory damages under the Lanham Act and punitive damages under state law**: In light of the jury's finding of willfulness, and the award of increased statutory damages of $2,000,000, Rockwell cannot also recover punitive damages under state law. Specifically, the Lanham Act provides for two

levels of statutory damages in a case involving counterfeit marks. 15 U.S.C. § 1117(c). A plaintiff can recover statutory damages between $1,000 and $200,000 per counterfeit mark per type of goods sold, as the court deems just. 15 U.S.C. § 1117(c)(1). But, if the "court finds that the use of the counterfeit mark was willful," the plaintiff can be entitled to statutory damages of up to $2,000,000" per counterfeit mark per type of goods sold, as the court deems just. 15 U.S.C. § 1117(c)(2). The increased statutory damages for willful counterfeiting, which is up to ten times ordinary statutory damages, is clearly punitive. *Id.*; *see also Chanel, Inc.*, 133 F.Supp.3d at 687 ("In the absence of clear guidelines for setting a statutory damage award, courts have tended to use their wide discretion to compensate plaintiffs, **as well as to deter and punish defendants.**") (emphasis added); *Platypus Wear, Inc. v. Bad Boy Club, Inc.*, 2009 WL 2147843, at *7 (D.N.J. July 15, 2009) ("the purpose of statutory damages [is] to deter willful defendants."). Here, the exceedingly high statutory damages awarded by the jury (an award of nearly seven times WiAutomation's profits) are undoubtedly punitive.

Courts have repeatedly declined to award punitive damages under state law, in addition to Lanham Act statutory damages, to prevent a double recovery. *Church & Dwight Co. v. Kaloti Enters. of Mich.*, 697 F.Supp.2d 287, 293 (E.D.N.Y. 2009) ("Awarding punitive damages [from state law claims] on the facts here would be cumulative since statutory damages awards under the Lanham Act are already

7

intended to take into account the goals of deterrence and punishment[.]"); *Malletier v. Carducci Leather Fashions, Inc.*, 648 F.Supp.2d 501, 506 (S.D.N.Y. 2009) ("The substantial sum [of $400,000] that I previously have recommended as a statutory damages award under the Lanham Act includes a punitive component. Accordingly, Louis Vuitton is not entitled to an additional award under New York law."); *Johnson & Johnson v. Azam Int'l Trading*, 2013 WL 4048295, at *15 (E.D.N.Y. Aug. 9, 2013) (declining to award punitive damages under state law after awarding statutory damages under § 1117(c) based on the same facts).

Rockwell's reliance on *Brookfield Communs., Inc. v. W. Coast Entm't Corp.*, 1999 U.S. Dist. LEXIS 23244, at *8-9 (C.D. Cal. Nov. 12, 1999) is improper because the opinion did not involve an award of statutory damages. *Brookfield* solely concerned an award of compensatory damages under the Lanham Act and punitive damages under state law. In fact *Brookfield* did not reference statutory damages under the Lanham Act or 15 U.S.C. § 1117(c) at all. *Id.* *Brookfield* does not support Rockwell's claim that it can recover both statutory damages under the Lanham Act and punitive damages under state law. To the contrary, the weight of authority outlined above explains that such an award would be an improper double recovery.

Consequently, the Court should not permit Rockwell to recover punitive damages if it elects an award of statutory damages in the judgment.

## II. Post-Trial Motions

The parties currently expect to file one or more post-trial motions on the following issues:

### A. Rockwell

1. A motion under Federal Rules of Civil Procedure 50 and 59 regarding False Advertising;

2. A motion for permanent injunction;

3. A motion seeking an accounting and disgorgement of WiAutomation's additional profit from 2018 to present in an amount to be determined by the Court;

4. A motion seeking enhanced damages;

5. A motion seeking pre- and post-judgment interest; and

6. A motion seeking attorneys' fees and costs.

### B. WiAutomation

1. Motions under Rules 50 and 59 regarding trademark infringement, counterfeiting, false designation of origin, deceptive trade practice, unfair competition, willfulness, and damages; and

2. A motion for remittitur.

## III. Post-Appeal Motions

After appeal, the prevailing party may move for its attorneys' fees and costs. The parties agree, subject to the approval of the Court, that the deadline for the prevailing party to file a motion for attorneys' fees, and any bill of costs, should be

extended to fourteen days after final resolution of the action, including resolution of post-trial motions, final judgment, and any appeal.

### IV.  Post-Trial Motions Length and Briefing Schedule

Per the Court's Oral Order (D.I. 337), with respect to post-trial motions, each side is limited to a combined total of 25 pages of opening briefs, 25 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by either side, no matter how many of such motions are filed.

The parties propose the following competing schedules for post-trial motions and briefing:

**Rockwell's Proposed Schedule For Post-Trial Motions:**

- Filing of post-trial motions and opening briefs:  September 8, 2023
- Answering briefs:  September 29, 2023
- Reply briefs:  October 13, 2023

**WiAutomation's Proposed Schedule For Post-Trial Motions[1] :**

- Filing of post-trial motions:  28 days after entry of judgment
- Opening briefs:  14 days after the filing of post-trial motions
- Answering briefs:  30 days after the filing of opening briefs

---

[1] Rockwell's proposed schedule may extend the deadline for the parties to submit post-trial motions, which is inappropriate under the Federal Rules of Civil Procedure.  Pursuant to Fed. R. Civ. P. 6(b)(2), "[a] court must not extend the time to act under Rule 50(b) and (d), 52(b), (d), and (e), and 60 (b)."  WiAutomation's proposed schedule tracks the language related to the deadlines used in Fed. R. Civ. P. 50 and 59 for the filing of post-trial motions.

10

- Reply briefs:  14 days after the filing of answering briefs

/s/ Andrew E. Russell
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Emily S. DiBenedetto (No. 6779)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street,
12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com
edibenedetto@shawkeller.com

-and-

Dominick T. Gattuso (No. 3630)
HEYMAN ENERIO GATTUSO &
HIRZEL LLP
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7311
dgattuso@hegh.law

*Attorneys for Plaintiff*

OF COUNSEL:
Paul Tanck
Neal J. McLaughlin
Christopher L. McArdle
Andrew J. Ligotti
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
(212) 210-9400

/s/ Alexis Stombaugh
Pilar G. Kraman (No. 5199)
Alexis N. Stombaugh (No. 6702)
Maliheh Zare (No. 7133)
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
pkraman@ycst.com
astombaugh@ycst.com
mzare@ycst.com

*Attorneys for Defendant*

OF COUNSEL:
Bob Kasolas
Eric J. Boden
BRACH EICHLER, LLC
101 Eisenhower Parkway
Roseland, NJ 07068
(973) 403-3139
bkasolas@bracheichler.com
eboden@bracheichler.com

11

Matthew M. Welch
ALSTON & BIRD LLP
One South at The Plaza
101 South Tryon Street
Suite 4000
Charlotte, NC 28280-4000
(704) 444-1000

Joshua M. Weeks
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Suite 4900
Atlanta, GA 30309-3424
(404) 881-7000

Dated: August 4, 2023