IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROCKWELL AUTOMATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1238-GBW-JLH |
| | ) | |
| PARCOP S.R.L. d/b/a | ) | |
| WIAUTOMATION, | ) | |
| | ) | |
| Defendant. | ) | |

**[PROPOSED] ORDER**

Before the Court are Rockwell Automation Inc.'s September 11, 2023 Post-Trial Motions.  Having considered the entire record in this action, the jury's verdict, and the papers submitted by the parties, and good cause having been shown,

IT IS HEREBY ORDERED that:

1.    Rockwell's motion for a permanent injunction is GRANTED. WiAutomation is permanently enjoined as set forth in Appendix A to the Amended Judgment Following Jury Verdict attached hereto as Exhibit 1.

2.    Rockwell's motion for enhanced damages is GRANTED.  The Court finds this case exceptional within the meaning of 15 U.S.C. § 1117(a)

and 6 Del. C. 1953 §2533(b).   Rockwell is awarded trebled compensatory damages in the amount of $3,156,000.

3.   Rockwell's motion seeking disgorgement of WiAutomation's revenue less deductible costs is GRANTED. Rockwell is awarded disgorgement from WiAutomation in the amount of $21,761,933.17.

4.   Rockwell's motion for attorneys' fees and costs is GRANTED. Rockwell is awarded attorneys' fees in the amount of $3,922,209.70 and costs in the amount of $495,068.92 through August, 2023. Rockwell shall submit its motion for additional attorneys' fees and costs, incurred after September 1, 2023, fourteen days after final resolution of the action, including resolution of post-trial motions, final judgment, and any appeal.

5.   Rockwell's motion for pre-judgment interest is GRANTED.  Rockwell is awarded pre-judgment interest in the amount of $1,399,149.99.

6.   Pursuant to 28 U.S.C. § 1961, Rockwell is awarded post judgment interest on all sums awarded herein at a rate of 5.34%, compounded annually, until the judgment is satisfied.

7.   The Court's August 4, 2023 Judgment Following Jury Verdict (D.I. 342) is amended as reflected in the Amended Judgment Following Jury Verdict attached hereto as Exhibit 1.

2

SO ORDERED this _____ day of_____, 2023.

_____
United States District Court Judge

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROCKWELL AUTOMATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 21-1238-GBW-JLH |
| | ) | |
| PARCOP S.R.L. d/b/a | ) | |
| WIAUTOMATION, | ) | |
| | ) | |
| Defendant. | ) | |

**[PROPOSED] AMENDED JUDGMENT FOLLOWING JURY VERDICT**

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, the Court enters this Judgment. By its unanimous verdict on July 28, 2023 (D.I. 338, 339), the jury found Defendant Parcop s.r.l. d/b/a WiAutomation ("Defendant") liable on federal claims of trademark infringement including counterfeiting, false designation of origin and state law claims of deceptive trade practices and unfair competition and that for each of these federal and state law claims Defendant's wrongful conduct was found to be willful.

For monetary awards, the jury found that Rockwell Automation, Inc. ("Plaintiff") was entitled to receive compensatory damages in the amount of $1,052,000.00, statutory damages in the amount of $2,000,000.00 and punitive damages in the amount of $1,000,000.00.

1

Accordingly, and having reviewed Rockwell Automation Inc.'s September 11, 2023 Post-Trial Motions and related briefing, IT IS THEREFORE ORDERED AND ADJUDGED AS FOLLOWS:

1.      Judgment is entered in favor of Plaintiff and against Defendant with respect to willful infringement of Rockwell's trademarks;

2.      Judgment is entered in favor of Rockwell and against Defendant with respect to willful counterfeiting of Rockwell's trademarks;

3.      Judgment is entered in favor of Rockwell and against Defendant with respect to willful false designation of origin;

4.      Judgment is entered in favor of Rockwell and against Defendant with respect to willful deceptive trade practices;

5.      Judgment is entered in favor of Rockwell and against Defendant with respect to willful unfair competition;

6.      Plaintiff is the prevailing party;

7.      This case is exceptional within the meaning of 15 U.S.C. § 1117(a) and 6 Del. C. 1953 §2533(b);

8.      WiAutomation is permanently enjoined as set forth in Appendix A;

9.      Rockwell is hereby awarded $33,734,361.78, comprised of:

a.      Trebled compensatory damages in the amount of $3,156,000,

b.      Statutory damages in the amount of $2,000,000,

c.      Punitive damages in the amount of $1,000,000,

d.      Disgorgement from WiAutomation in the amount of $21,761,933.17,

e.      Rockwell's attorneys' fees in the amount of $3,922,209.70 and costs in the amount of $495,068.92 through August, 2023, and

f.      Pre-judgment interest in the amount of $1,399,149.99;

10.    Rockwell shall submit its motion for additional attorneys' fees and costs, incurred after September 1, 2023, fourteen days after final resolution of the action, including resolution of post-trial motions, final judgment, and any appeal; and

11.    Pursuant to 28 U.S.C. § 1961, Plaintiff is awarded post judgment interest on all sums awarded herein at a rate of 5.34%, compounded annually, until the judgment is satisfied.

SO ORDERED this _____ day of_____, 2023.

_____
United States District Court Judge

3

# **APPENDIX A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ROCKWELL AUTOMATION, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 21-1238-GBW-JLH |
| PARCOP S.R.L. d/b/a WIAUTOMATION, | ) ) ) | |
| Defendant. | ) ) ) | |

**[PROPOSED] ORDER GRANTING INJUNCTIVE RELIEF**

Before the Court in this trademark infringement, counterfeiting, false advertising, false designation of origin, deceptive trade practices and unfair competition action is a proposed Order for injunctive relief against Defendant Parcop S.R.L. d/b/a WiAutomation ("WiAutomation" or "Defendant"). On July 28, 2023, after a five-day trial, the jury rendered a unanimous verdict finding WiAutomation liable for willful trademark infringement, willful counterfeiting, willful false designation of origin, willful deceptive trade practices under Delaware state law, and willful unfair competition under Delaware common law. D.I. 339. The jury awarded disgorgement of Defendant's profits as well as statutory, compensatory, and punitive damages to Plaintiff Rockwell Automation, Inc. ("Rockwell"). *Id.*

**The Court having reviewed** the jury verdict and Rockwell Automation Inc.'s September 11, 2023 Post-Trial Motions and related briefing,

**It is hereby ORDERED** that Defendant and its officers, agents, servants, employees and attorneys, and all persons acting in concert and participation with Defendant are hereby **PERMANENTLY RESTRAINED AND ENJOINED** from:

a. Manufacturing or causing to be manufactured, importing or causing to be imported, advertising, circulation, promoting, distributing, selling or offering to sell goods or services using the asserted trademarks owned by Rockwell, ALLEN-BRADLEY®, A-B®, ROCKWELL AUTOMATION®, and/or

CONTROLLOGIX® (the "Marks"), or any non-genuine or unauthorized copy of the Marks, a mark that is substantially indistinguishable from the Marks;

b. Imitating, copying, or making unauthorized use of the Marks or any marks confusingly similar thereto;

c. Using the Marks, or any non-genuine or unauthorized copy of the Marks, or a mark that is substantially indistinguishable from the Marks, in connection with the sale of any goods;

d. Using any word, description, term, name, symbol, phrase, advertisement, promotion, logo and/or layout that may falsely designation the origin of goods or services of Defendant offered for sale or sold via:

> any means, or any brick-and-mortar business or store, or any website, including but not limited to Defendant's website in the United States or accessible in the United States, or any e-commerce trade conducted on a social media website,

as being sponsored by, authorized by, endorsed by, affiliated with, or in any way associated with Rockwell;

e. Using any word, description, term, name, symbol, phrase, advertisement, promotion, logo and/or layout that may cause confusion as to Defendant's affiliation, connection, or association with Rockwell;

f. Using any word, description, term, name, symbol, phrase, advertisement, promotion, logo and/or layout that may cause confusion as to endorsement or approval by Rockwell of the goods or services of Defendant;

g. Using any word, description, term, name, symbol, phrase, advertisement, promotion, logo and/or layout that mispresent in advertising the nature, characteristics, qualities, or origin of goods or services of Defendant offered for sale or sold via:

> any means, or any brick-and-mortar business or store, or any website, including but not limited to Defendant's website in the United States or accessible in the United States, or any e-commerce trade conducted on a social media website;

h. Using any reproduction, counterfeit, copy, or colorable imitation of the Marks in connection with the publicity, promotion, sale, or advertising of goods or services of Defendant offered for sale or sold via:

> any means, or any brick-and-mortar business or store, or any website, including but not limited to Defendant's website in the United States or

> accessible in the United States, or any e-commerce trade conducted on a social media website;

i.  Affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation as to origin, including words or other symbols tending to falsely describe or represent any goods or services of Defendant offered for sale or sold via:

> any means, or any brick-and-mortar business or store, or any website, including but not limited to Defendant's website in the United States or accessible in the United States, or any e-commerce trade conducted on a social media website,

as being sponsored by, authorized by, endorsed by, affiliated with, or in any way associated with Rockwell;

j.  Engaging in deceptive trade practices;

k.  Otherwise unfairly competing with Rockwell;

l.  Engaging in any other activity, including the effectuation of assignments or transfers, formation of new entities or associations or utilization of any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above; and

it is **further ORDERED** that:

1. Defendant shall file and serve on Rockwell within thirty (30) days after the entry of this injunction, a written report sworn under oath setting forth in detail the manner and form in which Defendant has complied with the terms of the injunction; and

2. Counsel for Rockwell shall forthwith cause a copy of this Permanent Injunction to be served upon Defendant by regular mail at the last known address of defendant and via electronic notice, or alternatively, by personal service, and to certify, by Affidavit of Service, that counsel for Rockwell has done so.

Date: September ___, 2023                    _____

                                                          THE HONORABLE GREGORY WILLIAMS
                                                          United States District Court Judge