# Exhibit 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCKWELL AUTOMATION, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PARCOP S.R.L. d/b/a )<br>WIAUTOMATION, )<br>)<br>Defendant. )<br>) | C.A. No. 21-1238-GBW-JLH |

**[PROPOSED] ORDER GRANTING INJUNCTIVE RELIEF**

Before the Court in this trademark infringement, counterfeiting, false advertising, false designation of origin, deceptive trade practices and unfair competition action is a proposed Order for injunctive relief against Defendant Parcop S.R.L. d/b/a WiAutomation ("WiAutomation" or "Defendant"). On July 28, 2023, after a five-day trial, the jury rendered a unanimous verdict finding WiAutomation liable for willful trademark infringement, willful counterfeiting, willful false designation of origin, willful deceptive trade practices under Delaware state law, and willful unfair competition under Delaware common law. D.I. 339. The jury awarded disgorgement of Defendant's profits as well as statutory, compensatory, and punitive damages to Plaintiff Rockwell Automation, Inc. ("Rockwell"). *Id.*

**The Court having reviewed** the jury verdict and Rockwell Automation Inc.'s September 11, 2023 Post-Trial Motions and related briefing,

**It is hereby ORDERED** that Defendant and its officers, agents, servants, employees and attorneys, and all persons acting in concert and participation with Defendant are hereby **PERMANENTLY RESTRAINED AND ENJOINED** from:

a. Manufacturing or causing to be manufactured, importing or causing to be imported, advertising, circulation, promoting, distributing, selling or offering to sell goods or services using the asserted trademarks owned by Rockwell, ALLEN-BRADLEY®, A-B®, ROCKWELL AUTOMATION®, and/or

CONTROLLOGIX® (the "Marks"), or any non-genuine or unauthorized copy of the Marks, a mark that is substantially indistinguishable from the Marks;

b. Imitating, copying, or making unauthorized use of the Marks or any marks confusingly similar thereto;

c. Using the Marks, or any non-genuine or unauthorized copy of the Marks, or a mark that is substantially indistinguishable from the Marks, in connection with the sale of any goods;

d. Using any word, description, term, name, symbol, phrase, advertisement, promotion, logo and/or layout that may falsely designation the origin of goods or services of Defendant offered for sale or sold via:

> any means, or any brick-and-mortar business or store, or any website, including but not limited to Defendant's website in the United States or accessible in the United States, or any e-commerce trade conducted on a social media website,

as being sponsored by, authorized by, endorsed by, affiliated with, or in any way associated with Rockwell;

e. Using any word, description, term, name, symbol, phrase, advertisement, promotion, logo and/or layout that may cause confusion as to Defendant's affiliation, connection, or association with Rockwell;

f. Using any word, description, term, name, symbol, phrase, advertisement, promotion, logo and/or layout that may cause confusion as to endorsement or approval by Rockwell of the goods or services of Defendant;

g. Using any word, description, term, name, symbol, phrase, advertisement, promotion, logo and/or layout that mispresent in advertising the nature, characteristics, qualities, or origin of goods or services of Defendant offered for sale or sold via:

> any means, or any brick-and-mortar business or store, or any website, including but not limited to Defendant's website in the United States or accessible in the United States, or any e-commerce trade conducted on a social media website;

h. Using any reproduction, counterfeit, copy, or colorable imitation of the Marks in connection with the publicity, promotion, sale, or advertising of goods or services of Defendant offered for sale or sold via:

> any means, or any brick-and-mortar business or store, or any website, including but not limited to Defendant's website in the United States or

accessible in the United States, or any e-commerce trade conducted on a social media website;

i. Affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation as to origin, including words or other symbols tending to falsely describe or represent any goods or services of Defendant offered for sale or sold via:

any means, or any brick-and-mortar business or store, or any website, including but not limited to Defendant's website in the United States or accessible in the United States, or any e-commerce trade conducted on a social media website,

as being sponsored by, authorized by, endorsed by, affiliated with, or in any way associated with Rockwell;

j. Engaging in deceptive trade practices;

k. Otherwise unfairly competing with Rockwell;

l. Engaging in any other activity, including the effectuation of assignments or transfers, formation of new entities or associations or utilization of any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above; and

it is **further ORDERED** that:

1. Defendant shall file and serve on Rockwell within thirty (30) days after the entry of this injunction, a written report sworn under oath setting forth in detail the manner and form in which Defendant has complied with the terms of the injunction; and

2. Counsel for Rockwell shall forthwith cause a copy of this Permanent Injunction to be served upon Defendant by regular mail at the last known address of defendant and via electronic notice, or alternatively, by personal service, and to certify, by Affidavit of Service, that counsel for Rockwell has done so.

Date: September ___, 2023

_____

THE HONORABLE GREGORY WILLIAMS
United States District Court Judge